**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLOGRAM USA, INC., a Delaware corporation; MUSION DAS HOLOGRAM LIMITED, a corporation organized under the laws of the United Kingdon; and UWE MAASS, an individual,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>PULSE ENTERTAINMENT, INC., a Georgia corporation; JOHN C. TEXTOR, an individual; PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company; DICK CLARK PRODUCTIONS, INC., a Delaware corporation; JOHN BRANCA and JOHN MCCLAIN, Executors of the Estate of Michael J. Jackson; MJJ PRODUCTIONS, INC., a California corporation, and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case No.: 2:14-cv-00772-GMN-NJK<br><br>**ORDER** |

　　　Pending before the Court is the Emergency Motion for Temporary Restraining Order (ECF No. 3) filed by Plaintiffs Hologram USA, Inc., Uwe Maass, and Musion Das Hologram Limited (collectively, "Plaintiffs").  Defendants John Branca, Dick Clark Productions, Inc., MJJ Productions, Inc., John McClain, Prometheus Global Media, LLC, Pulse Entertainment, Inc., and John C. Textor (collectively, "Defendants") filed a Response. (ECF No. 17.)  The Court set a hearing and heard arguments on the Motion on Friday, May 16, 2014, at 2:30 PM. (ECF Nos. 15, 19.)  This order follows.

## I.   BACKGROUND

This case arises from the alleged intentions of Defendants to infringe United States Patent Nos. 5,865,519 and 7,883,212, (the "Asserted Patents") both of which are exclusively licensed by Plaintiff Hologram USA. (Compl. ¶¶ 23, 29.)  Defendants consist of a number of entities and individuals that take part in the production of the annual Billboard Music Awards that will take place on May 18, 2014, at the MGM Grand Hotel & Casino in Las Vegas, Nevada. (*Id.* ¶¶ 9–14.)  Specifically, Plaintiffs allege that Defendants intend to incorporate a performance, using the patented technology, by a Michael Jackson hologram in which the hologram "will reportedly dance across the stage . . . [and] perform one of his 'new' songs." (*Id.* ¶ 26 (quotation marks omitted).)  Because Defendants lack a license to practice the Asserted Patents, Plaintiffs filed this action asserting claims for patent infringement. (*Id.* ¶¶ 33–48.)  In addition, Plaintiffs filed the instant motion requesting that the Court temporarily enjoin Defendants from presenting the alleged performance.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing

irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

### III. DISCUSSION

For the reasons discussed in this Order, the Court finds that Plaintiffs have failed to carry their burden of establishing that they are likely to succeed on the merits of their patent infringement claims and that they are likely to suffer irreparable harm.  Accordingly, the Court cannot issue the requested injunctive relief.

#### A. Likelihood of Success on the Merits

To demonstrate a likelihood of success on the merits, a patentee must show that (1) the patentee will likely prove that the accused infringer infringes the asserted patent; and, (2) the patentee's infringement claim will likely withstand the accused infringer's challenges to the validity and enforceability of the patent. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

In this case, the Court need not reach the second element because Plaintiffs have failed to carry their burden of demonstrating that Defendants likely infringe either of the Asserted Patents.  Plaintiffs must show that they will likely establish that "each and every limitation of a [patent] claim is present, either literally or equivalently, in the accused device." *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.* 279 F.3d 1357, 1365 (Fed. Cir. 2002). However, the Court is completely unable to make such a determination.  Specifically, Plaintiffs

have failed to provide the Court with sufficient information about the accused apparatus to enable the Court to compare any of the claims in the Asserted Patents to the accused apparatus. Furthermore, Defendants deny that the apparatus they intend to employ will infringe the Asserted Patents. For this reason, the Court cannot grant the requested injunctive relief.

### B. Likelihood of Irreparable Harm

Plaintiffs assert that they will suffer irreparable injury in the form of "price erosion, loss of goodwill, damage to reputation, and loss of business opportunities." (Mot. for TRO 9:6–7, ECF No. 3.) The Court well recognizes that these types of injuries may form a basis for a finding of irreparable harm. *See Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1361–62 (Fed. Cir. 2008) (providing cases in which these types of injuries were determined irreparable and incapable of being compensated by money damages). However, simply reciting these categories of injuries cannot result in an automatic finding of irreparable harm.

Here, Plaintiffs attempt to carry this burden by asserting that "Defendants have obviously been able to leverage past and existing infringement of Plaintiffs' patents along with their contacts in the entertainment business to obtain significant projects like the Billboard Music Awards." (Mot. for TRO 13:12–14.) Plaintiffs further contend that "[t]hese projects threaten to put Defendants in a superior marketing position to Plaintiffs." (*Id.* at 13:14–15.) To support this assertion, Plaintiffs rely solely on the Affidavit of Alkiviades David, the majority owner of Plaintiff Hologram USA, Inc., the exclusive licensee of the Asserted Patents in the United States and Canada. (*See generally* David Decl., ECF No. 4.) The Court cannot find that these speculative statements from an interested party are sufficient to carry this burden. *See Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006) ("[A]bsent the presumption of irreparable harm and in light of the arguable sufficiency of monetary damages, Abbott has not established that irreparable harm supports the grant of the injunction.").

Accordingly, the Court concludes that Plaintiffs have failed to provide sufficient evidence that the asserted harms are indeed irreparable. Indeed, Plaintiffs even represented to the Court, during the hearing on this motion, that they possessed an alternative resolution. Thus, even if Plaintiffs had carried their burden of establishing a likelihood of success on the merits, their request for injunctive relief would still fail.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 3) is **DENIED**.

**DATED** this 16th day of May, 2014.

_____
Kent J. Dawson
United States District Judge