GORDON SILVER
Michael N. Feder (NV Bar No. 7332)
Email: mfeder@gordonsilver.com
Jennifer Ko Craft (NV Bar No. 8038)
Email: jcraft@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone:  702.796.5555
Facsimile:   702.369.2666

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Howard Weitzman (to be admitted *pro hac vice*)
  hweitzman@kwikalaw.com
Gregory Korn (to be admitted *pro hac vice*)
  gkorn@kwikalaw.com
Jonathan Steinsapir (to be admitted *pro hac vice*)
  jsteinsapir@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

*Attorneys Specially Appearing
for All Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# SOUTHERN DIVISION

| | |
|---|---|
| HOLOGRAM USA, INC., et al., | Case No. 2:14-cv-00772 |
| Plaintiffs, | **SPECIALLY APPEARING DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED DEPOSITION** |
| vs. | |
| PULSE ENTERTAINMENT, INC., et al., | Trial Date:    None Set |
| Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The law firms of Gordon Silver and Kinsella Weitzman Iser Kump & Aldisert LLP ("Kinsella Weitzman") hereby specially appear to oppose Plaintiffs' request for an expedited deposition of Defendant Pulse Entertainment, Inc. ("Pulse"), as requested in Plaintiffs' Emergency *Ex Parte* Application for Expedited Discovery.[1]

The request for an expedited deposition is premature given that no party has yet been served with process; there is no risk of spoliation of evidence or prejudice given that Plaintiffs inspected the allegedly infringing hologram technology used at the Billboard Music Awards yesterday (per the Court's May 18, 2014 Order); and it is inconsistent with the letter and spirit of the Federal Rules of Civil Procedure and the District of Nevada's Local Rules concerning patent cases. The request for an expedited deposition should be denied, and the deposition of Pulse, and all other relevant witnesses, should occur in the normal course of litigation.

## II. ARGUMENT

### A. Pulse Has Not Yet Been Served and Needs Time to Retain its Own Counsel in this Action Before it is Deposed.

This action was filed on May 15, 2014. Although all Defendants specially appeared on May 16, 2014, to oppose Plaintiffs' application for a temporary restraining order ("TRO"), which was denied, no Defendant has actually been served with the Summons and Complaint. Pulse is therefore not yet a party to this action, and Plaintiffs' request that the Court compel a 30(b)(6) deposition of the

---

[1] No Defendant has been formally served yet. Counsel has only specially appeared for the Defendants (and all defenses under Rule 12 (and otherwise) are reserved). Undersigned counsel will be representing all Defendants in this litigation *other than* Pulse Entertainment and John Textor (and counsel will promptly accept service on behalf of the Defendants who they will be representing if and when Plaintiffs sends a waiver of service form pursuant to Fed. R. Civ. P. 4(d)(3)).

company is premature. No deposition of Pulse should occur until it is formally served.

In any event, an expedited deposition of Pulse would deprive it of an opportunity to retain counsel of its own choosing. The Kinsella Weitzman firm has been lead litigation counsel for the Executors of the Estate of Michael J. Jackson ("the Estate") since shortly after Michael's tragic and untimely death on June 26, 2009. When the Estate first learned about a potential TRO on May 15, 2014, Kinsella Weitzman reached out to counsel for Plaintiffs and advised that it would be representing the Estate, Dick Clark Productions, and Billboard.com.

The papers on Plaintiffs' TRO were thus emailed to Kinsella Weitzman and to Defendant John Textor (presumably for himself and Defendant Pulse Entertainment) at around 1:05 a.m. on Friday, May 16, 2014. The hearing on the TRO was held just over 13 hours later at 2:30 p.m. the same day. In such a short time period, the different Defendants did not have time to obtain their own counsel, to analyze whether and to what extent their interests were aligned, and to consider relevant indemnity and defense obligations the Defendants may have to the other. In light of these circumstances, and the extremely expedited pace of the TRO proceedings, Kinsella Weitzman took the lead on the matter, with Gordon Silver as local counsel, and specially appeared for all Defendants for purposes of opposing the application for a TRO.

Going forward, however, Kinsella Weitzman and Gordon Silver will *not* be representing Defendants Pulse or John Textor. Those Defendants will be obtaining their own attorneys to respond to the Complaint. Pulse is entitled to be prepared for and defended at its deposition by counsel of its own choosing, representing Pulse's interests in this case.

**B.     An Expedited Deposition Is Unnecessary And Unwarranted In Light of the Other Expedited Discovery Ordered by the Court.**

Rule 26(d) of the Federal Rules of Civil Procedure provides that no discovery shall occur until the parties have met and conferred pursuant to Rule 26(f), unless authorized by Court rules, by stipulation, or by Court order. *See* Fed. R. Civ. P. 26(d). Under Rule 30(a)(2), the Court must grant leave to allow depositions to occur sooner than the date prescribed by Rule 26(d) only if "the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time." Fed. R. Civ. P. 30(a)(2)(A)(iii). Here, Plaintiffs do not contend that the relevant officers of Pulse are leaving the country and will be unavailable for examination.

Plaintiffs argued in their ex parte application that expedited discovery was necessary to allow them a fair opportunity to examine the system used at the Billboard awards to create a holographic performance of Michael Jackson. Their concern was "that the equipment Defendants intend to use to display the Michael Jackson hologram . . . will be dismantled and/or removed shortly after its use." (App. at 4:10-12.) Plaintiffs demanded expedited discovery "to preserve *the* evidence critical to the issue of infringement upon which Plaintiffs base their claims for preliminary injunctive relief." (App. at 4:12-13 (emphasis in the original).)

The Court has *already addressed Plaintiffs' concern* about the need "to preserve *the* evidence critical to the issue of infringement." (*Ibid.*) In particular, the Court's May 18, 2014, Order granted Plaintiffs' request for an opportunity to examine the technology that was used to create a hologram of Michael Jackson. A representative of Plaintiffs inspected and videotaped that technology before it was disassembled. Evidence of the system was also preserved by representatives of Pulse, who photographed and videotaped the system as well. Because the allegedly infringing system was documented *by both parties* before it was disassembled, the request for an expedited deposition of a company representative of Pulse makes no

sense. There is no urgency that warrants an exception to the timing for depositions set forth in the Federal Rules.

As the Court did yesterday, other courts have ordered expedited discovery in patent cases in similar circumstances similar. However, those courts have carefully distinguished between document and inspection discovery, on the one hand, and deposition discovery, on the other. For example in *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002), relied upon by Plaintiffs, the district court granted expedited document discovery in order to enable a party to prepare its infringement contentions (similar to the Local Rules' disclosure requirements in patent cases discussed below). *Id.* at 277. In so doing, it noted that the "request directed to Defendants is narrowly tailored … It entails *not*, e.g., a free ranging *deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare*, but existing documents and a physical inspection." *Ibid.* (emphasis added).

This exact reasoning applies here. Pursuant to the Court's order yesterday, Plaintiffs have obtained information which will allow them to prepare infringement contentions consistent with the disclosure requirements in patent cases under the Local Rules of this Court. They should not be permitted, however, to take "a free ranging deposition for which a representative of [Pulse] may not have had sufficient time or information with which to prepare." *Ibid.* Although Plaintiffs attempt to characterize their deposition request as only being directed to "narrow" topics. The very first topic is about as "free ranging" as could be imagined under these circumstances: "The DESIGN of the SYSTEM used to create a hologram-like display of Michael J. Jackson at the BILLBOARD MUSIC AWARDS." (Baker Decl., Ex. B.) As explained below, there is no reason a deposition regarding that topic should go forward before Plaintiffs even identify which claims of the patents are at issue, and why, in a manner consistent with the Local Rules of this Court concerning patent cases. L.R. 16.1-6(a).

## C. An Early Deposition Would be Inconsistent with the Spirit of the Local Rules Concerning Patent Cases.

Finally, there is no justification for allowing Plaintiffs to opt out of this Court's Local Rules concerning patent cases, which require them to particularize their allegations of patent infringement at the commencement of discovery. Local Rule 16.1-6 details the extensive disclosures that a patentee must make at the outset of a patent infringement action. Among other things, Plaintiffs must disclose which *claims* of the two patents-in-suit are allegedly infringed. L.R. 16.1-6(a). The *claims* are the key part of any patent litigation, because they "define the patent owner's property rights." *Hoechst-Roussel Pharmaceuticals, Inc. v. Lehman*, 109 F.3d 756, 759 (Fed. Cir. 1997). The claims thus define the infringement and validity analysis.

Between the two patents-in-suit, there are 33 different claims. Along with identifying which of these 33 claims Plaintiffs allege are infringed by the other Defendants, Plaintiffs must also provide a "chart identifying specifically where each limitation of each asserted claim is found" within the accused products. L.R. 16.1-6(c). They must explain whether the limitations are "literally present or present under the doctrine of equivalents." L.R. 16.1-6(e). Plaintiffs must also identify any of their own products or processes that purportedly practice the asserted patent, including by identifying each patent claim that is practiced by that patent. L.R. 16.1-6(g). Together with these disclosures, Plaintiffs must also produce several categories of key documents relating to the development and patenting of the claimed inventions and the ownership of the asserted patents. L.R. 16.1-7.

Neither Plaintiffs' Complaint nor their moving papers detail their allegations of infringement. Indeed, this was one of the main reasons that the Court denied the application for a TRO: "Plaintiffs must show that they will likely establish that 'each and every limitation of a [patent] claim is present, either literally or equivalently, in the accused device.' However, the Court is completely unable to make such a determination. Specifically, Plaintiffs have failed to provide the Court

with sufficient information about the accused apparatus to enable the Court to compare any of the claims in the Asserted Patents to the accused apparatus." (Order Denying TRO at 3:25-4:2 (internal citation omitted).)

In their Complaint, Plaintiffs identified two patents which they claim to control, but they did not allege *which claims* of the 33 claims in those patents were infringed. They did not allege *how* the elements of the asserted claims are present in the accused system, which was used at the Billboard awards to create a hologram of Michael Jackson. This is exactly why this Court, and many others, have adopted rules specific to patent cases, i.e., to allow accused infringers to have actual notice of what claims are allegedly infringed, and why, so they can prepare a defense. [2]

In their application, Plaintiffs state that "*for the most part*, this discovery does not go beyond that required by the Court's additional pre-discovery disclosure rules for patent cases." (App. at 7:11-13 (emphasis added).) Although this may have been true for the inspection of Pulse's equipment (which already occurred), it is *not* true of a deposition. Moreover, Plaintiffs do *not* explain why *Defendants* should be burdened with a deposition before Plaintiffs even explain which of the 33 claims in their patents are infringed and why. To date, Plaintiffs have provided no such information whatsoever.

Until Pulse and the remaining Defendants have adequate notice of the specifics of Plaintiffs' patent infringement claims, a deposition on the subject of

---

[2] Several district courts in this Circuit and others have similar rules, modeled after the Patent Local Rules of the Northern District of California, which are designed to lessen "the uncertainty and expense associated with patent litigation … [by] requir[ing] early disclosure of infringement contentions." *Yufa v. TSI Inc.*, 2012 WL 3985125 (N.D. Cal. 2012). *See, e.g., Digimarc Corp. v. Signum Technologies Ltd.*, 2001 WL 34043754, *2 (D. Ore. 2001); *McKesson Information Solutions LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 695 (N.D. Ga. 2007); *Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d 884, 887 (E.D. Tex. 2007); *Tritek Techs., Inc. v. United States,* 63 Fed. Cl. 740, 744 n.5 (Ct. Cl. 2005); *Watson Industries, Inc. v. Murata Electronics North America, Inc.*, 2003 WL 23315779, *1 (W.D. Wis. 2003).

1  infringement is unfair and awards Plaintiffs a tactical advantage in the case.
2  *Semitool*, 208 F.R.D. at 277.
3      Simply put, this case should now proceed in the same manner as every other
4  patent case in this district, and depositions of all parties should go forward in the
5  ordinary course under the Federal and Local Rules.

6  **III.   <u>CONCLUSION</u>**

7      For the reasons set forth herein, specially appearing Defendants respectfully
8  requests that the Court deny the ex parte application for an expedited deposition.

10  Dated: May 19, 2014                    GORDON SILVER

12                                         By: /s/ Michael N. Feder
13                                             Michael N. Feder
                                               Attorneys Specially Appearing for All
14                                             Defendants

15  Dated: May 19, 2014                    KINSELLA WEITZMAN ISER KUMP &
16                                         ALDISERT LLP

18                                         By: /s/ Howard Weitzman
19                                             Howard Weitzman
                                               Attorneys Specially Appearing for All
20                                             Defendants

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# CERTIFICATE OF SERVICE

The undersigned, an employee of Gordon Silver, hereby certifies that on the 19th day of May, 2014, she caused a copy of the foregoing **SPECIALLY APPEARING DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED DEPOSITION**, to be served electronically to all parties of interest through the Court's CM/ECF system as follows:

Craig A. Newby, Esq.
McDonald Carano Wilson, LLP
Email:  cnewby@mcdonaldcarano.com

**AND** via email to:

Ryan G. Baker, Esq.
Baker Marquart, LLP
Email:  rbaker@bakermarquart.com

                                            */s/ Kathryn Koehm*
                                            An employee of Gordon Silver

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10386.00001/214972

8

SPECIALLY APPEARING DEFENDANTS' OPPOSITION TO REQUEST FOR EXPEDITED DEPOSITION