# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., et al,<br><br>           Plaintiffs,<br><br>vs.<br><br>PULSE ENTERTAINMENT, INC., et al,<br><br>           Defendants. | Case No. 2:14-cv-00772-GMN-NJK<br><br>ORDER DENYING IN PART MOTION TO EXPEDITE DISCOVERY<br><br>(Docket No. 21) |

Pending before the Court is Plaintiffs' Emergency Motion to Expedite Discovery. Docket No. 21. On May 15, 2014, Plaintiffs initiated the instant case, by filing their Complaint against all Defendants. Docket No. 1. The case centers around Plaintiffs' allegations that Defendants intended to, and later did, infringe certain patents during the holographic performance of Michael Jackson at the Billboard Music Awards on May 18, 2014. *Id.* On May 16, 2014, Plaintiffs filed an Emergency Motion for Temporary Restraining Order. Docket No. 3. That same day, after a hearing before the Court, United States District Judge Kent J. Dawson denied Plaintiffs' motion. Docket No. 20.

On May 18, 2014, Plaintiffs filed the instant motion, asking the Court to allow expedited discovery in two areas. Docket No. 21. In the motion, Plaintiffs expressed their concern that the evidence of the Michael Jackson performance would be destroyed once the equipment used to employ the technology was disassembled and removed after the Billboard Music Awards that night. *Id.*, at 2. Plaintiffs asked the Court to order (1) that Plaintiffs may "physically inspect, photograph and/or videotape the equipment and premises upon which the equipment resides at the Billboard Music Awards" in order to preserve the evidence, *id.*, at 7; and (2) that Plaintiffs may depose Defendant Pulse Entertainment, Inc. on an expedited basis "about four limited and narrow topics pertaining to the design and equipment used" to create the

holographic Michael Jackson performance, "as well as its efforts to preserve relevant evidence and its plans to exploit that same technology in the future." *Id.*, at 8.[1]

That same day, May 18, 2014, the Court granted in part Plaintiffs' motion. The Court ordered that Plaintiffs may inspect and videotape Defendants' technology used to create the holographic performance before it was disassembled or removed from its location as part of the Billboard Music Awards, subject to a protective order. Docket No. 24. Regarding the request for expedited deposition, however, the Court ordered further briefing. *Id*. Defendants have now responded to Plaintiffs' motion, Docket No. 25, and Plaintiffs have replied to Defendants' response. Docket No. 26. The Court has considered the motion, response and reply. Docket Nos. 21, 25, 26. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court denies Plaintiffs' motion as to the request for an expedited deposition.

As stated above, the instant motion was filed on May 18, 2014, three days after the filing of the Complaint that initiated this case. Docket Nos. 1, 21. Subsequently, on May 22, 2014, waivers of service were filed on the docket on behalf of several Defendants. Docket Nos. 27, 28, 29, 30, 31. Therefore, answers to the Complaint are not due until July 19, 2014. *Id*. The Rule 26(f) conference is required to be held within 30 days after the first defendant's answer or appearance. *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears"). The stipulated discovery plan is then due 14 days after the Rule 26(f) conference. *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order").

Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(iii), "[a] party must obtain leave of court ... if the parties have not stipulated to the deposition and ... the party seeks to take the deposition before the time specified in Rule 26(d)...." Rule 26(d)(1) generally provides that discovery may not commence until after the parties have conferred as required by Rule 26(f). The Rule confers discretion on the district court to order

---

[1] Plaintiffs state that they have narrowly tailored their deposition request; however, they fail to inform the Court as to what topics they wish to cover and why those topics satisfy the good cause requirement such that the Court should authorize expedited discovery. *See* Docket No. 21, at 8.

2

expedited discovery upon a showing of good cause. Fed. R. Civ. P. 26(d)(1); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.,* 204 F.R.D. 675, 676 (D. Colo. 2002).

"The burden of showing good cause is on the party seeking expedited discovery." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). *See also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Further, "expedited discovery is not the norm." *St. Louis Group, Inc.,* 275 F.R.D. at 240. District courts have found that expedited discovery is necessary when a party has shown that irreparable harm would occur but for limited expedited discovery. *See Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo., 2008). Expedited discovery may also be appropriate when injunctive relief is sought. *Ellsworth Assoc., v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

Here, Plaintiffs have failed to satisfy their burden. Plaintiffs have not demonstrated that their deposition topics are narrowly tailored to any emergency, or that irreparable harm would occur if the Court did not authorize this deposition in an expedited manner. Further, Plaintiffs' motion for injunctive relief is no longer pending before the Court. Finally, Plaintiffs have failed to show that Defendants will not be prejudiced by expedited discovery.

Accordingly,

**IT IS ORDERED** that the portion of Plaintiffs' motion for expedited discovery (Docket No. 21) that requests an expedited deposition of Defendant Pulse Entertainment, Inc. is **DENIED**.[2]

IT IS SO ORDERED.

DATED: May 27, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In reply, Plaintiffs ask the Court to order Defendants to produce any video, photos or other evidence in their possession of the technology used to create the holographic performance. Docket No. 26, at 5-6. The Court declines to consider this request, as it is improper at this time for several reasons, including that it is raised for the first time in reply. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994) ("serious questions of fairness" arise when a party advances an issue for the first time in reply).