CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone:  (702) 382-5222
Facsimile:  (702) 382-0540

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER (SBN 78166)  *(pro hac pending)*
mdsinger@lavelysinger.com
TODD S. EAGAN (SBN 207426)  *(pro hac pending)*
teagan@lavelysinger.com
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendants Pulse Entertainment Corporation,
Pulse Evolution Corporation and John Textor

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., a Delaware corporation; MUSION DAS HOLOGRAM LIMITED, a corporation organized under the laws of the United Kingdom; and UWE MAASS, an individual, <br><br> Plaintiffs, <br> vs. <br><br> PULSE EVOLUTION CORPORATION, a Nevada corporation; PULSE ENTERTAINMENT CORPORATION, a Delaware corporation; JOHN C. TEXTOR, an individual; DICK CLARK PRODUCTIONS, INC., a Delaware corporation; JOHN BRANCA and JOHN MCCLAIN, Executors of the Estate of | Case No.: 2:14-cv-00772-GMN-NJK <br><br> DEFENDANTS PULSE ENTERTAINMENT CORPORATION, PULSE EVOLUTION CORPORATION AND JOHN TEXTOR'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND 12(b)(3) OR, ALTERNATIVELY: (1) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e) AND, (2) MOTION TO STAY THE ACTION PENDING RESOLUTION OF ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES |

| | |
|---|---|
| 1    Michael J. Jackson; MJJ<br>       PRODUCTIONS, INC., a California<br>2    corporation; MUSION EVENTS LTD., a<br>       United Kingdom private company;<br>3    MUSION 3D LTD., a United Kingdom<br>       private company; WILLIAM JAMES<br>4    ROCK, an individual; IAN<br>       CHRISTOPHER O'CONNELL, an<br>5    individual; and DOES 1 through 10,<br><br>6          Defendants. | **[Filed concurrently with Supporting Declaration of Mark Deem;** **[Proposed] Order]**<br><br>**[FRCP 12(b)(6), 12(b)(13), 12(e)]**<br><br>**(Hearing Requested)** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Pulse Entertainment Corporation, Pulse Evolution Corporation and John Textor (collectively "Defendants") hereby move for an order dismissing Plaintiffs Hologram USA, Inc., Musion Das Hologram Limited and Uwe Maass' (collectively, "Plaintiffs") First Amended Complaint ("FAC"), pursuant to FRCP 12(b)(3), 12(b)(6), and the applicable Local Rules of Court, and request a hearing thereon in Courtroom 7-D of the above referenced Court. This motion is made on the following grounds:

1.     Plaintiffs' First Claim for Relief for Infringement of Patent No. 5,865,519 (the "'519 Patent"), Second Claim for Relief for Infringement of Patent No. 7,883,212 (the "'212 Patent"), Third Claim for Relief for Willful Infringement of the '519 and '212 Patents, Fourth Claim for Relief for Active Inducement of Infringement of the '519 and '212 Patents, and Fifth Claim for Relief for Contributory Infringement of the '519 and '212 Patents, each fail to state a claim upon which relief can be granted against Defendants. Each of the claims for relief against Defendants for direct infringement (claims one, two and three) are based on the <u>same act</u> as the claims for indirect infringement (claims four and five), *i.e.*, infringement of the '519 and '212 patents in connection with a virtual Michael Jackson performance at the 2014 Billboard Music Awards. It is well-established that claims for both direct and indirect patent infringement against a defendant, where based on the same act, are mutually exclusive. Further, Plaintiffs' allegations do not meet the pleading requirements of FRCP 8(a), 8(e) and 10(b).

2.     Venue is improper as to Defendant Textor, who is sued as an individual, because he neither resides nor has a regular and established place of business in this district as required for patent actions under 28 U.S.C. § 1400(b).

3.     Alternatively, Defendants hereby move this Court under FRCP 12(e) for a more definite statement. As fully discussed in Defendants' Memorandum of Points and Authorities submitted herewith, the allegations of the FAC are so vague and ambiguous

MOTION TO DISMISS

1    that Defendants cannot reasonably be required to frame a responsive pleading to the

2    current FAC.

3        4.    Defendants also move, as a form of alternative relief, to stay the action

4    pending resolution of an ongoing arbitration in the London Court of International

5    Arbitration which involves several parties to the instant action (Plaintiff Uwe Maass, and

6    Defendants Ian O'Connell and John Rock) and overlapping issues of fact and law (*i.e.,*

7    rights and assignability of the '519 and '212 patents).  In the event that the arbitration

8    award results in a finding that Maass and Musion Das Hologram Limited do not have the

9    legal capability of issuing a license to third parties such as Hologram USA, Inc., then

10   Defendants contend that Plaintiffs will lack standing to proceed with this action

11   altogether.

12        This motion is made and based on this Notice, the Memorandum of Points and

13   Authorities filed herewith, any matters of which this Court may take judicial notice, all

14   papers on file herein, and on such other arguments and evidence as may be presented at

15   the time of the hearing on this matter.

16        Counsel for Defendants will comply with LR IA 10-2 within 15 days.

17

18   Dated: June 24, 2014                    MARTIN D. SINGER
                                             TODD S. EAGAN
19                                           LAVELY & SINGER
                                             PROFESSIONAL CORPORATION
20

21

22                                           By:  /s/ Martin D. Singer
                                                   MARTIN D. SINGER
23                                           Attorneys for PULSE ENTERTAINMENT
                                             CORPORATION, PULSE EVOLUTION
                                             CORPORATION and JOHN TEXTOR
24

25

26

27

28

MOTION TO DISMISS

## TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................. 1

II.   LEGAL ARGUMENT ........................................................................... 3

    A.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED ...................................................................... 3

        1.   Claims for Direct Infringement and Indirect Infringement
            are Mutually Exclusive When the Claims are Based on
            the Same Act, Requiring Dismissal of Claims 1-5 ............................. 3

        2.   The Active Inducement Claim for Relief Lacks an
            Essential Element ......................................................................... 5

    B.    IMPROPER VENUE ..................................................................... 6

    C.    ALTERNATIVELY, DEFENDANTS REQUEST A STAY OF
        THE ACTION ............................................................................... 8

III.  CONCLUSION ................................................................................... 11

MOTION TO DISMISS

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Artemi Ltd. v. Safe-Strap Co, Inc.*
  947 F. Supp.2d 473 (D.N.J. 2013) ................................................................6

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .......................................................................................3

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1990) .........................................................................3

*C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*
  911 F.2d 670 (Fed.Cir. 1990) ........................................................................6

*Chronicle Publ. Co. v. National Broadcasting Co.,*
  294 F.2d 744 (9th Cir. 1961) .......................................................................10

*Collins Radio Co. v. Ex-Cell-O Corp.,*
  467 F.2d 995 (8th Cir. 1972) .......................................................................10

*Dawson Chemical Co. v. Rohm and Haas Co.*
  448 U.S. 176 (1980) .......................................................................................4

*Harvey v. Joyce,*
  199 F.3d 790 (5th Cir. 2000) .........................................................................9

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*
  84 F.3d 1408 (Fed.Cir. 1996) ........................................................................7

*Iileto v. Glock,*
  349 F.3d 1191 (9th Cir. 2003) .......................................................................3

*Jervis B. Webb Co. v. Southern Systems, Inc.*
  495 F.Supp. 145 (E.D. Mich. 1980) ..............................................................4

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
  342 U.S. 180 (1952) .....................................................................................10

*Landis v. North American Co.,*
  299 U.S. 248 (1936) .....................................................................................10

*Leyva v. Certified Grocers of California, Ltd.,*
  593 F.2d 857 (9th Cir. 1979) .......................................................................10

*Mediterranean Enterps., Inc. v. Ssangyong Corp.*
  708 F.2d 1458 (9th Cir. 1983) .....................................................................10

*Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n,*
  387 F.2d 768 (3d Cir. 1967) ........................................................................10

MOTION TO DISMISS

1 | **TABLE OF AUTHORITIES** (*Con'd*)

2

3 | *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,*
339 F.2d 440 (2d Cir. 1964) ...............................................................................................10

4 | *New Hampshire Ins. Co. v. R.L. Chaides Const. Co., Inc.*
847 F.Supp. 1452 (N.D. Cal. 1994) ......................................................................................4

5

6 | *Picker Int'l, Inc. v. Varian Assocs., Inc.*
661 F.Supp.347 (N.D. Ohio 1987) ........................................................................................4

7 | *Pickholtz v. Rainbow Technologies, Inc.*
260 F.Supp.2d 980 (N.D. Cal. 2003) ....................................................................................4

8

9 | *Piedmont Label Co. v. Sun Garden Packing Co.*
598 F.2d 491 (9th Cir. 1979) ................................................................................................7

10 | *Pryner v. Tractor Supply Co.,*
109 F.3d 354 (7th Cir. 1997) ................................................................................................9

11

12 | *Salameh v. Tarsadia Hotel,*
726 F.3d 1124 (9th Cir. 2013) ..............................................................................................3

13 | *Self v. Fisher Controls Co., Inc.,*
556 F.2d 62 (9th Cir. 1977) ..................................................................................................3

14

15 | *Stanley Works v. Globemaster, Inc.*
400 F.Supp. 1325 (D. Mass. 1975).......................................................................................7

16 | *Stearns v. Tinker & Rasor*
252 F. 2d 589 (9th Cir. 1957) ...............................................................................................4

17

18 | *Subway Equip. Leasing Corp. v. Forte,*
169 F.3d 324 (5th Cir. 1999) ................................................................................................9

19 | *Superior Indus., LLC v. Thor Global Enters*
700 F.3d 1287 (Fed.Cir. 2012) .............................................................................................6

20

21 | *SureSafe Industries, Inc. v. C&R Pier Mfg.*
850 F.Supp. 869 (S.D.Cal. 1993) .........................................................................................4

22 | *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.,*
750 F.2d 1422 (9th Cir. 1985) ..............................................................................................9

23

24 | *Wagner v. Stratton Oakmont, Inc.*
83 F.3d 1046 (9th Cir. 1996) ................................................................................................9

25 | *Warner-Lambert Co. v. Apotex Corp.*
316 F.3d 1348 (Fed.Cir. 2003) .............................................................................................6

26

27

28

MOTION TO DISMISS

1

# TABLE OF AUTHORITIES *(Cont'd)*

2

3

# STATUTES

4

9 U.S.C § 3 .................................................................................................................9

5

28 U.S.C.
     § 1400....................................................................................................2, 7

6

     § 1400(b) ...........................................................................................2, 6, 7
     § 1406 .......................................................................................................7

7

     § 1406(a) .................................................................................................7

8

9

# FEDERAL RULES

10

Federal Rules of Civil Procedure
     Rule 8(a).................................................................................................2, 6

11

     Rule 8(b) ....................................................................................................2
     Rule 8(e).................................................................................................2, 6

12

     Rule 10(b) ..............................................................................................2, 6
     Rule 12(b)(3) .........................................................................................7, 11

13

     Rule 12(b)(6)........................................................................................2,3,11
     Rule 12(e)..................................................................................................11

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2
**I.     INTRODUCTION**

3    As alleged in the First Amended Complaint ("FAC"), this action arises out of the

4  2014 Billboard Music Awards at the MGM Grand, in which a virtual Michael Jackson

5  performed the previously unreleased song, "Slave to the Rhythm."  FAC, ¶3.  The

6  performance was the result of highly-sophisticated digital animation created and

7  developed by Defendant Pulse Entertainment Corporation ("Pulse Entertainment").

8  Plaintiffs Hologram USA, Inc. ("Hologram USA"), Musion Das Hologram Limited

9  ("Musion Das Hologram") and Uwe Maass ("Maass") allege that the virtual Michael

10 Jackson performance was displayed at the 2014 Billboard Music Awards using a

11 projection technique which infringes on two patents owned or controlled by Plaintiffs,

12 including Patent No. 5,865,519 (the "'519 Patent"), and Patent No. 7,883,212 (the "'212

13 Patent"). FAC, ¶¶ 2, 3.

14    The FAC alleges six claims for relief against each of the Defendants Pulse

15 Entertainment, Pulse Evolution Corporation ("Pulse Evolution") and John Textor

16 ("Textor") (collectively, "Defendants") arising out of the virtual Michael Jackson

17 performance at the 2014 Billboard Music Awards, including the First Claim for Relief for

18 Infringement of the '519 Patent, Second Claim for Relief for Infringement of the '212

19 Patent, Third Claim for Relief for Willful Infringement of the '519 and '212 Patents,

20 Fourth Claim for Relief for Active Inducement of the '519 and '212 Patents, Fifth Claim

21 for Relief for Contributory Infringement of the '519 and '212 Patents and Sixth Claim for

22 Preliminary and Permanent Injunction.  FAC ¶¶ 48-91.  Plaintiffs' purported patents

23 relate to a variation on the "Pepper's Ghost" illusion technique which was first conceived

24 hundreds of years ago.  FAC ¶1; Declaration of Mark Deem ("Deem Decl."), ¶2.

25 Defendants submit that Plaintiffs' claims will fail because Defendants did not use, let

26 alone infringe, the obsolete technology covered by the narrowly-drawn and specific '519

27 and '212 patents at the 2014 Billboard Music Awards.

28

By this Motion, Defendants seek dismissal of Plaintiffs' FAC as the first, second, third, fourth and fifth claims for relief for failure to state a claim upon which relief can be granted against them, pursuant to FRCP 12(b)(6).  Each of the claims for relief against Defendants for direct infringement (claims one, two and three) are based on the same act as the claims for indirect infringement (claims four and five), *i.e.*, infringement of the '519 and '212 patents in connection with the virtual Michael Jackson performance at the 2014 Billboard Music Awards.  It is well-established that claims for both direct and indirect patent infringement against a defendant, where based on the same act, are mutually exclusive.  Further, Plaintiffs' allegations do not meet the pleading requirements of FRCP 8(a), 8(e) and 10(b).[1]

Defendant Textor, who is sued individually, also moves pursuant to FRCP 12(b)(3) to dismiss the FAC on the independent grounds that venue is improper in this patent action because he neither resides nor has a regular and established place of business in this district as required for patent actions under 28 U.S.C. § 1400(b).

Defendants also move, as a form of alternative relief, to stay the action.  In the FAC, Hologram USA alleges that it acquired exclusive rights to exploit the '519 and '212 patents directly from Musion Das Hologram and Maass.  FAC, ¶2.  However, the issue of whether Musion Das Hologram and Maass were legally capable of licensing the rights in the first place is currently in dispute in an arbitration pending in London.  Deem Decl., ¶¶2-11.   Parties to this action, including Maass, Ian O'Connell and James Rock, are parties to the London arbitration.  *Id.*  The arbitration award is likely to directly impact Plaintiffs' claim of rights to the '519 and '212 patents.  If the arbitration is decided against Maas, for example, it will directly impact Plaintiffs' standing to proceed with this action altogether, *i.e.*, if it is determined that Musion Das Hologram and Maass simply did not have the right to license the '519 and '212 patents to third parties including

---

[1] Alternatively, Defendants move this Court under FRCP 12(e) for a more definite statement.  Aspects of the allegations of the FAC are so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading to the current FAC.

1  Hologram USA, and that such rights were, in fact, controlled by another unrelated entity,

2  then Plaintiffs will lack standing to sue for patent infringement in the instant action.

3  **II.    LEGAL ARGUMENT**

4          **A.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

5                 **GRANTED**

6        This Court is well-versed in the standards governing dismissal of a Complaint for

7  failure to state a claim upon which relief can be granted.  A motion to dismiss under

8  FRCP 12(b)(6) tests the legal sufficiency of a claim stated in a Complaint.  *Ileto v. Glock,*

9  *Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  The court must decide whether the facts

10  alleged, if true, would entitle the claimant to relief under the law.  Dismissal can be based

11  either on the lack of a cognizable legal theory or the absence of sufficient facts alleged

12  under a cognizable legal theory. See *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696,

13  699 (9th Cir. 1990).  Furthermore, "[t]o survive a motion to dismiss, a Complaint must

14  contain sufficient factual matter, accepted as true, to state a claim to relief that is

15  plausible on its face." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013)

16  quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Bare assertions are insufficient."

17  *Salameh, supra*, 726 F.3d at 1129.

18          **1.    Claims for Direct Infringement And Indirect Infringement Are**

19                **Mutually Exclusive When The Claims Are Based On The Same**

20                **Act, Requiring Dismissal of Claims 1 - 5**

21        Each of the claims for relief against Defendants for direct infringement (claims

22  one, two and three) are based on the same act as the claims for indirect infringement

23  (claims four and five), *i.e.*, infringement of the '519 and '212 patents at the 2014

24  Billboard Music Awards.  Infringement by inducement and contributory infringement

25  constitute "indirect infringement."  It is well-established that claims for both direct and

26  indirect patent infringement against a defendant, where based on the same act, are

27  mutually exclusive.  See *Self v. Fisher Controls Co., Inc.*, 566 F.2d 62, 64 (9th Cir. 1977)

28  ("contributory infringement actions are limited to situations where defendant himself has

not directly infringed the patent by making, using or selling the invention, but has induced someone else to infringe the patent"); *Picker Int'l, Inc. v. Varian Assocs., Inc.,* 661 F.Supp. 347, 350 (N.D. Ohio 1987) ("It is well settled that the doctrine of 'actively inducing infringement' . . . is not available as a separate source of liability against one who is also alleged to be a direct infringer."); *SureSafe Industries., Inc. v. C&R Pier Mfg.,* 850 F.Supp. 869, 873 (S.D.Cal.1993) ("Since plaintiffs have alleged direct infringement, they have no standing to assert inducing or contributory infringement."); see also *Pickholtz v. Rainbow Technologies, Inc.,* 260 F.Supp.2d 980, 989-90 (N.D. Cal. 2003); *New Hampshire Ins. Co. v. R.L. Chaides Const. Co., Inc.,* 847 F. Supp. 1452, 1458 (N.D. Cal. 1994); *Jervis B. Webb Co. v. Southern Systems, Inc.,* 495 F. Supp. 145, 147 (E.D. Mich. 1980).

The contributory infringement doctrine exists to protect patent rights from subversion by those who, without directly infringing the patent themselves, engage in acts designed to facilitate infringement by others.  *Dawson Chemical Co. v. Rohm and Haas Co.,* 448 U.S. 176, 188 (1980).   Contributory infringement of a patent is akin to the tort doctrine of joint tortfeasors and was developed to enable the patentee to secure protection against those who were not direct infringers of his patent and is now limited to situations wherein the alleged contributory infringer was dealing with a nonstaple article which was an integral part of the combination and had no other substantial use.  *Stearns v. Tinker & Rasor,* 252 F.2d 589, 601 (9th Cir. 1957).

The first three claims for direct infringement allege that Defendants infringed the '519 and '212 patents in connection with the virtual Michael Jackson performance at the 2014 Billboard Music Awards.  Similarly, each of the claims for indirect infringement (claims four and five) are based on the same act as the claims for direct infringement, *i.e.,* infringement of the '519 and '212 patents in connection with the virtual Michael Jackson performance at the 2014 Billboard Music Awards.  For example, the Active Inducement claim for relief alleges:

*///*

"74. . . . *The Defendants <u>worked together in secret to create a</u> <u>holographic performance of Michael Jackson which was unveiled to</u> <u>the public on live television at the 2014 Billboard Music Awards.</u> All the Defendants . . . intended to induce each other to infringe the Patents at Issue, so that the awards show and Jackson's newly released album would benefit from a spectacular 'live' performance by Michael Jackson . . .* " FAC, ¶74.

"76. . . . *Textor and Pulse worked with Musion, Rock and O'Connell to <u>provide and operate the Patented Technology that was used to</u> <u>create the Jackson hologram</u> . . . As with Rock, Textor was <u>personally present at the Billboard Music Awards show when the</u> <u>Jackson hologram was aired to a national audience.</u>* " FAC, ¶76.

Likewise, the Contributory Infringement claim for relief alleges that:

"82.   *In particular, based on information and belief, Textor and Pulse worked with Musion, Rock and O'Connell to <u>provide and</u> <u>operate the Patented technology that was used to create the Jackson</u> <u>hologram for the Billboard Music Awards.</u>* " FAC, ¶82.

Moreover, the fourth and fifth claims for relief for indirect infringement incorporate by reference each of the allegations of the first, second and third claims for relief for direct infringement. FAC, ¶¶70, 78.

Because each of the claims for relief for indirect infringement incorporate by reference each of the allegations of the first three claims for relief for direct infringement, and because they also allege that the infringement arises from the same act as the direct infringement claims for relief, *i.e.*, the alleged infringement of the '519 and '212 patents at the 2014 Billboard Music Awards featuring a virtual Michael Jackson performance, Plaintiffs fail to state a claim for which relief can be granted.  Applying the above-referenced authorities, which hold that claims for direct infringement and indirect infringement are mutually exclusive when based on the same act, these claims must be dismissed.

### 2.   The Active Inducement Claim for Relief Lacks an Essential Element

To succeed on a claim of patent infringement on an inducement theory, a plaintiff must prove that the defendant's actions induced infringing acts and that they knew or should have known that their actions would induce actual infringement;  however, that

MOTION TO DISMISS

1  defendants have knowledge of the acts alleged to constitute infringement is not enough.

2  *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003).  In general

3  terms, "[a] person induces infringement . . . by actively and knowingly aiding and

4  abetting another's direct infringement." *C.R. Bard, Inc. v. Advanced Cardiovascular*

5  *Systems, Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990).

6      With respect to the claim for induced infringement in the FAC, Plaintiffs plead no

7  facts identifying <u>whom</u> Moving Defendants allegedly induced to infringe its purported

8  patents.  Accordingly, the FAC fails to plead sufficient facts supporting a patent

9  infringement claim based on induced infringement.  See *Artemi Ltd. v. Safe-Strap Co.,*

10 *Inc.*, 947 F.Supp.2d 473, 480 (D.N.J. 2013) (patentee's conclusory allegation that

11 competitor "actively induced infringement" of its patent was insufficient to state

12 plausible claim for indirect infringement, where patentee pled no facts concerning what

13 competitor allegedly did to induce infringement, or whom it allegedly induced); see also

14 generally *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295–96 (Fed.

15 Cir. 2012) (concluding that the plaintiff's complaint fell "far short of pleading facts

16 necessary to state a plausible claim for either induced or contributory infringement.");

17 See also FRCP 8(a), 8(e) and 10(b).  Here in particular, where each of the 12 Defendants

18 are alleged to have engaged in both direct and indirect infringement of the '519 and '212

19 patents based on the same act, it is impossible to discern whom was induced to infringe

20 by Defendants.  The allegations of the FAC are so vague and ambiguous that Defendants

21 cannot reasonably be required to frame a responsive pleading, and, at the very least

22 Plaintiffs must be ordered to file a more definite statement on this claim.

23      **B.     IMPROPER VENUE**

24      Venue is improper as to Defendant Textor, who is sued individually.  The situs of

25 the district court wherein a patent infringement suit may be brought is subject to 28

26 U.S.C. § 1400(b), which provides:

27 ///

28 ///

1  *"Any civil action for patent infringement may be brought in the*
2  *judicial district where the defendant resides, or where the defendant*
   *has committed acts of infringement and has a regular and established*
3  *place of business."* 28 U.S.C. 1400(b).

4   This section requires that a plaintiff filing an infringement action to establish that

5  defendant has committed acts of infringement and has a regular and established place of

6  business within the district.  It requires more than minimum contacts necessary for

7  establishing personal jurisdiction or for satisfying "doing business" test of general venue

8  provisions of § 1391 of this title.  *Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325,

9  1330 (D. Mass. 1975).   Ordinarily, venue must be satisfied as to each defendant in an

10  action.  *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir.

11  1996).  The plaintiff bears the burden of proof in establishing venue.  *Piedmont Label Co.*

12  *v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  "The district court of a

13  district in which is filed a case laying venue in the wrong division or district shall

14  dismiss, or if it be in the interest of justice, transfer such case to any district or division in

15  which it could have been brought." 28 U.S.C. § 1406(a).  The Federal Rules permit a

16  defendant to raise improper venue by motion pursuant to FRCP 12(b)(3).

17   The FAC does not allege that Textor, an individually-named defendant, resides in

18  Nevada.  Nor does the FAC allege that Textor has a regular and established place of

19  business in Nevada (he does not).  FAC, ¶ 10.  Indeed, the FAC alleges that Textor

20  resides in Florida.  Applying the above-referenced legal authorities, absent allegations

21  that Textor either resides in this district, or, alternatively, that he committed acts of

22  infringement and has a regular and established place in this district (which is not alleged),

23  venue is not proper and this action must be dismissed pursuant to FRCP 12(b)(3) and 28

24  U.S.C. §§ 1400, 1406.  Alternatively, this Court may transfer all or part of this action to a

25  district in which it could have been originally brought against Textor.

26  ///

27  ///

28  ///

7                                     MOTION TO DISMISS

C.     **ALTERNATIVELY, DEFENDANTS REQUEST A STAY OF THE ACTION**

In this action, Hologram USA claims it acquired exclusive rights to exploit the '519 and '212 patents directly from Musion Das Hologram and Maass. FAC, ¶2. However, the issue of whether Musion Das Hologram and Maass were capable of licensing the rights to Hologram USA in the first place is currently in dispute in an arbitration pending in London. Deem Decl., ¶¶2-11.

Last year, contractual arbitration was commenced before the London Court of International Arbitration ("LCIA") involving parties to this action (O'Connell, Rock and Maass) to determine the scope and extent of exploitation rights to the '519 and '212 patents. Deem Decl., ¶¶2-11. It is proceeding under the terms of an agreement entered into by Rock, O'Connell and Maas dated June 25, 2007 entitled Heads of Agreement, Reorganization of the Eyeliner Business (the "Eyeliner Agreement"). Deem Decl., ¶5. One of the main purposes of the Eyeliner Agreement is to provide for the joint exploitation of certain intellectual property, including the '519 and '212 patents, throughout the world. Deem Decl., ¶4. In particular, the Eyeliner Agreement provides for the grant of exclusive, perpetual and irrevocable licenses to use the '519 and '212 patents to certain entities, including Musion Events Limited (a non-party to this action). *Id.*

The arbitration hearing, presently scheduled in London over a three-day period beginning July 1, 2014, will determine the extent and scope of the right which Musion Events Limited has to exploit the '519 and '212 patents under the terms of the Eyeliner Agreement. Deem Decl., ¶¶7-10. The right of Musion Events Limited to exploit the '519 and '212 patents is expressed in the Eyeliner Agreement to be exclusive, perpetual and irrevocable, and its rights, assuming they are confirmed by the London arbitration, would directly impact the quality, territorial extent and status of the rights (if any) enjoyed by Musion Das Hologram and Maass to the '519 and '212 patents. Deem Decl., ¶¶7-10. This, in turn, would directly impact the right of Musion Das Hologram and

MOTION TO DISMISS

Maass to license the '519 and '212 patents to Hologram USA in the first place, which goes to the heart of this action and would arguably affect the standing of Plaintiffs to bring the instant action. *Id.* Indeed, if the arbitration determines that Musion Das Hologram and Maass did not have the legal capability to enter into a license agreement with Hologram USA, then Plaintiffs will lack standing to proceed in this action. Accordingly, given the overlap of parties and legal issues pending in the London arbitration, this Court may, in its discretion, stay the instant action until such time as the LCIA issues its award, which would be in the interests of judicial economy. If the arbitration concludes such that Musion Das Hologram and Maass did not hold exploitation rights to the '519 and '212 patents at the time they purportedly granted a license to Hologram USA, then Plaintiffs' claims in this action will fail. Deem Decl., ¶¶7-10.

A party to a lawsuit pending in either state or federal court may seek a stay of the action pending arbitration of one or more issues raised in such litigation. 9 U.S.C. § 3; see *Wagner v. Stratton Oakmont, Inc.* 83 F.3d 1046, 1048 (9th Cir. 1996); *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999). A party who is not a signatory to the arbitration agreement may have standing to seek a stay of the court proceeding pending arbitration between other parties if the arbitration would have an impact on the remaining nonarbitrable claims. *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000). The district court has discretion either to proceed with the nonarbitrable claims or to stay litigation of all claims pending the outcome of the arbitration. *U. S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426 (9th Cir. 1985); *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 361 (7th Cir. 1997).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before

the court.  In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995-1000 (8th Cir. 1972); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n*, 387 F.2d 768, 773 (3d Cir. 1967); *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440 (2d Cir. 1964); *Chronicle Publ. Co. v. National Broadcasting Co.*, 294 F.2d 744 (9th Cir. 1961). See also *Mediterranean Enterps., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (same).

Presently, in London the issue of exploitation rights to the '519 and '212 patents is at issue, which will directly impact Musion Das Hologram and Maass' legal ability to have granted a valid license to Hologram USA.  The arbitration was commenced in 2013 (long before the instant action was filed by Maas, Musion Das Hologram and Holgram USA), and it is expected to be concluded in July 2014, with an award issued 30 days thereafter.  Deem Decl., ¶¶5-11.  In the event that the London arbitration determines that Musion Das Hologram and Maass lacked authority to grant such a license because those rights are subject to the control of a separate entity, Defendants submit that Plaintiffs will lose standing to proceed with this action, which supports issuance of a stay until the London arbitration issues its award.

///

///

///

///

///

///

///

///

MOTION TO DISMISS

III. <u>CONCLUSION</u>

Based on the foregoing, Defendants Pulse Entertainment Corporation, Pulse Evolution Corporation and John Textor respectfully request that this Court dismiss the FAC pursuant to Rule 12(b)(3) and 12(b)(6) for failure to state a claim upon which relief can be granted and improper venue.  Alternatively, Defendants seek a more definite statement pursuant to Rule 12(e), and also to stay the action pending the completion of the arbitration now proceeding before the London Court of International Arbitration.

Dated: June 24, 2014

MARTIN D. SINGER
TODD S. EAGAN
LAVELY & SINGER
PROFESSIONAL CORPORATION


By:   /s/ Martin D. Singer
        MARTIN D. SINGER
Attorneys for PULSE ENTERTAINMENT
CORPORATION, PULSE EVOLUTION
CORPORATION and JOHN TEXTOR

MOTION TO DISMISS