UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., et al., | |
|                 Plaintiff(s), | Case No. 2:14-cv-00772-GMN-NJK |
| vs. | **ORDER** |
| PULSE ENTERTAINMENT, INC., et al., | |
|                 Defendant(s). | |

Pending before the Court is Defendants Pulse Entertainment Corporation, Pulse Evolution Corporation, and John Textor's Motion for More Definite Statement Pursuant to FRCP 12(e). Docket No. 55. The Court has considered Defendants' motion, Plaintiffs' opposition, Plaintiffs' evidentiary objections to the declaration of Mark Deem, and Defendants' reply. Docket Nos. 55, 67, 73, and 83. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion for a more definite statement is hereby **DENIED**.

The motion for more definite statement is made pursuant to Federal Rule of Civil Procedure 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D.Nev. 1984). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *OneBeacon Ins. Co.*

1  *v. Probuilders Specialty Ins. Co.*, 2009 WL 2407705, *4 (D. Nev. Aug. 3, 2009) (quoting *Sagan v. Apple
2  Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D.Cal.1994)). Thus, motions for a more definite statement
3  are disfavored and rarely granted. *See Millenium Drilling Co. v. Beverly House–Meyers Revocable
4  Trust*, 2013 U.S. Dist. Lexis 69716, *8, 2013 WL 2152756, *2 (D.Nev. May 16, 2013) (quoting *Sagan*,
5  874 F.Supp. at 1077).

6  Defendants argue that the claim for induced infringement in the First Amended Complaint
7  (Docket No. 34) is impermissibly "vague and ambiguous" because "Plaintiffs plead no facts identifying
8  whom Moving Defendants allegedly induced to infringe its purported patents." Docket No. 55, at 6
9  (emphasis in original). Defendants assert that, "where each of the 12 Defendants are alleged to have
10 engaged in both direct and indirect infringement of the '519 and '212 patents based on the same act, it
11 is impossible to discern whom was induced to infringe by Defendants." *Id.*, at 6. Defendants request
12 that Plaintiffs "be ordered to file a more definite statement on this claim," but fail to specify the details
13 desired. *Id.*, at 6.

14 In response, Plaintiffs argue that Defendants' motion for more definite statement should be
15 denied because it does not comport with the requirements of Rule 12(e) due to its failure to specify the
16 details desired. Docket No. 67, at 6-7. In reply, Defendants repeat that "Plaintiffs should be ordered
17 to file a more definite statement on this claim," again without stating the details they desire. Docket No.
18 83, at 12. Thus, because Defendants' motion fails to point of the details desired as required under Rule
19 12(e), it is defective and, therefore, the Court **DENIES** Defendants' motion.

20 Moreover, even if Defendants' motion complied with Rule 12(e), the Court finds that Plaintiffs'
21 First Amended Complaint is sufficient to apprise Plaintiffs of the substance of the claim asserted against
22 it. The First Amended Complaint states that "[t]he Defendants worked together in secret to create a
23 holographic performance of Michael Jackson, which was unveiled to the public on live television at the
24 2014 Billboard Music Productions. *All Defendants* – including Jackson Estate, MJJ Productions and
25 Dick Clark Productions- *intended to induce each other* to infringe the Patents At Issue." Docket No.
26 34, at 18 (emphasis added). Specifically, the First Amended Complaint states that Musion, Rock and
27 O'Connell "intentionally induced infringement of the Patents At Issue by having customers sell, offer
28 to sell, use and import into the United States and this Judicial District, and placing into the stream of

1 commerce, the Patented Technology (e.g., "Eyeliner certified flame retardant Foil") with knowledge that such products infringe the Patent At Issue." Docket No. 34, at 18. Further, the First Amended Complaint states that Textor and Pulse intended to induce infringement of the Patents At Issue by "work(ing) with Musion, Rock and O'Connell to provide and operate the Patented Technology that was used to create the Jackson hologram." *Id.*, at 19. Thus, even if Plaintiffs had complied with Rule 12(e), the Court finds that the First Amended Complaint is not so vague or ambiguous that Defendants cannot prepare a response. Accordingly, the motion for more definite statement is hereby **DENIED**.

IT IS SO ORDERED.

Dated: August 26, 2014

_____
Nancy J. Koppe
United States Magistrate Judge