UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., et al., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-00772-GMN-NJK |
| ) | |
| vs. ) | ORDER DENYING JOINT |
| ) | MOTION FOR A PROTECTIVE |
| PULSE EVOLUTION CORPORATION, et al., ) | ORDER |
| ) | |
| Defendant(s). ) | (Docket No. 118) |
| ) | |

Before the Court is the parties' joint motion for entry of a protective order filed on October 3, 2014. Docket No. 118. Defendants concurrently filed the Declaration of Todd S. Eagan in support of the joint motion for entry of a protective order (Docket No. 120). Plaintiffs concurrently filed the Declaration of Scott Malzahn in support of the joint motion for entry of a protective order (Docket No. 119) and their evidentiary objections and motion to strike portions of the Declaration of Todd S. Eagan (Docket No. 121).

The Court begins by reminding the parties that "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug.1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.* The Court also emphasizes its expectations that counsel will better cooperate in the future to resolve discovery-related issues.

. . .

1    The Court hereby **DENIES** without prejudice the parties' joint motion for entry of a protective order (Docket No. 118).  The parties dispute three provisions: "(1) whether an expert must be independent to receive information or documents designated as 'Highly Confidential – Attorneys' Eyes Only'; (2) whether in-house counsel employed by a receiving party may receive information or documents designated as 'Highly Confidential – Attorneys' Eyes Only'; and (3) whether a party should be entitled to publish or publicly disclose deposition transcript and videos." *Id.*, at 2.  On October 23, 2014, Defendants filed a supplemental memorandum (Docket No. 131), the Declaration of Todd S. Egan in support of the supplemental memorandum (Docket No. 132), and a request for judicial notice (Docket No. 133).  Defendants represent that on October 17, 2014, the Florida Court entered an amended order further extending the temporary protective injunction and denying the motion to dissolve the temporary protective order.  Docket No. 131, at 3.  It appears that the parties have not made sufficient efforts to confer since the Florida Court entered the amended order further extending the temporary protective injunction.

    Accordingly, the Court here **ORDERS** the parties to meet and confer, no later than October 30, 2014, regarding a protective order that can be entered in this case.[1]  The Court further **ORDERS** that the parties shall file a proposed protective order for the Court's review no later than November 4, 2014.  To the extent the parties continue to disagree, they shall submit (no later than November 4, 2014) a joint filing: (1) attaching their competing protective orders; and (2) providing any legal authority and/or argument they deem necessary to enable the Court to decide the issues.

IT IS SO ORDERED.

DATED: October 24, 2014

                                                        NANCY J. KOPPE
                                                        United States Magistrate Judge

---

[1] The Court notes that protective orders are fairly routine and almost never require Court intervention.  The Court stresses that the parties must make every effort to resolve any differences regarding the protective order amongst themselves.