CRAIG A. NEWBY (NSBN 8591)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
cnewby@mcdonaldcarano.com

RYAN G. BAKER (admitted *pro hac vice*)
BAKER MARQUART LLP
10990 Wilshire Boulevard
Fourth Floor
Los Angeles, CA 90024
Telephone: 424.652.7800
Facsimile: 424.652.7850
rbaker@bakermarquart.com

*Attorneys for Plaintiffs*
*Hologram USA, Inc., Musion Das Hologram*
*Limited and Uwe Maass*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLOGRAM USA, INC., a Delaware corporation; MUSION DAS HOLOGRAM LIMITED, a corporation organized under the laws of the United Kingdom; and UWE MAASS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PULSE EVOLUTION CORPORATION, a Nevada corporation; PULSE ENTERTAINMENT CORPORATION, a Delaware corporation; JOHN C. TEXTOR, an individual; DICK CLARK PRODUCTIONS, INC., a Delaware corporation; JOHN BRANCA and JOHN MCCLAIN, Executors of the Estate of Michael J. Jackson; MJJ PRODUCTIONS, INC., a California corporation; MUSION EVENTS LTD., a United Kingdom private company; MUSION 3D LTD., a United Kingdom private company; WILLIAM JAMES ROCK, an individual; IAN CHRISTOPHER O'CONNELL, an individual; and DOES 1 through 10,<br><br>Defendants. | **Case No.:** 2:14-cv-00772-GMN-NJK<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

1

Plaintiffs Hologram USA, Inc. ("Hologram USA"), Musion Das Hologram Limited ("MDH") and Uwe Maass (collectively, "Plaintiffs") hereby submit their Motion for Leave To File Documents Under Seal. Plaintiffs request that the Court enter an order allowing Plaintiffs to file the Asset Sale Agreement between Musion Systems Limited ("MSL") and MDH, dated September 18, 2013 (the "Asset Sale Agreement"), and the Assignment of Goodwill and Intellectual Property Rights between MSL and MDH, dated September 26, 2013 (the "Assignment"), which are attached as Exhibits A and B to the Declaration of Giovanni Palma in support of Plaintiffs' Motion to Disqualify Larry Brantley and Brantley Intellectual Property Law as counsel (the "Motion to Disqualify") under seal. They also request that an un-redacted version of the Motion to Disqualify containing quotations from the Asset Sale Agreement and the Assignment be filed under seal. Pending the Court's decision on this motion, Plaintiffs have filed a redacted version of the Motion to Disqualify, redacted to protect disclosures of the confidential information contained therein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs seek to file the Motion to Disqualify, Asset Sale Agreement and Assignment under seal. The Court entered a protective order to maintain the confidentiality of confidential and proprietary information, including trade secrets, of parties and non-parties on November 5, 2014. (Dkt. No. 138.)

Plaintiffs have good cause to file the Motion to Disqualify, Asset Sale Agreement and Assignment under seal because these documents contain proprietary, technical, and financial information about MDH's intellectual property portfolio. The public disclosure of this information will reveal sensitive information about MDH's business operations to its competitors that will injure MDH's competitive standing in the holographic effects industry. Finally, MDH seeks leave to file the requested documents under seal because it is obligated to maintain the confidentiality of these agreements pursuant to a confidentiality clause contained within the Asset Sale Agreement.

### II.   ARGUMENT

The standard of review for the court's determination of whether to file a document under seal is dependent upon whether the sealed documents are to be filed in connection a dispositive or non-

1  dispositive motion. A party seeking to file documents under seal in connection with a dispositive
2  motion, such as summary judgment, must convince the court of a "compelling reason" to overcome
3  the presumption of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447
4  F.3d 1172, 1178 (9th Cir. 2006). However, "the usual presumption of the public's right to access" to
5  judicial records is rebutted for a sealed discovery document attached to a non-dispositive motion.
6  *Id.,* at 1179. In the context of non-dispositive motions, a lesser standard of "good cause" showing
7  under Federal Rule of Civil Procedure 26(c) applies. *Id.,* at 1180; see also *Corbello v. Devito* 2010
8  WL 5479893, at *1 (D. Nev. 2010). When a party seeks to file documents under seal in a non-
9  dispositive motion such as this one "[t]he court may, for good cause, issue an order . . . requiring that
10 a trade secret or other confidential research, development, or commercial information not be
11 revealed or be revealed only in a specified way." Fed R. Civ. P. 26(c). Where the "public's right of
12 access is rebutted," the Court has the authority to enter an order sealing or redacting those
13 documents. *Kamakana* 447 F.3d at 1178.

14       The Motion to Disqualify is a non-dispositive motion, thus Plaintiffs need only establish
15 good cause for the Court to enter and order sealing and/or redacting the documents requested. The
16 Asset Sale Agreement and Assignment documents that Plaintiffs seek to file under seal are subject to
17 a confidentiality clause that obligates both MDH and MSL to keep the terms of the agreements
18 confidential. These agreements disclose sensitive, proprietary, and technical information regarding
19 the entirety of the intellectual property portfolio acquired by MDH from MSL. These agreements
20 also disclose sensitive financial information regarding the valuations and purchase price of MDH's
21 intellectual property. The disclosure of the contents of these agreements will reveal the technical
22 details of the research, development, and technical aspects of MDH's intellectual property in a
23 manner that is likely to injure its competitive posture in the holographic effects industry. In addition
24 to the Asset Sale Agreement and Assignment, Plaintiffs request that the court authorize the filing of
25 a redacted Motion to Disqualify, redacted to protect references to the same confidential information
26 contained in the Asset Sale Agreement and Assignment. The Asset Sale Agreement, Assignment,
27 and unredacted version of the Motion to Disqualify have been submitted to the Court under seal
28 pursuant to Local Rule 10-5(b).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs have established good cause to file documents under seal. Accordingly, Plaintiffs request that the Court grant it leave to file a redacted version of the Motion to Disqualify, while filing unredacted version of the same motion, the Asset Sale Agreement and the Assignment under seal.

RESPECTFULLY SUBMITTED this 22nd day of December, 2014.

McDONALD CARANO WILSON LLP

By: /s/ Ryan G. Baker
CRAIG A. NEWBY (#8591)
2300 W. Sahara Avenue, #1200
Las Vegas, Nevada 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
cnewby@mcdonaldcarano.com

RYAN G. BAKER (*pro hac vice*)
BAKER MARQUART LLP
10990 Wilshire Boulevard
Fourth Floor
Los Angeles, CA  90024
Telephone:   424.652.7800
Facsimile:    424.652.7850
rbaker@bakermarquart.com

*Attorneys for Plaintiffs*
*Hologram USA, Inc., Musion Das Hologram*
*Limited and Uwe Maass*