UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., et al., ) | |
| ) Plaintiff(s), ) | Case No. 2:14-cv-00772-GMN-NJK |
| ) vs. ) | ORDER |
| ) PULSE EVOLUTION CORPORATION, et al., ) | (Docket Nos. 167, 168, 169, 178) |
| ) Defendant(s). ) | |

Pending before the Court is a motion to withdraw as counsel for Defendants filed by attorneys Larry Brantley and Martin Welsh. Docket No. 178. Also pending before the Court is Plaintiffs' motion to disqualify Larry Brantley and Brantley Intellectual Property Law as counsel. Docket No. 168. The Court has considered Defendants' motion to withdraw as counsel, Plaintiffs' motion to disqualify, and Defendants' response to the motion to disqualify. Docket No. 178, 168, 177. For the reasons discussed below, Defendants' motion to withdraw as counsel is granted and Plaintiffs' motion to disqualify is denied as moot.

Also pending before the Court is Plaintiffs' motion for leave to file documents under seal. Docket No. 167. The motion seeks to seal Exhibits A and B to the Declaration of Giovanni Palma in support of Plaintiffs' motion to disqualify. The exhibits at issue consist of the Asset Sale Agreement between Musion Systems Ltd. (MSL) and Musion Das Hologram Ltd. (MDH), dated September 18, 2013, and the Assignment of Goodwill and Intellectual Property Rights between MSL

. . .

and MDH, dated September 26, 2013.  For the reasons stated below, Plaintiffs' motion for leave to file documents under seal is granted.

**I.  Motion for Leave to File under Seal (Docket No. 167)**

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010).  A party seeking to file documents under seal bears the burden of overcoming that presumption of public access. *See, e.g.*, *Foltz*, 331 F.3d at 1130.  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Id.*, at 1137.

Plaintiffs' motion for leave to file documents under seal states that the Asset Sale Agreement and the Assignment of Goodwill and Intellectual Property Rights are both subject to confidentiality clauses that obligates both MDH and MSL to keep their terms confidential.  Docket No. 167, at 3. Plaintiffs represent that the documents contain "sensitive, proprietary, and technical information regarding the entirety of the intellectual property portfolio acquired by MDH from MSL." *Id.* Plaintiffs further represent that the disclosure of these documents would "reveal the technical details of the research, development, and technical aspects of MDH's intellectual property in a manner that is likely to injure its competitive posture in the holographic effects industry." *Id.*

The Court has reviewed the Asset Sale Agreement and the Assignment of Goodwill and Intellectual Property Rights, and concludes that they contain information that could injure Plaintiffs' competitive posture in the holographic effects industry, which warrants keeping them sealed at this time.  Further, the Court finds that good cause exists to seal the information which overcomes the presumption of public access, and that the Asset Sale Agreement and the Assignment of Goodwill and Intellectual Property Rights cannot be easily redacted while leaving meaningful information available to the public.

**II. Motion to Disqualify and Motion to Withdraw as Counsel (Docket Nos. 168, 178)**

On December 22, 2014, Plaintiffs filed a motion to disqualify Larry Brantley and Brantley Intellectual Property Law as counsel. Docket No. 168. Plaintiffs assert that Larry Brantley previously represented Plaintiff MDH's predecessor in interest, MSL, in connection with the prosecution of U.S. Patent No. 7,883,212. Docket No. 168, at 3. Plaintiffs represent that, thereafter, MDH acquired substantially all of MSL's assets, including U.S. Patent No. 7,883,212, which is at issue in this case. *Id.* Thus, Plaintiffs argue that Larry Brantley should be precluded from continuing to represent parties directly adverse to MDH in a patent infringement action concerning U.S. Patent No. 7,883,212. *Id.*

Defendants filed their response on January 5, 2015. Docket No. 177. Defense counsel states that he disagrees with Plaintiffs' motion and submits that their analysis is incorrect. Nonetheless, "because it would be unfair to force the Defendants to have to spend time and money litigating [the motion to disqualify] as it is unrelated to the merits of the case, Brantley will voluntarily withdraw as counsel for the Defendants upon this Court's approval to do so." *Id.*, at 3.

On January 7, 2015, Defense counsel filed a motion to withdraw as counsel, stating that "Mr. Brantley, along with local counsel, Martin L. Welsh, agree to voluntarily withdraw from this matter." Docket No. 178, at 2. Defense counsels' motion to withdraw as counsel (Docket No. 178) is hereby granted. Therefore, Plaintiffs' motion to disqualify is moot. No later than January 9, 2015, Defendants' current counsel of record shall serve Defendants with this order and shall file a proof of service.

With respect to Defendants Musion 3D Ltd. and Musion Events Ltd., both United Kingdom private companies, the Court wishes to highlight that corporations may appear in federal court only through licensed counsel. *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Defendants Musion 3D Ltd. and Musion Events Ltd.'s new counsel shall enter notices of appearance no later than February 6, 2015. With respect to Defendant Ian Christopher O'Connell, either his new attorney shall enter a notice of appearance or he shall file a notice of intent to proceed *pro se* no later than February 6, 2015.

. . .

### III.  Conclusion

**IT IS ORDERED** that, for the reasons discussed more fully above and for good cause shown, Plaintiffs' motion for leave to file under seal (Docket No. 167) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to disqualify Larry Brantley and Brantley Intellectual Property Law as counsel (Docket Nos. 168, 169) is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' motion to withdraw (Docket No. 178) is **GRANTED**.  Defendants Musion 3D Ltd. and Musion Events Ltd.'s new counsel shall enter notices of appearance no later than February 6, 2015.  With respect to Defendant Ian Christopher O'Connell, either his new attorney shall enter a notice of appearance or he shall file a notice of intent to proceed *pro se* no later than February 6, 2015.

DATED: January 7, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge