UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Hologram USA, Inc.; Musion Das Hologram Limited; and Uwe Maass,

    Plaintiffs,

vs.

Pulse Evolution Corporation; Pulse Entertainment Corporation; John C. Textor; Dick Clark Productions, Inc.; John Branca and John McClain, executors of the estate of Michael J. Jackson; MJJ Productions, Inc.; Musion Events Ltd.; Musion 3D Ltd.; William James Rock; and Ian Christopher O'Connell

    Defendants.

Case No.: 2:14-cv-0772-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Leave to File a Second Amended Complaint, (ECF No. 157), filed by Plaintiffs Hologram USA, Inc.; Uwe Maass; and Musion Das Hologram Limited ("Plaintiffs"). Defendants John Branca and John McClain, as executors of the estate of Michael J. Jackson; MJJ Productions, Inc.; and Dick Clark Productions, Inc. ("Jackson Defendants") filed a Response in opposition, (ECF No. 160), as did Defendants Pulse Evolution Corporation; Pulse Entertainment Corporation; and John C. Textor, (ECF No. 163). Plaintiffs subsequently filed a Reply, (ECF No. 171).

**I.     BACKGROUND**

This case centers upon allegations that a performance by a holographic projection of Michael Jackson at the Billboard Music Awards on May 18, 2014, infringed upon several of Plaintiffs' patents. In the First Amended Complaint ("FAC"), Plaintiffs claim that they obtained the exclusive rights to patented technology that creates three-dimensional images which are virtually indistinguishable from real performers ("hologram technology") in

1  February 2014. (FAC 2:2-11, 7:7-13, ECF No. 34).  Plaintiffs allege that Defendants
2  approached them in April and May of 2014 seeking to acquire the rights to the hologram
3  technology to create a holographic Michael Jackson performance at the 2014 Billboard Music
4  Awards. (*Id.* at 2:8-13).  Despite Plaintiffs' refusal to license the hologram technology, the
5  award show prominently featured a performance in which a holographic image of Michael
6  Jackson danced, twirled, and moonwalked around the stage to the rhythm of a previously
7  unreleased song. (*Id.* at 8:15-21).  Plaintiffs allege that this performance infringed upon their
8  patents to the hologram technology, and also that Defendants John C. Textor, Pulse Evolution
9  Corporation, Pulse Entertainment Corporation, Musion Events Ltd., and Musion 3D Ltd.
10 ("Pulse Defendants") have since made false statements to numerous media outlets and potential
11 customers that they own the technology used to generate the Michael Jackson hologram. (*Id.* at
12 10:11-13:18).
13      Based on these allegations, the FAC states that Defendants infringed upon two separate
14 patents, U.S. Patent Nos. 5,865,519 ("the '519 patent") and 7,883,212 ("the '212 patent"). (*Id.*
15 at 13:19-15:13).  The FAC also sets forth claims for willful infringement, active inducement,
16 and contributory infringement. (*Id.* at 15:14-20:25).
17      In the instant Motion, Plaintiffs seek leave from the Court to file a Second Amended
18 Complaint ("SAC"). (Mot. to Am., ECF No. 157).  Plaintiffs claim that, during the course of
19 discovery, they learned that they held the rights to a third patent, U.S. Patent No. 8,328,361
20 ("the '361 patent"), whose ownership had previously been fraudulently concealed by
21 Defendants William James Rock and Ian O'Connell. (*Id.* at 6:20-7:17).  Specifically, Plaintiffs
22 allege that the '361 patent is a continuation of the '212 patent, and was assigned in the same
23 series of transactions by which Plaintiffs obtained the rights to the other patents at issue. (*Id*. at
24 7:18-8:19).  Based on these allegations, the Proposed SAC contains additional claims for
25 infringement of the '361 patent.  The Proposed SAC also includes additional allegations and

claims based on acts which occurred after the filing of the FAC, involving the Pulse Defendants' continued public representations of ownership over the technology used to create the Michael Jackson hologram. (*Id.* at 9:3-10:5).  The instant Motion was filed on December 5, 2014, prior to the parties' stipulated deadline for requests to amend the pleadings in this case. (Sched. Ord. 4:4-6, ECF No. 116).

## II. LEGAL STANDARD

### *A.  Leave to Amend Complaint*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

In addition to the Rule 15(a) requirements, the Local Rules of Federal Practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. D. Nev. R. 15-1(a).

### *B.  Leave to Supplement Complaint*

Federal Rule of Civil Procedure 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense."  For an amendment to be permitted pursuant to Rule

15(d), the allegations in the supplemental complaint need not relate to precisely the same transaction or occurrence as the original complaint; it is only required that "some relationship . . . exist[s] between the newly alleged matters and the subject of the original action." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

### III. **DISCUSSION**

Defendants assert that the instant Motion should be denied, arguing that: (1) Plaintiffs' proposed claims regarding the '361 patent are futile; (2) the proposed willful infringement claims are asserted in bad faith; (3) the delay in asserting these additional claims will prejudice Defendants; and (4) the proposed supplemental tort claims are improperly pled and should be asserted in a separate proceeding. The Court will address each of these arguments in turn.

*A.  Futility*

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining whether a proposed amendment is futile, the Court looks to whether it "would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F. Supp. 2d 1192, 1197 (D. Nev. 2010) (citing *Miller,* 845 F.2d at 214).

In this case, Defendants argue that the proposed claims regarding the '361 patent are futile because, contrary to the allegations in the Proposed SAC, Plaintiffs do not actually own the '361 patent, and the Michael Jackson hologram performance did not actually infringe upon this patent. In regard to the latter argument, Defendants refer to the fact that the relevant claims of the '361 patent contain a limitation requiring that the screen upon which the hologram is projected be held by two retention members, at least one of which has an "abrasive coating." (Jackson Defs.' Resp. 8:18-26, ECF No. 160). Defendants argue that the apparatus used during the Michael Jackson performance lacked an abrasive coating, and therefore there was no

infringement of the '361 patent.

The Court finds Defendants' arguments to be premature. By directly refuting the allegations contained in the SAC, Defendants rely on assertions of fact that would be properly raised within a motion for summary judgment. However, the instant Motion requires only that the Proposed SAC contain allegations sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *See KB Home*, 740 F. Supp. 2d at 1197. The Proposed SAC alleges that Plaintiffs were assigned the rights to the '361 patent through a transaction that took place in September 2013. (Proposed SAC 3:20-27, ECF No. 157-1). Further, the Proposed SAC sufficiently alleges that the performance at the Billboard Music Awards and Defendants' subsequent conduct has infringed upon the '361 patent. (*Id.* at 18:21-19:15). Therefore, Plaintiffs have satisfied their burden to include "factual content that allows the court to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court finds that the proposed infringement claims regarding the '361 patent are not futile.

### B.   Bad Faith

Defendants also argue that the Court should deny leave to file the Proposed SAC because the proposed willful infringement claims are asserted in bad faith. In support of this contention, Defendants argue that Plaintiffs lack a factual basis to assert that Defendants had knowledge of the '361 patent, which is necessary to prove that they willfully infringed upon it. This argument directly overlooks the Proposed SAC's allegations that the Pulse Defendants had knowledge of all of the patents at issue because they had licensed the hologram technology in 2012, and that the Jackson Defendants became aware of the patents when they used the technology in a Cirque du Soleil show entitled *Michael Jackson: One* in May 2013. (Proposed SAC 20:7-16). Thus, Plaintiffs have sufficiently alleged that Defendants had the requisite knowledge to willfully infringe upon the '361 patent, and therefore the Court finds that this

1  proposed claim is not asserted in bad faith.

2      *C.*    *Undue Delay*

3      A strong presumption against a finding of undue delay exists when a case is still in discovery. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987). Nonetheless, Defendants assert that Plaintiffs' delay in asserting claims regarding the '361 patent will cause prejudice by requiring entirely new sets of disclosures, an additional prior art search, and more claim construction briefing. (Jackson Defs.' Resp. 12:24-13:5, ECF No. 160).

    While it is true that the addition of the claims regarding the '361 patent will likely require Defendants to expend more effort in preparing their defense, the mere fact that Defendants will be forced to refute a claim does not warrant a finding of undue prejudice. As this case is still in discovery and Plaintiffs' Motion was filed prior to the relevant stipulated deadline, the Court finds that Defendants will not suffer unfair prejudice as a result of the delay in raising these additional claims.

    *D.*    *Supplemental Claims*

    The Pulse Defendants argue that the Court should decline to grant leave for Plaintiffs to file their proposed supplemental claims for Intentional Interference with Prospective Economic Advantage, False Advertising, and Unfair Competition because these claims fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Plaintiffs respond that these claims are not grounded in fraud, and therefore are not subject to the Rule 9(b) standard. However, the Court finds that a determination as to whether these claims are grounded in fraud to be unnecessary, as the Proposed SAC lays out these claims with sufficient particularity to satisfy Rule 9(b).

    Pursuant to Rule 9(b), claims that are grounded in fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations as well as the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.

2007). Here, Plaintiffs have made such allegations in support of their claims. The Proposed SAC alleges that, "On or about September 29, 2014, . . . Defendant O'Connell sent a mass email to many of his contacts in which he falsely claimed that an arbitration decision rendered in the London Court of International Arbitration establishes that . . . Musion Events holds 'exclusive worldwide rights' [to the hologram technology]." (Proposed SAC 15:26-16:10, ECF No. 157-1). The Proposed SAC also alleges that Defendant O'Connell executed an assignment of the '212 patent on May 29, 2013, in a fraudulent attempt to conceal assets. (*Id.* at 14:17-15:3). These allegations are quite specific, stating precise contents of the misrepresentations, the dates the statements were made, and the party who made them. Accordingly, the Court finds that Plaintiffs have satisfied the Rule 9(b) standard with these claims.

The Pulse Defendants also argue that the False Advertising and Unfair Competition claims are futile because they are barred by Nevada's anti-SLAPP statute, Nev. Rev. Stat. § 41.660. Specifically, the Pulse Defendants claim that the attempted assignment of the '212 patent that was recorded with the U.S. Patent and Trademark Office constituted a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern," rendering Plaintiffs' claims invalid. Nev. Rev. Stat. § 41.660. This argument is premature, however, as Nevada's anti-SLAPP statute requires that a party "against whom [an] action is brought" file a special motion to dismiss within sixty after the filing of a complaint. *Id.* at § 41.660(1). Pursuant to this statute, it is the movant who bears the burden of showing that the statute applies. *Id.* at § 41.660(3). Thus, the possibility that Nevada's anti-SLAPP statute could apply in this case is not relevant in determining whether these claims could withstand a motion under Rule 12(b)(6).

Similarly, the Jackson Defendants argue that Plaintiffs should be denied leave to add the supplemental tort claims because these claims are not asserted against all of the Defendants in this action. However, Rule 15(d) does not require that supplemental claims relate to every

named defendant, only that "some relationship . . . exist[s] between the newly alleged matters and the subject of the original action." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  Here, the proposed supplemental claims center upon allegations that certain Defendants falsely represented themselves as owners of the hologram technology—drawing upon the same facts at the center of the patent infringement claims.  Therefore, the Court finds that a relationship exists between the proposed supplemental claims and the previously asserted claims in this case.

Accordingly, the Court will grant Plaintiffs' Motion for Leave to File a Second Amended Complaint.  As the other pending motions in this case relate to the First Amended Complaint, they will be denied as moot.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Leave to File a Second Amended Complaint, (ECF No. 157), is **GRANTED**.  Plaintiffs shall have until February 2, 2015, to file their Second Amended Complaint.

**IT IS FURTHER ORDERED** that the pending Motions to Dismiss (ECF Nos. 54, 81, and 141) and Motion to Stay (ECF No. 56) are **DENIED AS MOOT**.

**DATED** this 23rd day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court