UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| HOLOGRAM USA, INC., et al.,<br><br>        Plaintiff(s),<br><br>vs.<br><br>PULSE EVOLUTION CORPORATION, et al.,<br><br>        Defendant(s). | Case No. 2:14-cv-00772-GMN-NJK<br><br>ORDER GRANTING MOTION TO STAY<br><br>(Docket No. 198) |

Pending before the Court is Defendants Ian Christopher O'Connell, Musion Events Ltd. and Musion 3D Ltd.'s ("Defendants") motion to stay discovery pending resolution of their motion to dismiss for lack of personal jurisdiction and/or improper venue. Docket No. 198. Plaintiffs filed a response and Defendants filed a reply. Docket Nos. 201, 207. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay discovery is **GRANTED** and discovery in this matter shall be stayed as to Defendants Ian Christopher O'Connell, Musion Events Ltd. and Musion 3D Ltd. pending resolution of their motion to dismiss for lack of personal jurisdiction and/or improper venue.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). In determining whether a stay is appropriate, the Court considers the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases. *Id.*, at

602-03.[1]  The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2] Generally speaking, in the context of a pending motion to dismiss challenging personal jurisdiction, courts are more inclined to stay discovery because it presents a "critical preliminary question." *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. LEXIS 53570, *2 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist. LEXIS 146270, 2012 WL 4846152, *2 (D. Nev. Oct. 10, 2012)).  As such, Courts in this District have found that a motion challenging personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013) (quoting *AMC Fabrication, Inc.,* 2013 U.S. Dist. LEXIS 146270, *5-6).

With that distinction in mind, the Court has taken a "preliminary peek" at the pending motion to dismiss.  Plaintiff argues that the exercise of personal jurisdiction is permissible because (1) Defendants claimed credit for the holographic-like projection of Michael Jackson at the 2014 Billboard Music Awards on its website; and (2) James Rock, a director of Musion 3D Ltd. and Musion Events Ltd., personally attended the 2014 Billboard Music Awards and assisted in the rigging of the system used to create the holographic-like projection.  *See* Docket No. 201, at 4-5; *Trump v. Eighth Judicial Dist. Court of State of Nev. In & For Cnty. of Clark*, 109 Nev. 687, 693 (1993).

It appears that Plaintiffs may prevail in opposing the motion to dismiss, but "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome.  *See id.*

1  will see the jurisdictional picture." *AMC Fabrication*, 2012 WL 4846152, at *4.  Because the Court
2  is not convinced that the exercise of personal jurisdiction over Defendants will be found to be proper
3  by the district judge, it is appropriate to stay discovery pending the resolution of the motion to
4  dismiss.  *See id.*

5        Plaintiffs also argue that a complete stay is not warranted because jurisdictional discovery
6  should be allowed.  *See* Docket No. 201, at 5-6.  In opposing the pending motion to dismiss,
7  Plaintiffs have requested that the district judge grant jurisdictional discovery if she finds that the
8  record is not sufficiently developed.  *See* Docket No. 202, at 12-14.  Thus, it is more prudent for the
9  undersigned to defer the question of whether jurisdictional discovery is necessary to the assigned
10 district judge in her determination of the merits of the pending motion to dismiss.  *See AMC*
11 *Fabrication*, 2012 WL 4846152, at *4.

12       For the reasons discussed above, the motion to stay discovery (Docket No. 198) pending
13 resolution of Defendants' motion to dismiss is hereby **GRANTED**.

14       IT IS SO ORDERED.
15       DATED: April 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge