UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOLOGRAM USA, INC., et al., | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-00772-GMN-NJK |
| vs. | ) | ORDER |
| PULSE EVOLUTION CORPORATION, et al., | ) | (Docket Nos. 222, 226) |
| Defendant(s). | ) | |

Pending before the Court is Defendants Ian Christopher O'Connell, Musion Events Ltd. and Musion 3D Ltd.'s motion to be excused from the settlement conference or, in the alternative, to be permitted to participate telephonically. Docket No. 222. The Court has considered Defendants' motion, Plaintiffs' response, and Defendants' reply. Docket Nos. 222, 228, 231. For the reasons discussed below, Defendants' motion (Docket No. 222) is hereby **DENIED**.[1]

Also pending before the Court is Defendants Pulse Evolution Corporation, Pulse Entertainment Corporation, John Textor, and William James Rock's motion to continue the settlement conference or, alternatively, to be excused from the settlement conference. Docket No. 226. The Court has considered Defendants' motion and Plaintiffs' response. Docket Nos. 226, 229. For the reasons discussed below, the Court **GRANTS** Defendants Pulse Evolution Corporation, Pulse Entertainment Corporation, John Textor, and William James Rock's motion to continue the settlement conference. Docket No. 226.

. . .

---

[1] Once the Court sets a new date for the settlement conference, the Court will allow Defendants Ian Christopher O'Connell, Musion Events Ltd. and Musion 3D Ltd. to refile a motion to appear telephonically.

On May 18, 2015, the Court scheduled the mandatory Pre-Claim Construction Settlement Conference for July 6, 2015, and ordered that the parties comply with certain requirements with respect to that settlement conference. Docket No. 221 ("Settlement Conference Order"). Settlement conferences provide an important vehicle for the parties to attempt to resolve their disputes. The Court expends significant time preparing for and conducting them, and takes them very seriously. Settlement conferences are not meaningful absent personal attendance by all individual parties and those with settlement authority. To that end, the Court's Settlement Conference Order provides in relevant part that:

> Unless ordered otherwise, the following individual(s) are **required to be present in person for the duration of the settlement conference**:
>
> 1. All counsel of record who will be participating in the trial;
>
> 2. All parties appearing pro se;
>
> 3. All individual parties;
>
> 4. In the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made; and
>
> 5. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim or last demand.

Docket No. 221, at 1-2 (emphasis in original). Requests for exception to the above personal attendance requirements "**will be strictly scrutinized for a showing of compelling justification**." *Id.*, at 2 (emphasis in original).

Accordingly, the Court **VACATES** the settlement conference set for July 6, 2015. The parties are **ORDERED** to meet and confer and file a stipulation with a set of five mutually agreeable dates for the pre-claim construction settlement conference, no later than June 5, 2015.

IT IS SO ORDERED.

DATED: May 29, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

- 2 -