UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOLOGRAM USA, INC., et al., )
                              )
            Plaintiffs,       )    Case No.: 2:14-cv-0772-GMN-NJK
    vs.                       )
                              )    **ORDER**
PULSE EVOLUTION CORPORATION, et al., )
                              )
            Defendants.       )
                              )

Pending before the Court is the Motion to Dismiss, (ECF No. 196), filed by Defendants Ian Christopher O'Connell ("O'Connell"), Musion Events Ltd. ("MEL"), and Musion 3D Ltd. ("M3D") (collectively, "Moving Defendants"). Plaintiffs Hologram USA, Inc. ("Hologram USA"), MDH Hologram Limited, and Uwe Maass (collectively, "Plaintiffs") filed a Response in opposition, (ECF No. 202), and Moving Defendants filed a Reply, (ECF No. 208).

**I.    BACKGROUND**

This case arises from events that occurred during the May 18, 2014 Billboard Music Awards ("Billboard Music Awards"), where a performance by a "holographic projection" of Michael Jackson allegedly infringed upon several of Plaintiffs' patents. In the Second Amended Complaint ("SAC"), Plaintiffs claim Hologram USA "is the exclusive licensee to the Patents in Suit in the United States" and "Defendants did not obtain a license from Hologram USA or any of the other Plaintiffs to use the patented technology." (SAC 11:7-9, ECF No. 188).

Moving Defendant O'Connell and Defendant William James Rock ("Rock") are the owners and directors of M3D and MEL. (Resp. 2:22, ECF No. 202). Plaintiffs allege that Defendants O'Connell and Rock were responsible for rigging an apparatus used in the Michael

Jackson projection. (*Id.* at 2:22-3:1).  Further, Plaintiffs allege O'Connell, Rock, M3D, and MEL worked with the other Defendants to "produce the holographic projection of Michael Jackson," and later advertised on their website that, "[M3D] was proud to have partnered in the production process." (*Id.* at 3:9-11, 15-18).  Additionally, Rock was present at the Billboard Music Awards, and on the same day the award show took place, Moving Defendant O'Connell stated in an email, "[M3D] has been working on the Michael Jackson Billboard production with [Defendant Pulse] and BGI since January." (*Id.* at 3:11-12, 3:22-4:2).

In the instant Motion, Moving Defendants argue that the claims against them should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or improper venue under Fed. R. Civ. P. 12(b)(3). (MTD 2:2-4, ECF No. 196).  Specifically, Moving Defendants argue they reside in London and Leicester, England, and are not residents of Nevada, therefore it would be unreasonable for the Court to exercise jurisdiction over them. (*Id.* at 10:12-14).  Further, Defendants allege that Rock was not "authorized" as director of M3D to attend the Billboard Music Awards and thus Moving Defendants "are simply not subject to specific jurisdiction in Nevada." (*Id.* at 7:12-14, 9:24-27).

## II. **LEGAL STANDARD**

### A. **Personal Jurisdiction**

Precedent from the United States Court of Appeals for the Federal Circuit controls personal jurisdiction questions in patent infringement cases. 28 U.S.C. § 1295(a)(1); *see Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1292 (Fed. Cir. 2009).  When a personal jurisdiction inquiry is "based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

A court can exercise personal jurisdiction over a foreign defendant "if the relevant

state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). "[A] federal court addressing personal jurisdiction over a defendant approaches such an inquiry by analyzing the long-arm statute and governing principles of the forum state." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410 (Fed. Cir. 2009).

"Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution." *Baker v. Eighth Judicial Dist. Court*, 999 P.2d 1020, 1023 (Nev. 2000). Therefore, the jurisdiction inquiry is reduced to whether exercising personal jurisdiction over the defendant satisfies due process. *Patent Rights Prot. Group, LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010). Further, "[t]he 'constitutional touchstone' of the due process inquiry remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

### B. Venue

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). In patent cases, venue is proper where (1) the defendant resides, or (2) where the defendant has committed infringing acts and has a regular and established place of business. 28 U.S.C. § 1400. Unlike motions for dismissal under Rule 12(b)(6), when considering a motion to dismiss pursuant to Rule 12(b)(3) the Court need not accept allegations contained in a complaint as true, and may properly consider facts and evidence outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). "Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper." *E.g.*, *Omnicell, Inc. v. Medacist Solutions Grp.*, LLC, 272 F.R.D. 469, 472 (N.D. Cal. 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

## III. DISCUSSION

### A. Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment limits the power of a state's courts over defendants who do not consent to jurisdiction. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). Further, the Supreme Court has long held that a court may exercise personal jurisdiction over a corporate defendant that has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specifically, a corporation's presence "can be manifested only by activities carried on in its behalf by those who are authorized to act for it." *Id.*; *see Martinez*, 764 F.3d at 1068.

A court's exercise of jurisdiction over a nonresident defendant may be either general or specific. *See Martinez*, 764 F.3d at 1067 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011)); *see also Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). General jurisdiction allows "a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Martinez*, 764 F.3d at 1066. A court may properly exercise general jurisdiction over a corporation whose contacts with the forum state "are so constant and pervasive as to render it essentially at home" in the state. *Id.* The paradigm bases for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

Specific jurisdiction exists when a case arises out of or relates to the defendant's contacts with the forum. *Martinez*, 764 F.3d at 1066 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). Specific jurisdiction concerns "issues deriving from, or connected with, the very controversy that establishes jurisdiction," and depends on an activity or occurrence that takes place in the forum state. *Goodyear*, 131 S. Ct. at

2851.  Further, a court can exercise specific jurisdiction over a defendant even if the defendant's contacts with the forum are isolated and sporadic. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998).  A single act may support a finding of personal jurisdiction as long as the act creates a "substantial connection with the forum, as opposed to an attenuated affiliation." *Id.*

The Federal Circuit analyzes whether specific jurisdiction exists in a patent infringement case with a three-factor test: whether (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to the defendant's activities with the forum state; and (3) assertion of personal jurisdiction is reasonable and fair. *Electronics For Imaging, Inc.*, 340 F.3d at 1350.  The first two factors relate to the "minimum contacts" requirement from the *International Shoe* analysis, and the third factor corresponds to the "fair play and substantial justice" prong. *Id.*  The plaintiff has the burden of proving the first two requirements of the test, with the burden shifting to the defendant in proving that personal jurisdiction is unreasonable. *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

Here, Plaintiffs argue that their allegations that Defendants infringed "a patented technology to put on a holographic-like performance of Michael Jackson at the [Billboard Music Awards] in Las Vegas" give rise to a *prima facie* showing that the Court has specific personal jurisdiction over Moving Defendants. (Resp. 2:6-9, ECF No. 202).  Moving Defendants counter that, because they were "simply not present at the Billboard Music Awards" during the infringement, and because they are overseas residents in England, "it would be manifestly unfair" for the Court to exercise personal jurisdiction. (MTD 9:13-14, 10:2-3, 12-13).

### 1. "Purposefully directed"

The Court is not persuaded by Moving Defendants' assertion that their acts were not

"purposefully directed" at Nevada.  As Defendant O'Connell stated in his May 18, 2014 email, acting as Director of MEL, "[M3D] has been working on the Michael Jackson Billboard production with [Defendant] Pulse and BGI since January" and "[w]e helped produced [sic] the final film shoot." (Ex. 1 to Resp., ECF No. 202-1).  Furthermore, Rock, a director of M3D and owner of MEL, attended the Billboard Music Awards. (Resp. 6:23-25).  Although Moving Defendants argue that MEL and M3D did not "authorize" Rock to attend the Billboard Music Awards, they do not dispute that Rock was present during Plaintiffs' inspection of Defendants' system after the conclusion of the show. *See* (SAC ¶ 19, ECF No. 188).  Therefore, the Court finds that Plaintiffs have sufficiently shown that Rock acted on behalf of M3D and MEL during the events at issue in this case.

Moreover, M3D acknowledged its purposeful activities in Nevada when it stated, on its own website, that it had partnered with Defendant Pulse Entertainment in the production process of the Michael Jackson projection for the Billboard Music Awards. (Resp. at 6:27-7:2). Although Moving Defendants contend that these statements "have since been deleted" and "were made purely for marketing purposes," (Reply 2:13-14, ECF No. 208), the statements establish a *prima facie* showing that Moving Defendants purposefully directed their activities to Nevada.

        2.    "Arises out of or relates to"

As to the second prong of the personal jurisdiction analysis, the Court must determine whether the patent infringement arises out of or is related to Moving Defendants' alleged contacts with Nevada. *See Electronics For Imaging, Inc.*, 340 F.3d at 1350.  Moving Defendants' contacts include Defendant O'Connell's email acknowledging that M3D been working on the Michael Jackson projection specifically for the Billboard Music Awards, the advertisement on M3D's website concerning the holographic projection, and Rock's attendance at the Billboard Music Awards and presence at the subsequent inspection. *See* (Resp. 6:23-7:2;

Ex. 1 to Resp.). These contacts clearly arise out of the allegedly infringing projection at the Billboard Music Awards. Therefore, the Court holds that Plaintiffs have met their burden of making a *prima facie* showing that Moving Defendants had sufficient contacts with Nevada to establish personal jurisdiction in this case.

### 3. "Reasonable and fair"

Once a plaintiff demonstrates minimum contacts, the burden shifts to the defendant, who "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006); *see Electronics For Imaging, Inc.*, 340 F.3d at 1351. The factors are: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331 (Fed. Cir. 2008).

In weighing reasonableness, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1417 (Fed. Cir. 2009). Yet, the Federal Circuit recognizes that "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Id.* Furthermore, cases where personal jurisdiction is deemed unreasonable are "limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994).

Here, the Court is not persuaded by Moving Defendants' argument that their residence in England renders the exercise of personal jurisdiction to be unreasonable. (MTD 10:12-13; Reply 9:15-17).  Although the Court recognizes that Defendants will be burdened by litigating this case in Nevada, that burden does not outweigh the other factors set forth in *Burger King*. Furthermore, the allegedly infringing act has a substantial connection to the forum, in that the Michael Jackson hologram performance occurred in Nevada.  Therefore, the Court finds that this case does not present a "rare situation" where Nevada's interests are clearly outweighed by the burden of subjecting Moving Defendants to litigation in Nevada. *See Beverly Hills*, 21 F.3d at 1568.

Accordingly, because Plaintiffs have established a *prima facie* case that Moving Defendants have minimum contacts with Nevada that are related to Plaintiffs' claims, and because the exercise of personal jurisdiction over Moving Defendants would not be unreasonable or unfair, the Court finds that the exercise of specific jurisdiction over Moving Defendants is warranted in this case.[1]

**B.   Venue**

In patent cases, venue is proper where (1) the defendant resides, or (2) where the defendant has committed infringing acts and has a regular and established place of business. 28 U.S.C. § 1400.  "[V]enue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Additionally, the Federal Circuit has recognized that "the first test for venue under § 1400(b) with respect to a defendant that is a corporation . . . is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *Id.* at 1584.

---

[1] Because the Court finds that the exercise of specific jurisdiction is warranted, it need not address whether Moving Defendants may be subjected to general jurisdiction in Nevada.

If personal jurisdiction exists, then venue is proper. *See id.* Here, because the Court properly exercises personal jurisdiction over Moving Defendants, venue is also proper. Accordingly, the Court will deny the Motion to Dismiss.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 196), is **DENIED**.

**DATED** this 5th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge