UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA, INC., et al., ) <br> ) <br>                 Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> PULSE EVOLUTION CORPORATION, et al., ) <br> ) <br>                 Defendant(s). ) | Case No. 2:14-cv-00772-GMN-NJK <br><br> **ORDER** |

Pending before the Court is its Order to Show Cause as to why Plaintiff Maass and Plaintiffs' counsel Ryan Baker should not be sanctioned for failing to comply with the Court Order (Docket No. 237) requiring Plaintiff Maass to attend the Settlement Conference scheduled for August 18, 2015. *See* Docket No. 267. Plaintiff Maass and Plaintiffs' counsel responded to the Order to Show Cause on August 28, 2015. Docket No. 273. Additionally, UK Defendants and Counterclaimants Ian Christopher O'Connell, Musion Events Ltd., Musion IP Ltd., Musion 3D Ltd., and Holicom Films Ltd. submitted a Response on August 28, 2015. Docket No. 274. Defendants Pulse Evolution Corporation, Pulse Entertainment Corporation, John Textor, and William James Rock also filed a Response on August 28, 2015. Docket No. 275. The Court ordered all Defendants who requested fees and costs to file full documentation in support of their requests. Docket No. 277. On September 2, 2015, the parties complied. Docket Nos. 282-86. For the reasons discussed more fully below, the Court hereby **SANCTIONS** Attorney Ryan Baker and Plaintiff Maass, jointly and severally, in the amount of the Defendants' reasonable attorneys' fees and costs incurred in relation to their failure to comply with this Court's Order.

I.     **Background**

On May 18, 2015, the Court entered an order scheduling a mandatory Pre-Claim Construction Settlement Conference for July 6, 2015. Docket No. 221. The Court ordered the parties that "**the following individuals are required to be present in person for the duration of the settlement conference**: [1] all counsel of record who will be participating in the trial . . . [and] . . . [2] all individual parties." Docket No. 221 at 1-2 (emphasis in original). On May 29, 2015, Defendants moved to continue the Settlement Conference. Docket No. 266. In granting that motion, the Court made clear that it expends significant time preparing for and conducting settlement conferences, and takes them very seriously. Docket No. 232. It explained that "[s]ettlement conferences are not meaningful absent personal attendance by all individual parties and those with settlement authority." *Id*., at 2. Accordingly, the Court ordered the parties to file a stipulation with five mutually agreeable dates for the Pre-Claim Construction Settlement Conference. *Id*. On June 8, 2015, the Court continued the Settlement Conference to a date specifically requested by all parties, August 18, 2015. Docket No. 237. The parties' stipulation represented that all parties were available on that date. *See id.* The Court Order made clear that it is "the Court's strong preference that parties attend settlement conferences in person, and any request for exception to the personal appearance requirement will be strictly scrutinized for a showing of compelling justification. No such request has been made, much less granted, in this case." *Id*., at 1. The Court ordered that individual parties were required to be present during the duration of the Settlement Conference, and that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLAINT PARTY AND/OR COUNSEL TO SANCTIONS.**" *Id*., at 3 (emphasis in original).

On the afternoon of August 17, 2015, Plaintiffs' counsel submitted a supplement informing the Court that, despite the Court's clear Order, Mr. Maass was not going to attend the August 18 Settlement Conference. *See* Docket No. 265. Because Plaintiff and Plaintiffs' counsel failed to comply with the Court's Order, the Court issued a minute order at 4:51 p.m. on August 17, 2015, vacating the Settlement Conference. *See id.*

The next day, the Court issued an Order to Show Cause requiring Plaintiff Maass and Plaintiffs' counsel to explain in writing, no later than August 28, 2015, why the Court should not issue sanctions

1  against them in an amount up to the full costs and attorneys' fees incurred in relation to Defendants'
2  preparation for, travel to and from, and attendance at the Settlement Conference, as well as up to $5,000
3  in Court fines, pursuant to Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f). Docket No.
4  267. It is this order that is presently before Court.

**II.     Legal Standard**

Parties and attorneys are required to follow pretrial orders. *See* Fed.R.Civ.P. 16(f).[1] "Violations of Rule 16 are neither technical nor trival, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (internal quotations and citations omitted). As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Litigants have an "unflagging duty to comply with clearly communicated case-management orders . . . ." *Martin Family Trust*, 186 F.R.D. at 604 (quoting *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). Whether the party or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir. 2001). Both courts and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See id.*; *Ayers v. City of Richmond*, 895 F.2d at 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him'"); *Ford v. Alfaro,* 785 F.2d 835, 839–40 (9th Cir. 1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy,* 852 F.2d 1256, 1258–59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."); *Harrell v. United States,* 117 F.R.D. 86, 88 (E.D.N.C. 1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]"); William W. Schwarzer, et al., *California Practice Guide: Federal*

---

[1] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Civil Procedure Before Trial* § 15:81 (TRG 1994) ("*Negligent failure to comply* with Rule 16 justifies imposition of appropriate sanctions.") (emphasis in original); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

The Court may issue sanctions pursuant to Rule 16(f) for failure to comply with a settlement conference order. *See Wilson v. KRD Trucking W*., 2013 WL 836995 (D. Nev. Mar. 6, 2013). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences.[2] *See, e.g., Ayers*, 895 F.2d at 1270 (affirming the imposition of sanctions under Rule 16(f) for failure to appear at settlement conference); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order regarding settlement conference). Rule 16(f) applies where a "party or its attorney . . . fails to obey a . . . pretrial order." Therefore, "[t]he authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt." *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D. Ky. 1987); *see also Official Airline Guides*, 6 F.3d at 1396 (upholding Rule 16(f) sanction upon a party for failure to obey the court's order requiring telephonic presence of party with full settlement authority).

**III.   Discussion**

Settlement conferences provide an important vehicle for the parties to attempt to resolve their disputes. The Court expends significant time preparing for and conducting them, and takes them very seriously. However, settlement conferences are not meaningful absent attendance by those with settlement authority. Accordingly, the Court's Settlement Conference Order specifically provided that all individual parties must be present for the duration of the conference unless the Court granted them an exception to the personal attendance requirement prior to the Settlement Conference. Docket No. 237 at 2. Furthermore, the Court's Order was clear, even emphatic: it cautioned that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT**

---

[2] In addition to Rule 16(f), the Local Rules authorize the Court to sanction a party for failing to comply with court orders. *See* Local Rule IA 4-1.

**THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f)**." *Id*., at 3 (emphasis in original).

Plaintiff Maass and Attorney Ryan Baker failed to comply with the Court's unambiguous Order. Because Mr. Maass was named as an individual party in this case, the Order required him to attend the Settlement Conference or timely request an exception to the personal attendance requirement. *See* Docket No. 237. Mr. Maass did neither. Instead, on the afternoon of August 17, Mr. Baker informed the Court that Mr. Maass would not to attend the Settlement Conference scheduled to occur the following morning. Docket No. 265. It is therefore within the Court's authority to impose sanctions on Mr. Maass and Mr. Baker. *See Ayers*, 895 F.2d at 1270.

In Plaintiff Maass' Response, there is no contention that Mr. Maass complied with the Court's Order, for he clearly violated it. Rather, Mr. Maass' argument is that it would be unjust to sanction him, as he planned on attending the Settlement Conference until an urgent, lucrative business opportunity arose. Docket No. 273 at 8-9. Additionally, Mr. Maass contends that his absence would not hinder settlement discussions as he was not the lead plaintiff in the case. *Id*., at 10.

Mr. Maass' first argument – that a business conflict excuses his violation of this Court's Order – is unpersuasive. First, no evidence in the record supports Mr. Maass' contention that he had planned on attending the Settlement Conference.[3] The Court declines Ms. Maass' invitation to make the inference that he made arrangements to attend the conference on the basis of receipts that show that he had previously used a family member's staff airline passes.[4] Second, even assuming that he planned on

---

[3] As Defendants note, Mr. Maass made his flight reservations days or weeks ahead of time in the exhibit that he provided to the Court. Docket No. 284 at 2; Docket No. 273-1 at 9-17. He fails to provide any receipt for flights to Las Vegas for the August 18 Settlement Conference, despite his contention that he intended to fly to Las Vegas until August 14. Docket No. 284 at 2. The Court finds the lack of reservations telling.

[4] The Court specifically finds that this contention is not supported by the record. In support of Mr. Maass' claim that he regularly uses staff passes, he presented receipts from one ticket in 2007, one ticket in 2009, and one in 2015. Docket No. 273-1 at 9-17. The tickets from 2007 and 2009 have money amounts on them, and do not appear to be staff passes. *Id*., at 10, 13. Further, the one staff pass ticket that Mr. Maass presented to the Court clearly states that it can be used for "holiday/leisure only, not commerce or business." *Id*., at 16. The Court therefore fails to see how Mr. Maass could use a staff pass

attending the conference, business conflicts do not excuse non-compliance with this Court's orders. Settlement conferences often create opportunity costs. However, these costs are the necessary price for an efficient resolution to the parties' dispute. If Plaintiff Maass were correct, and business conflicts excused non-compliance with pretrial orders, then this Court's pretrial orders would be unavailing, for violation of pretrial orders would almost always be excused. Furthermore, other parties who complied with the Court's Order, chose to forego their own business opportunities. *See* Docket No. 275 at 4. Thus, excusing Mr. Maass' choice to disregard the Court's Order would punish those who complied with the Order, and unjustly reward Mr. Maass. *Johnson*, 975 F.2d at 610 (permitting a party to disregard a court's order would "reward . . . the cavalier."). As to Plaintiff Maass' final argument, Mr. Maass chose to name himself as a plaintiff and has invoked the jurisdiction of this Court. Mr. Maass simply must comply with this Court's orders, and he willfully violated the Order requiring his presence at the Settlement Conference.

Similarly, Mr. Baker's argument is that it would be unjust to sanction him as he repeatedly counseled his client to attend the Settlement Conference. Docket No. 273 at 9. Additionally, Mr. Baker argues that, although he received notice of Mr. Maass' conflict on August 15, 2015, he justifiably waited until approximately 3:51p.m. on August 17, 2015 to inform the Court of Mr. Maass' plans to be absent. *See id.*, at 9-10.[5] During this delay, Mr. Baker asserts that he worked to secure a representative for Mr. Maass who would attend the Settlement Conference as his agent. *See id.*

First, it is notable what Mr. Baker does not argue. His argument is not that he complied with the Court's Order, nor does he argue that the actual text of the Order would permit a representative to appear on Mr. Maass' behalf. Rather his argument is that he counseled Mr. Maass to attend the Settlement Conference and, when he was unsuccessful, proceeded under the "assum[ption] the Settlement Conference would proceed if an authorized representative would be found." *See id.*, at 10.

---

to travel to the Settlement Conference. Finally, Mr. Maass fails to show that he used staff passes to fly back to Dubai on August 14. *Id.*, at 19.

[5]Mr. Baker never informed opposing counsel, despite the fact that some parties were flying significant distances to attend the Settlement Conference, that his client had chosen to violate the Court's order. Docket No. 274 at 3; Docket No. 275 at 3.

While these arguments might establish that Mr. Baker did not intentionally violate the Court's Order, such an argument is impertinent, for intent or bad faith is not a prerequisite for Rule 16(f) sanctions. *See Lucas Auto. Eng'g, Inc.*, 275 F.3d at 769. Accordingly, Mr. Baker's primary arguments are unavailing.

Second, as discussed in more detail above, the Court Order required Mr. Baker to appear at the Settlement Conference with Mr. Maass. The Court finds Mr. Baker failed to comply with that Order by not ensuring that his client attended the conference. Moreover, Mr. Baker's delay in providing notice to the Court and opposing parties compounded this failure, and resulted in further unnecessary expense. *See* Docket No. 275 at 3 (claiming that had Mr. Maass and Mr. Baker provided timely notice, Defendants would have been able to avoid travel costs).

Third, even had Mr. Baker not violated the Court's Order (which to be clear, he did), the Court could still properly sanction him for his client's violations. If a party violates a pretrial order, a court may impose sanctions under Rule 16(f) directly against the party or the party's attorney. *Olympic Coast Inv. Inc. v. Seipel*, 210 Fed.Appx. 595, 596 (9th Cir. 2006) (noting that Rule 16(f) empowers a court to "require the party or the attorney representing the party or both to pay reasonable expenses incurred because of any non-compliance with [Rule 16], including attorney fees.").

**IV.   Sanctions**

Having reviewed this matter, the Court finds that Messrs. Baker and Maass' explanations do not justify their non-compliance with this Court's clear Order. Their failure to abide by the Court's Order has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case. *See Sanders v. Union Pac. R.R. Co.*, 154 F.3d 1037, 1041 (9th Cir. 1998) ("In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense."). Therefore, sanctions are appropriate as a means of deterring the neglect of Messrs. Baker and Maass' Rule 16 obligations. *See Media Duplication Services v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation.").

The Court has broad discretion in fashioning the appropriate sanctions for violations of a court order. *Wilson*, 2013 WL 836995 (citing *Official Airline Guides, Inc.*, 6 F.3d at 1396 (9th Cir.1993)). In

determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the Court's orders. *See* Rule 16(f)(2).

The Court invited the parties' attorneys to submit a declaration of their fees and costs incurred in relation to the violation of the Order to assist the Court in determining the proper sanction. Docket No. 277. The parties have now complied. Docket Nos. 282-86. Mr. Maass and Mr. Baker shall immediately meet and confer with the parties who have filed requests for attorneys' fees and costs regarding the reasonable attorneys' fees and costs. If they come to an agreement, the parties must file notice with the Court, so stating, no later than September 8, 2015. To the extent that the parties are not able to agree on the amount of those fees and costs, Mr. Maass and Mr. Baker may file a response to Defendants' requests, no later than September 8, 2015, and the Court will determine the reasonable amount.

IT IS SO ORDERED.

DATED: September 3, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge