UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM, INC., et al., | |
| Plaintiff(s), | Case No. 2:14-cv-00772-GMN-NJK |
| vs. | ORDER |
| PULSE EVOLUTION CORPORATION, et al., | |
| Defendant(s). | |

On September 3, 2015, the Court sanctioned Plaintiff Maass and Attorney Ryan Baker for their failure to comply with this Court's Order (Docket No. 237) requiring them to attend an August 18, 2015 pre-claim construction settlement conference ("Settlement Conference") in the amount of reasonable fees and costs incurred by Defendants as a result. Docket No. 287. The Court ordered Maass and Baker to meet and confer with the parties regarding the amount of reasonable attorneys' fees and costs. *Id*., at 8. The Court gave Maass and Baker leave to file a response to Defendants' requests for attorneys' fees and costs in the event that the parties could not come to agreement. *Id*. On September 8, 2015, Defendants filed notice with the Court indicating that they have arrived at an agreement as to all but three categories of attorneys' fees and costs. Docket No. 289-90. Maass and Baker submitted a Response. Docket No. 292. The same day, the Court ordered Defendants to file documentation of all remaining costs and fees. Docket No. 291. Defendants filed a statement of their fees and costs, along with supporting documentation. Docket No. 293-94. The Court finds the matter appropriately decided

without oral argument. *See* Local Rule 78-2.[1] For the reasons stated below, the Court hereby **AWARDS** Defendants[2] $17,236 in attorneys' fees and costs as follows: $6,154 to the Pulse Defendants; $3,454.50 to Defendant Rock; $5,987.50 to the Jackson Defendants; and $1,640 to the O'Connell Defendants.

**I.   ANALYSIS**

The Court has already ruled that Defendants are entitled to an award of attorneys' fees and costs pursuant to Local Rule 14-1, and Rule 16(f).[3] Docket No. 287. Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar method has two parts. First, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary should be excluded from the lodestar amount. *Id*. Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Id.* "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by

---

[1] A party need not be given opportunity to respond to the imposition of sanctions orally if he or she is given an opportunity to respond in writing. *Hudson v. Moore Business Forms, Inc.*, 898 F.2d 684, 686 (9th Cir. 1990).

[2] "Defendants" refers to the defendants in this action consisting of: (1) Pulse Evolution Corporation, Pulse Entertainment Corporation and John Textor (collectively, the "Pulse Defendants"); (2) John Branca and John McClain as co-executors of the Estate of Michael J. Jackson, MJJ Productions, Inc., and Dick Clark Productions, Inc. (collectively, the "Jackson Defendants"); (3) William James Rock ("Defendant Rock"); and (4) Ian Christopher O'Connell, Musion Events Ltd. and Musion 3D Ltd. (collectively, the "O'Connell Defendants").

[3] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *Id.* at 1046 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted).

The Court has reviewed Maass and Baker's Response (Docket No. 292), and has applied the lodestar method to the fees they agreed are reasonable. The Court further finds that the costs agreed upon are reasonable. The Court now turns to the remaining three categories of disputed attorneys' fees and costs.

### 1.     Mr. Deem's Costs and Fees

First, the parties dispute whether Defendant Rock may recover an award of $22,133.50, representing the legal fees and costs his London counsel, Mark Deem, incurred in attending the Settlement Conference. Docket Nos. 290 at 2-3; 292 at 2. Defendant Rock contends that this amount is reasonable because Deem's physical presence at the Settlement Conference was necessary. Docket No 290 at 2-3. His argument is that Deem's presence was required because Deem represents him in an ongoing arbitration proceeding in the UK involving similar parties and intellectual property. Docket No. *Id.* Maass and Baker reply that an award of these fees and costs are unreasonable as Deem is not even counsel of record for Defendant Rock in this matter, and Defendant Rock is represented by very competent counsel. Docket No. 292 at 8. Baker and Maass further highlight that Deem could have been present telephonically present at the settlement conference, like other Defendants' UK counsel, and had no need to be physically present. *Id*.

The Court agrees. The Court's Order required the presence of "counsel of record who will be participating in the trial." Docket No. 237 at 2. Defendant Rock is represented by other counsel in this matter and, therefore, the Order did not require Deem to be present at the Settlement Conference. Consequently, the costs associated with Deem were a result of Defendant Rock's choice to have him physically attend the settlement conference, and not Maass and Baker's violation of this Court's Order. Moreover, Maass and Baker have agreed to pay the fees and costs incurred by Defendant Rock's counsel of record, Todd Eagan. Docket No. 292-1 at 15. While Defendant Rock may choose to have multiple attorneys working on his case, this Court will not impose duplicative sanctions against Maass and Baker for Defendant Rock's multiple counsel. *See Aevoe Corp. v. Shenzhen Membrane Precise*

*Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012). Accordingly, the Court will not order Maass and Baker to pay Deem's fees and costs incurred as a result of Defendant Rock's choice to have Deem accompany him to Las Vegas.

### 2. The O'Connell Defendants' Preparation for the Settlement Conference

Second, the parties dispute to what extent the O'Connell Defendants are entitled to recover costs associated with their counsel James Fazio's preparation for the Settlement Conference. Docket Nos. 289 at 2; 292 at 10. The O'Connell Defendants contend that they are entitled to an award of $7,452, which represents the amount of attorney's fees and costs they expended in preparing for the settlement conference. Docket No. 289 at 2. Maass and Baker agree to $1,640 of the fees sought by the O'Connell Defendants, but argue that the remaining fees and costs were not wasted and should not be included in the final sanctions amount. Docket No. 292 at 10-12 (citing *CLM Partners LLC v. Fiesta Palms*, LLC, 2013 WL 6388760 (D. Nev. Dec. 5, 2013)). The Court agrees with Maass and Baker that this case is analogous to *CLM Partners LLC*, where, as in this case, a party failed to comply with this Court's settlement conference order, and the Court awarded sanctions after rescheduling the settlement conference. *Id.*, at *1. In determining the sanctions amount in *CLM Partners LLC*, the Court declined to award sanctions for time that counsel spent preparing for the settlement conference to the extent that such preparations could be applied towards the rescheduled settlement conference. *Id.*, at *6. As in *CLM Partners LLC*, the Court here is disinclined to award sanctions for work that may be applied towards the rescheduled settlement conference. Because newly drafted settlement statements are not required, much of Fazio's work may be applied towards the rescheduled settlement conference. Yet, the Court recognizes that Mr. Fazio will have to repeat his last-minute preparations for the settlement conference, and review documents to refresh his memory. Thus, the Court finds, as Baker and Maass implicitly concede, that Fazio's last-minute preparations on August 17, 2015 were wasted. *See* Docket No. 292 at 13. Accordingly, the Court awards sanctions to the O'Connell Defendants in the amount of $1640, equal to Fazio's reasonable fee for his time on August 17, 2015 that Baker and Maass wasted by violating the Court's Order.

### 3. Mr. Rock's Lost Business Opportunity

Third, the parties disagree as to whether Defendant Rock is entitled to recover costs associated

4

with a lost business opportunity. Docket Nos. 290 at 4; 292 at 9. Defendant Rock seeks an award of approximately $3770 in costs, representing "the take-home pay on a job which he turned down in order to attend the settlement conference." Docket No. 275-1 at 4. Baker and Maass balk at this request, arguing that it is unreasonable and unsupported by the record. Docket No. 292 at 10-11.

The Court agrees with Baker and Maass. Defendant Rock has offered no authority to support his contention that a lost business opportunity constitutes a recoverable cost under Rule 16(f). Furthermore, even after the Court issued a minute order requiring the parties to provide documentation to substantiate their expenses, Defendant Rock's Declaration fell short when it comes to details about his lost business opportunity. Docket No. 294 at 2-3. On such a scant factual and legal basis, the Court declines to award sanctions against Baker and Maass for Mr. Rock's lost business opportunity.

## III. CONCLUSION

For the reasons discussed more fully above, the Court hereby **SANCTIONS** Maass and Baker, jointly and severally, in the total amount of $17,236 in attorneys' fees and costs. Maass and Baker shall pay the Pulse Defendants $1,475 for airfare, $87 for land transportation, $127 for accommodations, and $4,465 for reasonable attorneys' fees, no later than September 24, 2015. Maass and Baker shall pay Defendant Rock $1,465.50 for airfare, $82.50 for land transportation, $339 for accommodations, and $1,567.50 for reasonable attorney fees for his attorney of record only, no later than September 24, 2015. Maass and Baker shall pay the Jackson Defendants $1,000 for airfare and $4,987.50 for reasonable attorneys' fees, no later than September 24, 2015. Finally, Maass and Baker shall pay the O'Connell Defendants $1,640 for reasonable attorneys' fees, no later than September 24, 2015.

IT IS SO ORDERED.

DATED: September 11, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge