**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLGRAM USA, INC., et al., | |
| Plaintiffs, | Case No. 2:14-cv-0772-GMN-NJK |
| vs. | ORDER |
| PULSE EVOLUTION CORPORATION., et al., | (Docket No. 306) |
| Defendants. | |

Pending before the Court is Plaintiffs'[1] motion to compel. Docket No. 306. Defendants[2] filed a response in opposition, and Plaintiffs filed a reply. Docket Nos. 316, 319. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to compel (Docket No. 306) is hereby **DENIED**.

**BACKGROUND**

**I.    Factual Allegations**

This discovery dispute arises from a patent case involving technology used to create a hologram-like performance. Docket No. 306 at 8. Both Plaintiffs and Defendants allegedly make devices that create this illusion by projecting an image onto a transparent surface to create what appears to be a three-dimensional person. *Id.* at 8-9.

---

[1] References to "Plaintiffs" hereinafter collectively refer to Plaintiffs Hologram USA, Inc.; MDH Hologram Limited; and Uwe Maass.

[2] References to "Defendants" hereinafter collectively refer to Defendants Ian Christopher O'Connell, Musion Events Ltd., Musion 3D Ltd., and Musion IP Ltd.

1    On March 18, 2014, technology was used to create a hologram-like performance of Michael
2 Jackson at the Billboard Music Awards in Las Vegas. *Id*. at 8. Plaintiffs' Second Amended Complaint
3 alleges that the performance infringed their patents, which pertain to a particular method of creating
4 Pepper's Ghost illusions. *See* Docket No. 188. Plaintiffs allege that Defendants rigged the machine
5 responsible for creating the Michael Jackson projection, were present after the show, and publicized
6 their role in the performance. Docket No. 319 at 11. Plaintiffs further allege that Defendants offer to
7 sell – and have sold – other infringing devices into the United States. Docket No. 306 at 10.

**II.    Plaintiffs' Discovery Requests and Defendants' Responses**

This dispute revolves around the definition of the term "accused instrumentality" in Plaintiffs' discovery requests.[3] *See, e.g.,* Docket No. 306 at 6. In those requests, Plaintiffs defined accused instrumentality as:

> [E]ach apparatus, product, device, component, process, method, act or other instrumentality that YOU currently make, use, sell, offer for sale, lease or license, or import, or that YOU have in the past made, used, sold, leased, licensed, offered for sale, offered for lease, offered for license, or imported that is or was used to create holographic-like projections, illusions or animations, including but not limited to the MICHAEL JACKSON BMA APPARATUS.

Docket No. 306-2 at 39. As an example, Plaintiffs requested, in one of the disputed requests, "[a]ny DOCUMENTS RELATING TO each and every ACCUSED INSTRUMENTALITY." Docket No. 306-2 at 9 (emphasis in original). In response to these requests, Defendants asserted a general objection that:

> [T]he definition of Accused Instrumentality is vague, ambiguous, argumentative, overly broad and beyond the scope of Plaintiffs' infringement contentions. No instrumentality other than that used at the 2014 Billboard Music Awards has been identified with specificity as required by [Local Rule] 16.1-6.

*See, e.g.*, Docket Nos. 306-2 at 107; 143. Plaintiffs' motion to compel seeks an order striking this objection and requiring Defendants to provide supplemental responses and responsive documents to Plaintiffs' requests. Docket No. 306 at 4.

. . . .

. . . .

---

[3] Plaintiffs' motion relates to Defendants' objections to Production Nos. 1-3, 5, 8, 10, 12, 14, 16, 18, 19, 22-28, 30-31, 43-50, 52, 62, 63, and 67. *See* Docket No. 306 at 4, 10-13.

### III. Plaintiffs' Infringement Contentions

Local Rules 16.1-1 to 16.1-21 contain special rules applicable to patent cases. *See* Local Rule 16.1-2. "The District of Nevada's Local Patent Rules, like the local patent rules for the Northern District of California, are designed to require the parties to provide 'early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1161-62 (D. Nev. 2014) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006), which discusses similar local patent rules for the Northern District of California).[4] "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id*. (quoting *O2 Micro Int'l Ltd.*, 467 F.3d at 1366).

Local Rule 16.1-6 mandates disclosure of a patent plaintiff's infringement contentions within fourteen days after the Rule 26(f) scheduling conference. This disclosure is significant. A patent plaintiff must list each claim of each patent that is allegedly infringed, and provide a chart identifying where each limitation of each asserted claim is found within each accused instrumentality. Local Rules 16.1-6(b), 16.1-6(c). These "identifications shall be as specific as possible." Local Rule 16.1-6(b). Here, Plaintiffs' infringement contentions accuse two of Defendants' instrumentalities of infringement: the Musion Eyeliner hologram projection system and the Michael Jackson BMA device. Docket No. 306-5 at 3.[5]

## ANALYSIS

The dispute before the Court boils down to a single straightforward issue: can Plaintiffs get discovery regarding all holographic-like projection devices Defendants make, use, or sell? Non-privileged information is discoverable if it is relevant to any party's claim or defense and is proportional

---

[4] As in *Silver State Intellectual Techs., Inc.*, the Court finds cases from the Northern District of California persuasive because that district's Local Patent Rule 3-1(b) is substantially similar to Local Rule 16.1-6(b).

[5] To the extent Defendants attack the sufficiency of Plaintiffs' infringement contentions, the Court finds it inappropriate to rule on the merits of this claim in the context of a discovery dispute.

3

to the needs of the case. Fed. R. Civ. P. 26(b)(1). "While the requirement that discovery be 'relevant to the subject matter involved' is to be broadly construed, the divergent situations to which it must apply makes it impossible to provide a rigid definition of this phrase." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325-26 (Fed. Cir. 1990). In patent cases, two prominent methods have arisen for determining the relevancy of requests for discovery of nonaccused items. *See* 7 Annotated Patent Digest § 41:17.60 (collecting cases denying discovery on nonaccused instrumentalities); 7 Annotated Patent Digest § 41:17.50 (collecting cases granting discovery on reasonably similar products).

Under the first view, the scope of discovery is limited to only those products specifically identified in the infringement contentions. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL 4593338, at *2-*4 (N.D. Cal. 2014) (denying patentee's motion to compel accused infringer to produce discovery on unaccused models of its products and requiring patentee to amend its infringement contentions); *Meidatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 588760, *2 & *4 (N.D. Cal. 2013) (denying patentee's motion to compel discovery on products of the accused infringer that the patentee had not specifically identified in its infringement contentions). Underlying this view is the concern that local patent rules place the burden of specifically identifying all accused devices on the plaintiff. *Infineon Tech. AG v. Volterra Semiconductor Corp.*, 2012 WL 6184394, at *3 (N.D. Cal. Dec.11, 2012). It is premised on the idea that allowing overbroad discovery would allow a patent plaintiff to "transfer the burden of identifying accused products to the defendant" and defeat the purpose of the local patent rules. *Mediatek, Inc.*, 2013 WL 588760, at *4.

Under the second view, the scope of discovery is expanded to include products reasonably similar to those accused in the infringement contentions. *Dr. Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.*, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008); *LifeNet Health v. LifeCell Corp.*, 2014 WL 4162113, at *7 (E.D. Va. 2014) (granting patentee's motion to compel accused infringer to produce discovery on nonaccused products, but limiting the scope of products to those having a sufficient nexus to the accused products). This approach is premised on the broad scope of Federal Rule of Civil Procedure 26(b) and the idea that "the general contours of a desire for broad discovery apply as much in patent cases as in any other." *JS Products, Inc. v. Kabo Tool Co.*, 2012 WL 5288175, at *5 (D. Nev. Oct. 23, 2012) (citation omitted). Underlying this view is the notion that a party may be able to amend

its contentions as it acquires information during discovery. *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), which discusses the high standard for amending infringement contentions). As a result of these considerations, "[n]o bright line rule governs whether discovery can be obtained only for the products expressly accused in infringement contentions." *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 33 (D.D.C. 2012) (quoting *Dr. Sys., Inc.*, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (collecting cases). Thus, this approach extends discovery to nonaccused products that are reasonably similar to the accused instrumentalities. *Id.* "This reasonably similar standard must necessarily be determined on a case by case basis, since every patent is different." *JS Products, Inc.*, 2012 WL 5288175 at *5 (citation omitted). So far, courts in this District of Nevada have endorsed this view. *See id.* In determining whether to permit discovery of nonaccused items, courts in this District have applied a totality of circumstances test, analyzing whether: (1) Defendants have notice of as to the specific theory of infringement; (2) the extent to which discovery pertains to products that are reasonably similar to the already accused products; and (3) whether the information is publicly available, impacting the ability of the plaintiff to describe the items with specificity. *Id.*

The Court finds Plaintiffs' requests overbroad as written under either approach. Plaintiffs concede that "this motion concerns one issue[.]" Docket No. 306 at 6 n.2. That issue is whether Defendants properly "refuse[d] to provide information relating to the all 'accused instrumentalities' made, sold or offered for sale" by Defendants. Docket No. 306 at 6. Plaintiffs' concept of accused instrumentality, however, is misconceived. Plaintiffs erroneously equate the definition of accused instrumentality as defined in their discovery requests with the definition of accused instrumentality as it is used in the initial disclosure of asserted claims and infringement contentions as well as the relevant case law.

In the context of Plaintiffs' discovery requests, the term "ACCUSED INSTRUMENTALITY" refers to any apparatus that creates holographic-like images that Defendants make, use, or offer to sell. They define it as: "[e]ach apparatus . . . [Defendants] currently make, use, sell, offer for sale, . . . or . . . have in the past made, used, sold . . . that is or was used to create holographic-like projections[.]" *See, e.g.*, Docket No. 306-2 at 62. Plaintiffs' broad definition sweeps up devices regardless of alleged

infringement. However, in the context of the initial disclosure of asserted claims and infringement contentions, accused instrumentality refers to "each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware" that has allegedly infringed "on [an] asserted claim" of a patent in suit. Local Rule 16.1-6(b). In other words, the Local Rules governing the initial disclosure of asserted claims and infringement contentions use the term "accused instrumentality" to refer to the instrumentalities that are accused of infringement. *See id.* Plaintiffs' attempt to include nonaccused products up in their definition of accused instrumentality does transform them into accused instrumentality as a matter of law. Regardless of Plaintiffs' definition in their discovery requests, accused instrumentalities are allegedly infringing instrumentalities. *See* Docket No. 306 at 14 (Plaintiffs' motion citing *Creative Co-Op, Inv. v. Elizabeth Lucas Co., LLC*, 2012 WL 761732, at *4 (D. Idaho Mar. 7, 2012), which refers to "allegedly infringing products or 'the accused instrumentalities'") (internal parenthesis omitted). As a result of Plaintiffs' definition, their requests seek discovery of all Defendants' Pepper's Ghost illusion-producing apparatuses, whether or not they are allegedly infringing products. Thus, Plaintiffs' requests are not limited to accused instrumentalities as the case law or Local Rule 16.1-6(b) uses the term.

Plaintiffs' requests also do not seek discovery of reasonably similar products. Plaintiffs' requests were not confined to reasonably similar devices as they sought all hologram-like projection devices Defendants used, made, or sold and provided no mechanism for Defendants to determine, in responding to those requests, whether a particular device had a sufficient nexus to an accused instrumentality in order to be considered reasonably similar. Indeed, Plaintiffs contend their requests are warranted "to determine whether [Defendants] . . . sell other reasonably similar systems." Docket No. 306 at 16. However, at its broadest, the case law provides only that a party may request discovery of devices reasonably similar to accused devices – not of all devices in a party's inventory to determine whether any are reasonably similar. *See EPOS Techs.*, 842 F. Supp. 2d at 33 (granting discovery of products reasonably similar to product named in infringement contentions).

Accordingly, the Court finds Plaintiffs' requests seek information well beyond the scope of discovery and are overbroad. "When a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it." *In re Judicial Assistance*

*Pursuant to 28 U.S.C. § 178 by Macquarie Bank Ltd.*, 2015 WL 3439103, *9 (D. Nev. May 28, 2015), *reconsideration denied*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015) (Narravo, C.J.) (dismissing argument that overbroad 28 U.S.C. § 1782 request had to be trimmed rather than rejected outright). In this case, the Court finds this approach is appropriate. In light of the technical nature of the parties' patent dispute, the onus is on Plaintiffs, not the Court, to hone their discovery requests. Further, to hold otherwise would encourage aggressive and overbroad discovery positions, like Plaintiffs' position here, as it would permit a party to make overbroad requests in order to have the Court narrow those requests to the outermost border of discoverable information. Thereby, the Court would reward intractable discovery positions with the broadest possible discovery and create incentives contrary to the dictates of Rule 1 of the Federal Rules of Civil Procedure. Therefore, the Court declines to redraft Plaintiffs' overbroad requests or to grant Plaintiffs *carte blanche* discovery regarding the entire universe of hologram-like producing apparatuses that Defendants make, use, or sell.

**CONCLUSION**

For reasons discussed more fully above, Plaintiffs' motion to compel (Docket No. 306) is hereby **DENIED**. The parties' requests for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

Date: December 18, 2015

NANCY J. KOPPE
United States Magistrate Judge