# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOLOGRAM USA, INC., et al.,

    Plaintiffs,

vs.

PULSE EVOLUTION CORPORATION, et al.,

    Defendants.

Case No. 2:14-cv-00772-GMN-NJK

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DISCOVERY

(Docket No. 329)

    Pending before the Court is Plaintiffs' motion to extend certain deadlines in the scheduling order for 60 days. Docket No. 329. Plaintiffs indicate that Defendants O'Connell, Musion Events Ltd. and Musion 3D Ltd. ("O'Connell Defendants") join their request. *Id*. at 4. Plaintiffs further indicate that Defendant Rock does not oppose a 45-day extension and that Defendants Pulse Evolution Corporation, Pulse Entertainment Corporation and Textor ("Pulse Defendants") do not oppose a 30-day extension. *Id*. at 2. The Pulse Defendants filed a response, asking the Court to extend the requested deadlines by 30 days, as opposed to the 60 days requested by Plaintiffs and the O'Connell Defendants. *See* Docket No. 330. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2.

    The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists

"if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Local Rule 24-6 governs extensions of discovery deadlines.  Pursuant to the rule, "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received no later than twenty-one (21) days *before expiration of the subject deadline*."  Local Rule 26-4 (emphasis added).  Any motion or stipulation filed before 21 days prior to the expiration of the subject deadline must be supported by a showing of good cause.  *Id.*  Any motion or stipulation filed less than 21 days prior to the expiration of the subject deadline (or after the subject deadline has expired) must be supported by a showing of excusable neglect.  *Id.*

Plaintiffs and the O'Connell Defendants seek to extend five separate deadlines in the discovery order.  Docket No. 329 at 9.  Their motion was filed more than 21 days prior to the expiration of all deadlines they seek to extend except the expert disclosure deadline, which is set to expire six days after the motion was filed.  *Id*.  Therefore, Plaintiffs and the O'Connell Defendants must demonstrate excusable neglect, as well as good cause, in their request to extend that particular deadline.  Local Rule 26-4.  The motion fails to address, much less establish, excusable neglect.  **See** Docket No. 329.  Therefore, the Court **DENIES** without prejudice the request to extend the expert disclosure deadline.

Regarding the remaining deadlines, the Court has considered the motion and response.  Docket Nos. 329, 330.  The Court finds that Plaintiffs and the O'Connell Defendants have established good cause to extend those deadlines by 60 days and, therefore **GRANTS** their request.

Accordingly,

**IT IS ORDERED** that the motion to extend deadlines (Docket No. 329) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the request to extend the expert disclosure deadline is **DENIED** without prejudice.  To the extent that any parties choose to renew that request, they must do so **no later than January 15, 2016**.  Any renewed request must establish both good cause and excusable neglect, and must comply with all applicable rules.

**IT IS FURTHER ORDERED** that the rebuttal expert deadline is extended to April 19, 2016; the dsicovery cut-off is extended to May 24, 2016; the deadline for filing dispositive motions is extended to July 1, 2016; and the deadline to file the joint pretrial order is extended to August 12, 2016. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the decision on the motions, or upon further order of the Court.

**IT IS FURTHER ORDERED** that no further extensions of the deadlines extended by this order shall be granted.

IT IS SO ORDERED.

DATED: January 14, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge