UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Hologram USA, Inc., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:14-cv-0772-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Pulse Evolution Corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 210), filed by Pulse Evolution Corporation, Pulse Entertainment Corporation, John Textor, and William James Rock. Plaintiffs Hologram USA, Inc., Uwe Maass, and MDH Hologram Limited filed a Response in opposition, (ECF No. 213), and Defendants replied, (ECF No. 215).

### I. BACKGROUND

This case centers upon allegations that a performance by a holographic projection of Michael Jackson at the Billboard Music Awards on May 18, 2014, infringed several of Plaintiffs' patents. In their Second Amended Complaint ("SAC"), Plaintiffs claim that they obtained the exclusive rights to patented technology that creates three-dimensional images which are virtually indistinguishable from real performers ("hologram technology") in February 2014. (SAC ¶¶ 2, 10, ECF No. 188). Plaintiffs allege that Defendants approached them in April and May of 2014 seeking to acquire the rights to the hologram technology to create a holographic Michael Jackson performance at the 2014 Billboard Music Awards. (*Id.* ¶ 2). Despite Plaintiffs' refusal to license the hologram technology, the award show prominently featured a performance in which a holographic projection of Michael Jackson danced, twirled, and moonwalked around the stage to the rhythm of a previously unreleased song. (*Id.* ¶ 3). Plaintiffs allege that this performance infringed their patents, and also that many of the

Defendants have since falsely claimed to numerous media outlets and potential customers that they own the technology used to generate the Michael Jackson hologram. (*Id.* ¶ 40).

Based on these allegations, the SAC states that Defendants infringed three separate patents, U.S. Patent Nos. 5,865,519 ("the '519 patent"), 7,883,212 ("the '212 patent"), and 8,328,361 ("the '361 patent). (*Id.* ¶¶ 59-80). The SAC also sets forth claims for willful infringement, active inducement, contributory infringement, injunctive relief, intentional interference with prospective economic advantage, breach of fiduciary duty, false advertising, and unfair competition. (*Id.* ¶¶ 81-136).

In the instant Motion, Defendants seek to dismiss Plaintiffs' claims regarding the '561 patent pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedure question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Accordingly, this Court applies the law of the regional circuit, the Ninth Circuit, when analyzing whether a complaint alleging patent infringement states a valid claim. *Id.* at 1356.

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Courts analyze whether a complaint alleging patent infringement has sufficiently stated a claim for relief by comparing the complaint against the requirements that were formerly set

forth in Form 18 of the Federal Rules of Civil Procedure.[1] *See K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (applying the Ninth Circuit law in reversing a district court's grant of a motion to dismiss); *see also In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1333-34 (Fed. Cir. 2012) (noting that *Twombly* and its progeny "address[ed] the civil pleading standards in a variety of civil contexts," none of which "address[ed] the sufficiency of a complaint alleging patent infringement or causes of action for which there is a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure").

In order to sufficiently state a claim for patent infringement, a plaintiff need only set forth "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech*, 714 F.3d at 1283 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

In this case, Plaintiffs have satisfied the requirements of Form 18 in regard to their claims that Defendants infringed the '519 patent. First, the SAC states that the Court "has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338." (SAC ¶ 24). Second, Plaintiffs specifically state that Plaintiff Maass owns the '519 patent. (*Id.* ¶¶ 5, 61). Third, Plaintiffs allege that Defendants "have been, are currently and, unless enjoined, will continue to directly infringe one or more claims of the '519 patent by making, using, offering to sell, and selling within the United States the patented invention. Defendants'

---

[1] Though Form 18 and Rule 84 were abrogated from the Federal Rules of Civil Procedure as of December 1, 2015, the Advisory Committee note associated with this change directly states, "The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 (2015 Advisory Committee Note). Thus, the Court refers to previously existing standards in ruling upon the instant Motion.

products and services embody and/or practice one or more claims of the '519 patent literally and/or under the doctrine of equivalents." (*Id.* ¶ 16). Fourth, the SAC states that "Hologram USA has placed Defendants on notice of their infringing activities, but Defendants refuse to stop using the Plaintiffs' patented technology." (*Id.* ¶ 48). Finally, Plaintiffs assert that Defendants' infringing acts have caused Plaintiffs to suffer damages, (*id.* ¶ 64), and that, under Rule 65, Plaintiffs are entitled to a permanent injunction, (*id.* ¶ 105).

Though Defendants do not dispute that Plaintiffs have pled all of the necessary components of a patent infringement claim, they nonetheless argue that the Court should grant their Motion to Dismiss because a diagram attached to the SAC definitively shows that the holographic projection at the 2014 Billboard Music Awards did not infringe the '519 patent. However, with this argument, Defendants seek to enforce a standard which borders upon that of summary judgment, far exceeding the pleading standard for a patent infringement claim. The diagram in question was published in a USA Today article which described the technology used to create the holographic projection in general terms. (Ex. E to SAC)[2]. While this diagram may have been helpful to a general audience of readers who wanted to learn more about the performance, it does not constitute judicially noticeable evidence which would warrant dismissal of Plaintiffs' claims at the pleading stage.

It is not clear to the Court, nor apparent from the diagram, that the images contained therein are a true and accurate depiction of the technology that was used in the performance. As a result, the Court is unwilling to rely solely on this diagram, which was published prior to discovery, in resolving the complex factual questions raised by Plaintiffs' claims. Accordingly, the Court finds Defendants' request to be premature, and the instant Motion will be denied.

///

---

[2] *See also* Marco della Cava, *Meet the Conjurers of Michael Jackson's Ghost*, USA Today (January 14, 2016, 11:09 AM), http://www.usatoday.com/story/life/music/2014/05/22/michael-jackson-billboard-music-awards-illusion/9437881/.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 210), is **DENIED**.

**DATED** this __15__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court