**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hologram USA, Inc., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:14-cv-0772-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Pulse Evolution Corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Sever, (ECF No. 258), filed by Defendants/Counterclaimants Ian Christopher O'Connell, Musion 3D Ltd., and Musion Events Ltd. ("UK Defendants"). Plaintiffs Hologram USA, Inc., Uwe Maass, and MDH Hologram Limited filed a Response, (ECF No. 266), and UK Defendants replied, (ECF No. 272).

**I.     BACKGROUND**

This case, which was filed on May 15, 2014, centers upon allegations that a performance by a holographic projection of Michael Jackson at the Billboard Music Awards on May 18, 2014, infringed several of Plaintiffs' patents. Specifically, Plaintiffs' Second Amended Complaint ("SAC") claims that the technology used in the performance infringed U.S. Patent Nos. 5,865,519 ("the '519 patent"), 7,883,212 ("the '212 patent"), and 8,328,361 ("the '361 patent"). (SAC ¶¶ 59-80, ECF No. 188). The SAC also sets forth claims for willful infringement, active inducement, contributory infringement, injunctive relief, intentional interference with prospective economic advantage, breach of fiduciary duty, false advertising, and unfair competition. (*Id.* ¶¶ 81-136).

On June 22, 2015, UK Defendants filed an Answer to the SAC, which sets forth fifteen

counterclaims against Plaintiffs. (ECF No. 245).[1] These counterclaims center upon allegations that Plaintiffs have failed to share income derived from the exploitation of intellectual property rights pursuant to an agreement executed by Plaintiff Maass and Defendant O'Connell on June 25, 2007. (Answer 23:21-24:1). Additionally, UK Defendants claim that Plaintiffs have infringed five patents and two trademarks that are not addressed in the SAC. (*Id.* 29:27-40:27). None of these counterclaims directly involve the Billboard Music Awards or the holographic Michael Jackson performance that took place on May 18, 2014.

In the instant Motion, UK Defendants request that their counterclaims as well as Plaintiffs' claims against them be severed pursuant to Federal Rule of Civil Procedure 21.

## II.   **LEGAL STANDARD**

Under Rule 21 of the Federal Rules of Civil Procedure, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. Indeed, Rule 20(b) of the Federal Rules of Civil Procedures provides that even when parties have been properly joined, a court may order severance "to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (severing ten employees' age discrimination claims because of potential prejudice to employer and the risk of jury confusion). When a claim is severed from a lawsuit, it proceeds as a separate, independent action with a separate docket number and separate case schedule. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993).

> [A] court considering a severance motion should weigh the following factors in making its determination: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be

---

[1] The UK Defendants' Answer also purports to add two new parties as counterclaimants in this case. Because the Court is severing UK Defendants' counterclaims, it need not address whether these two additional parties were properly joined in this action.

> facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003); *see also Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 1:15-cv-0349-REB-CBS, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015). Additionally, it is well established that courts possess significant discretion in determining whether claims should be severed pursuant to Rule 21. *See, e.g.*, *Acevedo-Garcia v. Monroig,* 351 F.3d 547, 558 (1st Cir. 2003); *New York. v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988).

### III. DISCUSSION

In the instant case, the parties agree that the fifteen counterclaims asserted by UK Defendants should be severed, as they are independent and distinct from the facts giving rise to Plaintiffs' claims. (Pls.' Resp. 5:17-18). However, in their Response to the instant Motion, Plaintiffs argue that their claims against UK Defendants should remain part of the original action. Therefore, the question before the Court is not whether any severance should occur, but instead whether the Plaintiffs' claims against UK Defendants would be better resolved as part of the original action, or as part of an action involving the UK Defendants' counterclaims.

After reviewing the arguments set forth by the parties and assessing the status of this case, the Court finds that severance of Plaintiffs' claims against UK Defendants would be unwarranted. Certain defenses set forth by UK Defendants appear to be identical to those asserted by the other Defendants in this action. For instance, UK Defendants argue that Plaintiffs lack standing to assert claims regarding the '519, '212, and '361 patents, because Plaintiff Maass' transfer of these patents was invalid. (UK Defendants' Reply 3:10-12). Similarly, Defendants Pulse Evolution Corporation, Pulse Entertainment Corporation, and John Textor ("Pulse Defendants") argue that Plaintiffs lack standing to assert the claims against them. (Pulse Defendants' Answer 16:12-13, ECF No. 344). Accordingly, the Court finds that

declining to sever Plaintiffs' claims against the UK Defendants might save judicial resources that would be wasted if similar defenses to these claims were adjudicated in two separate actions.

Furthermore, the Court notes that Plaintiffs' patent infringement claims are significantly further along in the litigation process than Defendants' newly asserted counterclaims. While the parties have already submitted their claim construction briefs in regard to the three patents addressed in the SAC, the claim construction process has not yet begun for the five patents addressed by UK Defendants' counterclaims. Thus, severing Plaintiffs' claims against UK Defendants would impose a severe delay, as the resolution of those claims would be put on hold in order to permit discovery and briefing on the newly asserted counterclaims. Accordingly, the Court finds that the interests of judicial economy are best served by declining to sever Plaintiffs' claims against UK Defendants.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Sever, (ECF No. 258), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the counterclaims set forth in UK Defendants' Answer, (ECF No. 245) and Amended Answer, (ECF No. 268), are **SEVERED** from this case. UK Defendants shall have until March 14, 2016, to file a separate case to assert these counterclaims. Once the new case is filed, the Clerk of Court will assign it to the undersigned district judge and Magistrate Judge Nancy J. Koppe.

**IT IS FURTHER ORDERED** that UK Defendants shall have until March 14, 2016, to file a Second Amended Answer in this action in light of this Order.

///

///

///

1   **IT IS FURTHER ORDERED** that Plaintiffs' pending Motions to Dismiss (ECF Nos. 262, 299) are **DENIED** as moot.

**DATED** this __29__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court