UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLOGRAM USA INC., et al., | Case No. 2:14-cv-00772-GMN-NJK |
| Plaintiff(s), | |
| vs. | ORDER DENYING MOTION TO COMPEL |
| PULSE EVOLUTION CORPORATION, et al., | (Docket No. 363) |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to compel reproduction of documents. Docket No. 363. Because it has a threshold defect, the motion is hereby **DENIED** without prejudice.

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6123192, *6 (D. Nev. Oct. 16, 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between

counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Plaintiffs' counsel failed to discharge his meet and confer obligations. Attached to the pending motion is a declaration that outlines the parties' meet and confer efforts. *See* Docket No. 363-1. That declaration reveals that Plaintiffs' counsel has not spoken with Defendants' counsel about the instant dispute, even though Defendants' counsel "offered to meet and confer[.]" *Id*. at 3. Absent such personal consultation, the meet-and-confer is insufficient. *Cf. ShuffleMaster*, 170 F.R.D. at 172 (exchanging letters is not sufficient to satisfy personal consultation requirement).

Accordingly, Plaintiffs' motion to compel reproduction of documents is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: April 19, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge