# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Hologram USA, Inc., *et al.*,  )
          )
         Plaintiffs,  )  Case No.: 2:14-cv-0772-GMN-NJK
  vs.  )
  )  **ORDER**
Pulse Evolution Corporation, *et al.*,  )
  )
         Defendants.  )
  )

Pending before the Court is the Motion to Reconsider, (ECF No. 297), filed by Plaintiffs' Counsel Ryan G. Baker. Defendants Musion 3D Ltd., Musion Events Ltd., and Ian Christopher O'Connell filed a response in opposition, (ECF No. 300), and Mr. Baker replied, (ECF No. 304-1).[1] For the reasons set forth herein, Mr. Baker's Motion will be denied.

**I.  BACKGROUND**

The instant Motion requests reconsideration of two Sanction Orders that were issued by Magistrate Judge Nancy Koppe on September 3, 2015, (ECF No. 287), and September 11, 2015, (ECF No. 295). These Orders imposed sanctions against Plaintiff Uwe Maass and Mr. Baker jointly and severally in the amount of $17,236.

On May 18, 2015, Magistrate Judge Koppe entered an order scheduling a mandatory pre-claim construction settlement conference in this case for July 6, 2015. (ECF No. 221). That Order stated directly that "all counsel of record who will be participating in the trial" and "all individual parties" were required to be "present in person for the duration of the settlement conference." (Settlement Conf. Sched. Order 1:20-2:1, ECF No. 221). On May 29, 2015, upon

---

[1] As Defendants' Response raised arguments that were not addressed in Magistrate Judge Koppe's underlying Orders, the Court finds good cause to grant Mr. Baker leave to file a reply regarding the instant Motion. Accordingly, the Court considered Mr. Baker's Proposed Reply in reaching the instant disposition, and the pending Motion for Leave, (ECF No. 303), will be granted.

a request from several of the Defendants in this matter, Magistrate Judge Koppe issued an order continuing the settlement conference, and admonished the parties that "[t]he Court expends significant time preparing for and conducting [settlement conferences], and takes them very seriously." (Order Continuing Settlement Conf., ECF No. 232). On June 8, 2015, based on a stipulation by the parties, the settlement conference was rescheduled for August 18, 2015, at 10:00 am. (Order on Stipulation, ECF No. 237).

On the afternoon of August 17, 2015, less than twenty-four hours prior to the scheduled time of the settlement conference, Magistrate Judge Koppe received a supplement from Mr. Baker indicating that Plaintiff Maass would not attend. (Order to Show Cause 2:17-20, ECF No. 267). This supplement indicated that Plaintiff Maass could not attend the settlement conference due to "several professional obligations" which required him to be in Dubai. (*Id.* 2:20-24). Based on these representations, Magistrate Judge Koppe vacated the settlement conference and ordered Plaintiff Maass and Mr. Baker to show cause why "they should not be sanctioned in a Court fine of up to $5,000 each and in the amount of Defendants' reasonable attorneys' fees and expenses in preparing for the [settlement conference]." (*Id.* 3:6-14).

After reviewing briefing by the parties, Magistrate Judge Koppe imposed sanctions pursuant to Federal Rule of Civil Procedure 16(f) against Plaintiff Maass and Mr. Baker, jointly and severally, in the amount of $17,236, the sum that Defendants incurred in costs and attorney fees in preparation for the vacated settlement conference. (Sanction Orders, ECF Nos. 287, 295).

In the instant Motion, Mr. Baker requests reconsideration of the Sanction Orders, arguing that because he used his best efforts to secure his client's attendance at the settlement conference, the sanctions should have been imposed only against Plaintiff Maass.

///

///

## II. LEGAL STANDARD

### a. Reconsideration of a Magistrate Judge's Order

Local Rule IB 3-1 provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil . . . case . . . when it has been shown that the magistrate judge's ruling is *clearly erroneous or contrary to law*." (Emphasis added).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

### b. Rule 16(f) Sanctions

Parties and attorneys are required to follow pretrial orders. *See* Fed. R. Civ. P. 16(f). "Violations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Litigants have an "unflagging duty to comply with clearly communicated case-management orders . . . ." *Martin Family Trust*, 186 F.R.D. at 604 (quoting *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). Whether the party or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir. 2001). It is firmly established that sanctions may be imposed for a

party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See id.*; *Ayers v. City of Richmond*, 895 F.2d at 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him'"); *Ford v. Alfaro*, 785 F.2d 835, 839-40 (9th Cir. 1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy*, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions.").

The Court may issue sanctions pursuant to Rule 16(f) for failure to comply with a settlement conference order. *Wilson v. KRD Trucking W.*, No. 2:10-CV-0163-KJD-NJK, 2013 WL 836995, at *5 (D. Nev. Mar. 6, 2013). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g.*, *Ayers*, 895 F.2d at 1270 (affirming the imposition of sanctions under Rule 16(f) for failure to appear at settlement conference); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order regarding settlement conference). Rule 16(f) applies where a "party or its attorney . . . fails to obey a . . . pretrial order." Therefore, "[t]he authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt." *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D. Ky. 1987); *see also Official Airline Guides*, 6 F.3d at 1396 (upholding Rule 16(f) sanction upon a party for failure to obey an order requiring telephonic presence of party with full settlement authority).

### III. DISCUSSION

After reviewing the instant Motion to Reconsider as well as the underlying Sanction Orders, the Court finds that Magistrate Judge Koppe's decision to impose sanctions was neither clearly erroneous nor contrary to law. Mr. Baker admits that he learned Plaintiff Maass had

1  decided not to attend the settlement conference on the morning of Sunday, August 16, 2015.
2  (Motion to Reconsider 2:15-17).  Nevertheless, Plaintiffs' Counsel did not inform Magistrate
3  Judge Koppe of this fact until approximately 3:30 pm the next day. (Aug. 17, 2015 Minute
4  Order, ECF No. 265).

5        Though Mr. Baker states that he used a portion of the intervening time attempting to
6  persuade Plaintiff Maass to attend and trying to find a suitable replacement,[2] this does not alter
7  the fact that Mr. Baker informed Magistrate Judge Koppe and Defendants of Plaintiff Maass'
8  absence less than twenty-four hours prior to the scheduled commencement of the settlement
9  conference.  Mr. Baker does not presently dispute Magistrate Judge Koppe's finding that
10 Defendants were forced to waste $17,236 in attorney fees and costs in preparation for the
11 vacated settlement conference. (Second Sanction Order 5:11-20, ECF No. 295).  It is highly
12 possible that some of these costs could have been alleviated had Mr. Baker more promptly
13 notified Defendants and the Court that his client would not attend the settlement conference.
14 Thus, as it is clear that Plaintiffs' Counsel could have acted more swiftly to mitigate the
15 unnecessary costs incurred by Defendants in preparing for the settlement conference, the Court
16 finds that the Sanction Orders issued by Magistrate Judge Koppe were neither clearly erroneous
17 nor contrary to law, and the Motion to Reconsider will be denied.

18 ///
19 ///
20 ///
21 ///
22 ///

---

[2] Mr. Baker's representation that he attempted to find another individual to attend the settlement conference on Plaintiff Maass' behalf is unavailing, as Magistrate Judge Koppe's Orders stated specifically and repeatedly that and "all individual parties" were required to be "present in person for the duration of the settlement conference." (Settlement Conf. Sched. Order 1:20-2:1, ECF No. 221); (Order Continuing Settlement Conf. 2:9-13, ECF No. 232).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Attorney Ryan G. Baker's Motion for Leave to File a Reply, (ECF No. 303), is **GRANTED**.

**IT IS FURTHER ORDERED** that Attorney Ryan G. Baker's Motion to Reconsider, (ECF No. 297), is **DENIED**.

**DATED** this \_\_11\_\_ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court