UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOLOGRAM USA, INC., et al.,

    Plaintiffs,

vs.

PULSE EVOLUTION CORPORATION, et al.,

    Defendants.

Case No. 2:14-cv-00772-GMN-NJK

ORDER

(Docket Nos. 356, 359, 361)

Pending before the Court is Plaintiffs' second motion to compel. Docket No. 361.[1] Defendants Ian Christopher O'Connell, Musion Events Ltd., Musion 3D Ltd., and Musion IP Ltd. (hereafter "Defendants") filed a response in opposition, and Plaintiffs filed a reply. Docket Nos. 372, 373. The Court finds this motion appropriately resolved without oral argument. *See* LR 78-1. For the reasons discussed more fully below, the motion to compel is **GRANTED** in part **DENIED** in part. The parties' requests for sanctions are **DENIED**.

I.     **BACKGROUND**

This a patent case involving technology that creates hologram-like performances. Docket No. 361 at 4. Both Plaintiffs and Defendants make systems that project an image onto a transparent surface to create what appears to be a three-dimensional object. *Id.* at 6-7. The scope of the patents at issue is hotly disputed. *See* Docket No. 376 (asserting prosecution history estoppel narrows the patent's scope).

---

[1] The motions are Docket Nos. 356 and 359 are prior versions of the instant motion. Accordingly, they are **DENIED** as moot.

Plaintiffs allege that Defendants offer to sell – and have sold – an infringing device, the Musion Eyeliner System, into the United States. Docket No. 361 at 4. Plaintiffs' infringement contentions identify the Musion Eyeliner System by reference to a description on Defendants' website. Docket No. 306-5 at 3, 5, *see also* Docket No. 306-6. Defendants deny selling holographic projection systems in the United States and contend that Plaintiffs have been at unable to identify a domestic allegedly infringing system other than the one that has been settled out of the case. Docket No. 372 at 2.

## II.     O'CONNELL DEPOSITIONS

On March 10 and 11, 2016, Plaintiffs deposed Defendant Ian O'Connell as the Rule 30(b)(6) designee of Defendants Musion Events Ltd. and Musion 3D Ltd. Docket No. 361 at 9. During the deposition, Defendant O'Connell testified that Musion 3D Ltd. supplied foil to "three or four" companies in the United States. Docket No. 361-2 at 389. When pressed for specifics regarding these transactions and at various times during his deposition, Defendant O'Connell refused to answer questions on the basis of three grounds: the presence of a confidentiality agreement, irrelevancy, and the common interest privilege. *See* Docket No. 361-2 at 387-389, 405-407, 408-411.

Plaintiffs submit that these objections are meritless and seek permission for an additional four hours to re-depose Defendant O'Connell as the corporate representative. Docket No. 362 at 2, 13-19. Defendants respond that most of the information sought by Plaintiffs is barred. Further, Defendants submit that requiring Defendant O'Connell to make the transcontinental trip from London would be unwarranted, given that the only non-barred information, the identity of the third-parties to whom they sold foil, could be provided by interrogatory. Docket No. 372 at 8. Plaintiffs reply that Defendant O'Connell, through his misconduct, assumed the risk of being compelled to sit for another deposition. Docket No. 373 at 3-4.

Any objection to a deposition question "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed.R.Civ.P. 30(c)(2). Only a limited class of objections are proper in the deposition context. *See In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998). Where objections are proper, counsel should state the objection and permit the witness to answer. *See id*. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule

30(d)(3)." Fed.R.Civ.P. 30(c)(2). Rule 30(d)(3) permits a party to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(d)(3). The "embarrassment or annoyance which may be caused by unfavorable answers" is not the sort to which Rule 30(d)(3) refers. *In re Stratosphere Corp. Sec. Litig* 182 F.R.D. at 619.

Defendant O'Connell's refusal to answer questions based on his failure to perceive the relevancy of Plaintiffs' questions was improper. *See, e.g.*, Docket No. 361-2 at 405-407. Irrelevancy is not grounds to refuse to answer a question unless the "nature of the questioning makes it obvious that it is necessary to stop the deposition and seek relief under Rule 30(d)(3)[.]" *In re Stratosphere Corp. Sec. Litig* 182 F.R.D. at 618. By refusing to answer questions on this basis, Defendant O'Connell impeded the examination.

Defense counsel's implicit instruction to Defendant O'Connell to not answer questions on the basis of a confidentiality agreement was improper. Docket No. 361-2 at 388-389. "Confidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege." *In re Application of O'Keeffe*, 2016 WL 2771697, *4 (D. Nev. Apr. 4, 2016). Accordingly, Defendant O'Connell's failure to answer questions on this basis was improper.

Defendants have failed to address, much less substantiate, their claim to protection under the "common interest privilege." *See* Docket No. 372 at 8; *see also OOIDA Risk Retention Grp., Inc. v. Bordeaux*, 2016 WL 427066, at *9 (D. Nev. Feb. 3, 2016) (explaining that the common interest doctrine is not itself a privilege, but an exception to the waiver of privilege). In federal question cases, the burden is on the party asserting the privilege to establish the privilege. *United States v. Martin*, 378 F.3d 988, 999–1000 (9th Cir. 2002). Accordingly, Defendants' joint privilege claims necessarily fail.

Defendant O'Connell's failure to answer deposition questions and his counsel's erroneous instructions impeded his fair examination. Where a deponent's examination is impeded, the "court must allow additional time consistent with Rule 26(b)(1) and (2)[.]" Fed.R.Civ.R. 30(d)(2).

Defendants submit that Plaintiffs overreach in their effort to compel another deposition. Docket No. 372 at 8. First, they argue that Plaintiffs have already obtained two days of testimony. *Id.* During those depositions, Defendant O'Connell improperly refused to answer questions seeking discoverable

3

information. Second, Defendants argue that discovery of this information is barred as a matter of law. *Id*. They, however, fail to provide any authority that forecloses discovery on this basis. *Id*. Third, Defendants contend that Plaintiffs only seek a "narrow piece of information" that does not justify the expense or burden of another deposition. *Id.* at 8. The information Plaintiffs seek, however, is neither narrow nor insubstantial. It is evidence tending to prove – or disprove – that Defendants sold infringing products into the United States, a critical issue in this case. *See* Docket No. 362 at 6-11 (arguing summary judgment is proper because Plaintiffs fail to identify domestic infringing products). The import of this information is not so minimal as to fail to justify the expense of another deposition. Further, written interrogatories are rarely, if ever, an adequate substitute for a deposition. *See Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993). As in *Shoen*, interrogatories cannot replace testimony regarding what Plaintiffs claim to be the provision of allegedly infringing products.

Accordingly, as to this issue, Plaintiffs' motion to compel is **GRANTED**. The Court orders Defendants Musion Events Ltd. and Musion 3D Ltd. to produce a corporate designee to sit for a four-hour Rule 30(b)(6) deposition at a mutually agreeable time and place, within 30 days of the issuance of this order.

### III.    WRITTEN DISCOVERY

#### A. Background

This is Plaintiffs' second motion to compel Defendants to produce written discovery in this case. Their first motion to compel sought discovery regarding "any and all holographic systems produced, marketed, sold or offered for sale" by Defendants. Docket No. 306 at 7. The Court found that those requests were overbroad and denied Plaintiffs' motion without prejudice. Docket No. 328 at 5-7. In light of the technical nature of the parties' dispute, the Court found that the "onus [was] on Plaintiffs, not the Court, to hone their discovery requests." *Id.* at 7.

Plaintiffs have now propounded another round of discovery, deploying four progressively narrower groups of discovery requests. The first seeks discovery regarding the entire universe of hologram-like devices Defendants use or sell. Requests for Production 82, 85, and Interrogatory 21 fall

into this category of unconfined requests. Docket No. 361-2 at 70, 121-22.[2] The second category is narrowed by the term "FOIL BASED HOLOGRAPHIC SYSTEMS" which Plaintiffs define as "any apparatus comprising [of] at least one image source and a foil for creating holographic-like moving images . . . customized versions of the apparatuses and other similar embodiments[.]" *Id.* at 7. Interrogatories 10-19 and Requests for Production 96 and 132 rely on this definition and are consequently cabined by it. *Id.* at 31-33; 126-127, 150. The third category uses the term "EYELINER SYSTEM," which Plaintiffs define as the product "previously advertised on Musion 3D's website at http://musion3d.co.uk/products/eyeliner and any reasonably similar system that uses a polymer foil to create hologram-like images." *Id.* at 7. With the exception of the clause seeking reasonably similar devices, this definition closely corresponds to Plaintiff's infringement contentions. *See, e.g.*, Docket No. 306-6. This definition appears in Requests for Production 88, 90, 102, 108, 114, 120, 126, 138, and 144. Docket No. 361-2 at 124-56. The fourth, slightly narrower category, seeks information regarding particular set-ups of the Eyeliner System. It uses the terms "CEILING-ARRANGEMENT HOLOGRAPHIC APPARATUS" or "FLOOR-ARRANGEMENT HOLOGRAPHIC APPARATUS" which Plaintiffs define as an "apparatus for representing moving images in the background of a stage, where a REFLECTING surface is arranged on the ceiling [or floor] of the stage and the foil sits at or about a 45° angle." *See, e.g.*, Docket No. 361-2 at 5, 7.[3]

B. Standards

Non-privileged information is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). "While the requirement that discovery be relevant to the subject matter involved is too be broadly construed, the divergent situations to which it must apply makes it impossible to provide a rigid definition of this phase." *Mirco Motion, Inc. V.*

---

[2] Plaintiffs contend that these requests fall in the second category of requests. As the Court finds both categories impermissible, this distinction is immaterial.

[3] Requests for Production 93, 94, 99, 100, 105, 106, 111, 112, 117, 118, 123, 124, 129, 130, 135, 136, 141, 142, 147, and 148 use this definition. Docket No. 361-2 at 126-158.

*Kane Steel Co.*, 894 F.2d 1318, 1325-26 (Fed. Cir. 1990) (internal quotations omitted). In patent cases, two prominent methods have arisen for determining the relevancy of requests for discovery.

Under the first method, the scope of discovery is limited to products specifically identified in the infringement contentions. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL 4593338, at *2-*4 (N.D. Cal. 2014) (denying patentee's motion to compel accused infringer to produce discovery on nonaccused models of its products and requiring patentee to amend its infringement contentions); *Meidatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 588760, *2 & *4 (N.D. Cal. 2013) (denying patentee's motion to compel discovery on products of the accused infringer that the patentee had not specifically identified in its infringement contentions). This view is grounded in the concern that local patent rules place the burden of specifically identifying accused devices on the plaintiff. *Infineon Tech. AG v. Volterra Semiconductor Corp.*, 2012 WL 6184394, at *3 (N.D. Cal. Dec.11, 2012). It is premised on the idea that allowing overbroad discovery would allow a patent plaintiff to "transfer the burden of identifying accused products to the defendant" and defeat the purpose of the local patent rules. *Mediatek, Inc.*, 2013 WL 588760, at *4.

Under the second method, the scope of discovery is expanded to include products reasonably similar to those accused in the infringement contentions. *Dr. Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.*, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008); *LifeNet Health v. LifeCell Corp.*, 2014 WL 4162113, at *7 (E.D. Va. 2014) (granting patentee's motion to compel accused infringer to produce discovery on nonaccused products, but limiting the scope of products to those having a sufficient nexus to the accused products). This approach is premised on the broad scope of Federal Rule of Civil Procedure 26(b) and the idea that "the general contours of a desire for broad discovery apply as much in patent cases as in any other." *JS Products, Inc. v. Kabo Tool Co.*, 2012 WL 5288175, at *5 (D. Nev. Oct. 23, 2012) (citation omitted). Underlying this view is the notion that a party may be able to amend its contentions as it acquires information during discovery. *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), which discusses the high standard for amending infringement contentions). As a result, "[n]o bright line rule governs whether discovery can be obtained only for the products expressly accused in infringement contentions." *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp.

2d 31, 33 (D.D.C. 2012) (quoting *Dr. Sys., Inc.*, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (collecting cases). Thus, this approach extends discovery to nonaccused products reasonably similar to the accused instrumentalities. *Id*. In requesting information regarding such devices, however, the discovering party must provide a mechanism for the responding party to determine whether a particular device is reasonably similar. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 U.S. Dist. LEXIS 170151, *12. (D. Nev. Dec. 18, 2015).

### C. Discussion

The first category of requests is clearly overbroad. With this category, Plaintiffs have again propounded discovery without limitation to accused devices or reasonably similar devices. *See, e.g.*, Docket No. 361-2 at 121. Instead, these requests call for information regardless of accused infringement, despite the Court's clear guidance that such discovery was impermissible. As the Court warned previously, "when a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it." *Hologram USA, Inc.*, 2015 U.S. Dist. LEXIS 170151 at *13 (*quoting In re Judicial Assistance Pursuant to 28 U.S.C. § 178 by Macquarie Bank Ltd.*, 2015 WL 3439103, *9 (D. Nev. May 28, 2015), *reconsideration denied*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015). Accordingly, Plaintiffs' request for an order compelling further responses to Requests for Production 82, 85 and Interrogatory 21 is **DENIED**. *See Hologram USA, Inc.*, 2015 U.S. Dist. LEXIS 170151 at *12-13.

The second category of requests is also overbroad. It includes devices not named in the infringement contentions, nor shown to be reasonably similar to the accused device. Plaintiffs contend this information is discoverable because the accused device is a "generic foil-based holographic system[.]" Docket 361 at 25. Plaintiffs' argument, however, fails to establish or cite authority establishing that membership in the same genus of devices necessarily makes all such devices reasonably similar. *Compare id. with Honeywell Int'l Inc.*, 655 F. Supp. 2d at 657 (considering devices reasonably similar because they were structurally identical and operated in a manner consistent with Plaintiff's infringement theory). Plaintiffs' argument is further undermined by the imprecision of their definition, which calls for information regarding devices that use "at least one image source and a foil" to create holographic-like moving images. Docket No. 361-2 at 7. Such a definition is far from that of

the *Honeywell* plaintiff, which closely corresponded to the infringement contentions. *See Honeywell Int'l Inc.*, 655 F. Supp. 2d at 657. Accordingly, Plaintiffs' motion as it relates to Interrogatories 10-19 and Requests for Production 96 and 132 is **DENIED**.

The third category of requests falls within Plaintiffs' infringement contentions and, therefore within the scope of permissible discovery. Defendants' Eyeliner System is the remaining accused instrumentality. The infringement contentions and their exhibits detail the nature of the accused device as well as reference technical information culled from Defendants' website. *See, e.g.*, Docket No. 306-7 at 1 (quoting Defendants' website). Plaintiffs' requests similarly refer to the same device sold on Defendants' website. Docket No. 361-2 at 7. In light of this close correspondence, Plaintiffs' motion to compel, as to this category of requests, is **GRANTED** in part **DENIED** in part.[4] As the fourth category of requests is subsumed within the third category, Plaintiff's motion to compel as to those requests is **GRANTED**.

Defendants raise two arguments in opposition to this discovery. First, they contend that, because there is "no such thing as a generic 'EYELINER SYSTEM,'" such discovery should not be permitted. Docket No. 372 at 3. Given that Defendants' devices are custom tailored, configurations of the accused device differ. *Id.* at 2. Defendants, however, fail to explain the legal significance of this fact and, therefore, fail to show why discovery should be limited. Second, Defendants submit that discovery should be limited to devices accused of literal infringement because prosecution history estoppel limits the scope of the claim elements "ceiling" and "floor" in the '519 patent. *See, e.g.*, Docket No. 372 at 5-8. Defendants do not provide any case where a court has limited discovery on the basis of prosecution history estoppel. In any event, it is "inappropriate to rule on the merits of the claim in the context of a discovery dispute." *McSwiggin v. Omni Limousine*, 2016 WL 1030053, *5 (D. Nev. Mar. 10, 2016).

Defendants do not oppose Interrogatory 9 and Requests for Production 70, 84, and 89, which request information relating to damage calculations and statements regarding Plaintiffs' rights to the

---

[4] This category is impermissible to the extent it requests information regarding reasonably similar holographic-like systems using polymer foil. As discussed above, Plaintiffs fail to show that all foil-based holographic systems are reasonably similar to the accused instrumentality. Therefore, Plaintiffs' request is **DENIED** in part.

patents at issue.  *See* Docket No. 361-2 at 67, 115, 124.  As Defendants do not meaningfully oppose these requests, Plaintiffs' motion to compel further responses to these requests is **GRANTED**.

### IV.   SANCTIONS

Both parties request sanctions.  Docket No. 361 at 26-27; *see also* Docket No. 372 at 8.  Based on the Court's ruling on this motion, the Court finds that neither party is entitled to sanctions.  The parties' requests for sanctions are therefore **DENIED**.

### V.   CONCLUSION

For the reasons discussed more fully above, Plaintiffs' second motion to compel (Docket No. 361) is **GRANTED** in part and **DENIED** in part.  The motions at Docket Nos. 356 and 359 are **DENIED** as moot.  The parties' requests for sanctions are **DENIED**.

IT IS SO ORDERED.

Date: June 10, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge