1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **DISTRICT OF NEVADA**
9
10 HOLOGRAM USA, INC., et al.,                    )
                                                 )
                    Plaintiffs,                  )        Case No. 2:14-cv-00772-GMN-NJK
11                                               )
   vs.                                           )        ORDER
12                                               )
   PULSE EVOLUTION CORPORATION, et al.,          )        (Docket No. 357)
13                                               )
                    Defendants.                  )
14 _____)

15          Pending before the Court is a motion to strike Plaintiffs' expert report filed by Defendants Ian

16 Christopher O'Connell, Musion Events Ltd., Musion 3D Ltd., and Musion IP Ltd. (hereinafer

17 "Defendants"). Docket No. 357. Plaintiffs filed a response, and Defendants filed a reply. Docket Nos.

18 364, 371. The Court finds the matter properly resolved without oral argument. *See* LR 78-1. For the

19 reasons discussed below, Defendants' motion to strike is **DENIED** without prejudice.

20          Discovery closed in this matter on May 24, 2016. Docket No. 331 at 3. However, numerous

21 discovery disputes remain pending. Docket Nos. 370, 384. On June 10, 2016, the Court granted in part

22 and denied in part Plaintiffs' second motion to compel. Docket No. 402; *see also* Docket No. 361. At

23 issue in that motion to compel was information that Defendants, in the instant motion, contend is lacking

24 from Plaintiffs' expert report, specifically – information relating to domestic installations of infringing

25 apparatuses. *See id.*

26          Plaintiffs submit that Defendants' motion to strike is a thinly disguised motion *in limine* because

27 it attacks the substance of the report, rather than its compliance with the Federal Rules of Civil

28 Procedure. Docket No. 364 at 7-10. Therefore, Plaintiffs contend that the proper time to challenge the

1  admissibility of their expert report is after the resolution of the parties' discovery disputes.  Docket No.

2  364 at 7.  Defendants reply that their motion to strike is timely because such motions are routinely

3  granted before trial.  Docket No. 371 at 4.

4  Defendants, moreover, do not cite any authority involving a decision on a similar motion to

5  strike when discovery is outstanding.  *See* Docket No. 371 at 4.  Defendants, instead, rely on cases that

6  arose after discovery had been completed or when a party failed to comply with the procedural

7  requirements for expert reports.  *Id.* (citing *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 2005 WL

8  1300763, *3 (N.D. Ill. Feb. 22, 2005) (granting motion to strike portions of rebuttal expert report that

9  should have been in initial expert report); *Oracle Am., Inc. v. Google Inc*., 798 F. Supp. 2d 1111, 1112

10  (N.D. Cal. 2011) (granting motion to exclude expert report, in part, on July 22, 2011, with trial set for

11  October, 2011); *Asus Computer Int'l v. Round Rock Research, LLC*, 2014 U.S. Dist. LEXIS 50728 (N.D.

12  Cal. Apr. 11, 2014) (addressing motion to strike expert report, on April 11, 2014, where expert

13  discovery closed on February 7, 2014)).

14  Whether Defendants' motion is a motion *in limine* or not, it is premature.  It specifically attacks

15  Plaintiffs' expert report as lacking adequate support despite outstanding discovery.  *See, e.g.*, Docket

16  No. 357 at 11.  Further, in light of the Court's recently-issued ruling on Plaintiffs' second motion to

17  compel, a supplement to that report is probable.  Accordingly, it is appropriate to defer decision on

18  Defendants' motion to strike.[1]

19  Accordingly, Defendants' motion to strike Plaintiffs' expert report is **DENIED** without

20  prejudice.

21  IT IS SO ORDERED.

22  Date: June 16, 2016

23  _____

24  NANCY J. KOPPE
   United States Magistrate Judge

25

26

27

28  [1] Nothing in this order shall be construed as a decision on the merits of Defendants' motion.