UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLGRAM USA, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:14-cv-00772-GMN-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| PULSE EVOLUTION CORPORATION, et al., ) | (Docket Nos. 406, 407) |
| ) | |
| Defendants. ) | |

Pending before the Court are Plaintiffs' emergency motion to determine the time and place of Ian Christopher O'Connell's resumed deposition and Defendants' emergency motion for protective order. Docket Nos. 406, 407. Defendants filed a response to Plaintiffs' motion, and Plaintiffs filed a response to Defendants' motion. Docket Nos. 409, 410. Both parties filed replies. Docket Nos. 412, 413. The Court finds the matter properly resolved without oral argument. *See* LR 78-1.

On March 10 and 11, 2016, Plaintiffs deposed Defendant O'Connell as the Federal Rule of Civil Procedure 30(b)(6) designee of Musion Events Ltd. and Musion 3D Ltd.[1] Docket No. 407 at 2. The parties agreed to conduct the deposition in Los Angeles, California. Docket No. 409 at 2. During that deposition, Defendant O'Connell improperly refused to answer questions. *See* Docket No. 402 at 2-4. Accordingly, the Court ordered "Defendants Musion Events Ltd. and Musion 3D Ltd. to produce a corporate designee to sit for a four-hour Rule 30(b)(6) deposition at a mutually agreeable time and place, within 30 days of [June 10, 2016.]" *Id.* at 4.

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

The parties were unable to cooperate and agree upon a mutually agreeable place. *See* Docket Nos. 406, 407. Defendants submit that the deposition should be resumed in London, England, which they contend is consistent with the default rule of conducting Rule 30(b)(6) depositions in the deponent's principal place of business. Docket No. 406 at 4-7. Alternatively, Defendants propose conducting the deposition using videoconferencing. *Id*. at 5. Plaintiffs assert that the deposition should be resumed in Los Angeles because, but for Defendant O'Connell's conduct, the deposition would have been completed there. Docket No. 407 at 2. Alternatively, Plaintiffs propose conducting the deposition in London with Defendants bearing the cost of Plaintiffs' reasonable expenses. *Id*.

As a general rule, corporate designees are deposed at the corporation's principal place of business. *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669, *2 (D. Nev. Feb. 1, 2013), *affirmed*, 2013 WL 2405297 (D. Nev. May 31, 2013) (citing *Fausto v. Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008)). "When a foreign defendant is involved, this presumption may be even stronger." *S.E.C. v. Banc de Binary*, 2014 WL 1030862, *3 (D. Nev. Mar. 14, 2014) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987)). In determinating whether this presumption has been overcome, courts in the Ninth Circuit consider the five *Cadent* factors: "(1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate-resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties relationship." *Id.* (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005)). Additionally, courts apply Rule 1 when determining where to locate a deposition. *Id*. at 4 (citing *Societe Nationale*, 482 U.S. at 546) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position")).

//
//
//

Plaintiffs fail to rebut the general presumption that the deposition should occur in Defendants' principal place of business, London, England.[2] The *Cadent* factors are clear. While the parties' local counsel reside in this District, they are not expected to participate in the deposition. Docket No. 406 at 6. Further, Plaintiffs' lead counsel is in Los Angeles, and Defendants' lead counsel is in San Diego. *Id*. Additionally, Defendant O'Connell resides in London and rarely travels to the United States. *Id*. Similarly, while Plaintiffs seek to depose only one corporate designee, Plaintiffs fail to show that Defendants "reached into" the deposition forum. *Banc de Binary*, 2014 WL 1030862, at *7 (finding this is proper inquiry). Finally, the equities weigh in favor of Defendants, who previously traveled to Los Angeles for the prior deposition, and who would be placed in a financially untenable position by having to do so again. Docket No. 406 at 6. Accordingly, pursuant to *Cadent*, the proper location for the deposition is London.

The Court rejects Plaintiffs' argument that the deposition must be set in Los Angeles as a sanction pursuant to Rule 30(d)(2). *See, e.g*., Docket No. 410 at 3-4. The Court made clear in its order that "neither party is entitled to sanctions." Docket No. 402 at 9.

Having decided that the deposition should be conducted in London, the Court now considers Rule 1. *Banc de Binary*, 2014 WL 1030862, at *10. Rule 1 instructs the Court to construe and administer the civil rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. In weighing these dictates, the Court is permitted to consider alternative deposition procedures, such as videoconferencing. *Banc de Binary*, 2014 WL 1030862, at *10.

Courts in the District of Nevada have endorsed videoconferencing in the Rule 30(b)(6) deposition context. *Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, 2016 WL 2843802, *5 (D. Nev. May 12, 2016). In this context, "[a]lthough issues of credibility and demeanor are still present, they as not as significant[.]" *Id.* Thus, the traditional issues associated with telephonic depositions are not dispositive. *See Dieng v. Hilton Grand Vacations Co.*, *LLC*, 2011 WL 812165, *2 (D. Nev. Mar. 1,

---

[2] Plaintiffs summarily apply the *Cadent* factors in a footnote. Docket No. 410 at 4 n.1. The Court need not consider substantive argument summarily raised in footnotes. *United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007); *In re Katz Interactive Call Processing Patent Litig*., 2009 WL 8636055, *1 (C.D. Cal. Oct. 26, 2009) (collecting cases rejecting conclusory footnote arguments).

2011) (requiring party to appear in forum district to permit observation of deponent's demeanor). Weighing against the marginal utility of in-person Rule 30(b)(6) depositions are the considerable costs and burdens of requiring corporate designees to travel great distances. *See Banc de Binary*, 2014 WL 1030862, at *11. Accordingly, as in *Banc de Binary*, the Court will afford Plaintiffs the choice of proceeding with the deposition in London, England, or stipulating to conduct the deposition via videoconferencing, pursuant to Rule 30(b)(4).

Finally, all parties ask the Court to extend the deadline for Defendant O'Connell's resumed deposition. *See, e.g.*, Docket No. 410 at 8; Docket No. 412 at 4. For good cause shown, the deadline is extended to July 22, 2016.

For the reasons discussed above, Plaintiffs' emergency motion to determine the time and place of Ian Christopher O'Connell's resumed deposition, Docket No. 406, is **DENIED**, and Defendants' emergency motion for protective order, Docket No. 407, is **GRANTED**. The parties' request for an extension is **GRANTED**. Defendant O'Connell's deposition shall be conducted, either fully in London, England, or via videoconferencing, no later than July 22, 2016.

IT IS SO ORDERED.

Date: July 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge