1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**
9                           **DISTRICT OF NEVADA**
10
HOLOGRAM USA, INC., et al.,                    )
11                                             )
                      Plaintiff(s),            )        Case No. 2:14-cv-00772-GMN-NJK
12                                             )
vs.                                            )        ORDER
13                                             )
PULSE EVOLUTION CORPORATION, et al.,           )
14                                             )        (Docket No. 370)
                      Defendant(s).            )
15 _____)

16         Pending before the Court is Plaintiffs' renewed motion to compel re-production of

17 documents by Defendants.  Docket No. 370.  Defendants filed a response, and Plaintiffs filed a

18 reply.  Docket Nos. 391, 395.  The Court finds this matter properly resolved without oral argument.

19 *See* LR 78-1.  For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

20 **I.      BACKGROUND**

21         On October 2, 2015, Defendants made their first production of documents in response to

22 Plaintiffs' first set of requests for production.  Docket No. 370 at 5.  Included in that production were

23 the five documents that form the basis of this discovery dispute.  *Id*.  On March 10 and 11, 2016,

24 Plaintiffs deposed Defendant Ian Christopher O'Connell as the corporate designee of Defendants

25 Musion Events Ltd. and Musion 3D Ltd.  *Id*.  During that deposition, these five documents were

26 marked as Exhibits 3, 8, 22, 25, and 34.  *Id*. at 6.

27         The document marked as Exhibit 3 is a multi-page document containing a chain of e-mails

28 sent between Defendants O'Connell and John Textor discussing Plaintiffs' infringement claims.

Docket No. 370 at 8; *see also* Docket Nos. 391 at 3, 370-2 at 4-11, 391-1 at 2.  Defendant O'Connell testified about the contents of these e-mails without privilege or work product objection.  *See id*.  His testimony included reading portions of this e-mails into the record as well as interpreting the language used in them.  *See id*. at 7-8.

The document marked as Exhibit 8 is a series of e-mail exchanges between Defendant O'Connell and John Lawrence, an attorney, that discuss Defendants' ownership of various patents and trademarks as well as Defendant O'Connell's authority to act on behalf of Musion Systems Limited.  Docket No. 391 at 2-3; Docket No. 370 at 8.  Defendant O'Connell read portions of these e-mails into the record and testified about how he reacted to Mr. Lawrence's legal opinions.  Docket No. 370-2 at 15-20.  Defendants' counsel interposed no objections as to privilege or work product protection during this testimony.  *Id*.

Exhibit 22 is a legal opinion rendered by Nicholas Caddick, Defendants' United Kingdom counsel, opining on Plaintiff MDH Hologram Limited's intellectual property rights.  Docket No. 391 at 3; Docket No. 370-2 at 26-27.   Defendant O'Connell answered questions regarding his understanding of Mr. Caddick's opinion and his reaction to it.  *Id*. at 26-31.  During questioning, Defendants' counsel never objected to the exhibit itself; rather, counsel only objected to questions regarding whether any defendant asked Mr. Caddick to revise or redraft his opinion.  *Id*. at 31.

The next document, Exhibit 25, is two-page document containing a series of e-mails between Mr. Lawrence and Defendant O'Connell.  Docket No. 370-2 at 32-39.  No objection as to the attorney-client privilege or work product protection was lodged when this exhibit was introduced or when its contents were partially read into the record.  *See id.*

The final document, Exhibit 34, is a series of e-mails exchanged between Defendant Textor and Defendant O'Connell, which refer to Defendant O'Connell's "litigation funder."  Docket No. 370-2 at 42-46.  Defense counsel did not object to the introduction of this exhibit and permitted questions regarding its contents.  *See id.*  However, when Defendant O'Connell was pressed for specifics regarding the litigation funder's identity, Defendants' counsel objected and instructed Defendant O'Connell not to answer on the basis of privilege.  *Id.* at 44-45.  Defendants' counsel

further informed Plaintiffs' counsel that he may "consider pulling this document back" under the stipulated protective order. *Id.* at 46.

On March 22, 2016, Defendants' counsel wrote to Plaintiffs' counsel, informing him that Defendants desired to claw back Exhibits 3, 8, 22, 25, and 34 under the blanket protective order. Docket No. 370-2 at 51-52; *see also* Docket No. 138 (the blanket protective order). A privilege log was attached. Docket No. 370-2 at 53; *see also* Docket No. 370-2 at 70 (supplemental privilege log) On April 4, 2016, Plaintiffs' counsel responded, initiating the meet and confer process. *Id.* at 56-59. On April 21,2016, the parties conferred over a conference call, but no resolution was reached. Docket No. 370-1 at 3. On April 21, 2016, Plaintiffs filed the motion presently before the Court – asking the Court to compel re-production of Exhibits 3, 8, 22, 25, and 34. Docket No. 370.

## II.    STANDARDS

The Ninth Circuit recognizes several ways by which parties may waive privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (citing *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)). Voluntarily disclosing privileged documents to third parties destroys the privilege. *Id.* (citing *Hernandez*, 604 F.3d at 1100). Disclosure, however, does not constitute a waiver if it is inadvertent, the holder of the privilege took reasonable steps to prevent disclosure, and the holder took reasonable steps to rectify the error. Fed.R.Evid. 502(b).

Federal Rules of Evidence 502(d) and (e) allow the Court to enter a protective order supplanting the default rule governing inadvertent disclosure. *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410, *10 (D. Nev. Sept. 23, 2013). "For example, the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of claw back and quick peek arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product." *Id.* (quoting Advisory Committee Note to Fed.R.Evid. 502).

Claw-back provisions, however, govern only waivers by inadvertent disclosure. *Great-W. Life & Annuity Ins. Co.*, 2013 WL 5332410 at *15. They are intended to override the common law as to inadvertent disclosure, not displace the entire common law concerning privilege. *Id*. Thus,

1  "[o]ther common-law waiver doctrines may result in a finding of waiver[.]"  *Id.* (quoting Advisory

2  Committee Note to Fed.R.Evid. 502, which cites *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir.

3  1999) (reliance on an advice of counsel defense waives the privilege with respect to attorney-client

4  communications pertinent to that defense)).

5         Accordingly, failure to timely object to the introduction of an exhibit waives any privilege,

6  regardless of the presence of a claw-back provision governing inadvertent disclosure.  *Skansgaard*

7  *v. Bank of Am., N.A.*, 2013 WL 828210, *3 (W.D. Wash. Mar. 6, 2013); *Luna Gaming-San Diego,*

8  *LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, *6 (S.D. Cal. Jan. 13, 2010) (overruling finding

9  that failure to object at deposition did not waive privilege due to clawback provision); *Terrell v.*

10  *Cent. Washington Asphalt, Inc.*, 2015 WL 461823, *9 (D. Nev. Feb. 4, 2015), *objections overruled*,

11  (D. Nev. July 20, 2015) (holding privilege claim as to inadvertently disclosed documents was

12  waived, in part, by failure to object during deposition).  An objection is timely only if it is raised

13  when the evidence is first presented.  *Terrell*, 2015 WL 461823, *8 (citing *United States v. Gurtner*,

14  474 F.2d 297, 299 (9th Cir. 1973), which held that privilege objections must be raised at the "earliest

15  possible opportunity").

16  **II.    DISCUSSION**

17         Regardless of whether the stipulated protective order controls inadvertent disclosure,

18  Defendants waived their privilege claims by failing to timely object to the use of the disputed

19  exhibits.  *See Skansgaard*, 2013 WL 828210, *3.

20         Here, contrary to Defendants' position, Exhibits 3, 8, and 25 were entered as exhibits, formed

21  the basis of questions, and were read partially into the record.   No privilege or work product

22  objections were ever lodged as to these specific exhibits.   Instead, Defendants now rely on a

23  generalized objection to an exhibit not currently in dispute.[1]  Docket No. 391 at 5 (citing Docket No.

24  391-2 at 4).  Parties, however, "cannot assert a general attorney-client privilege but must make a

25

---

26         [1]The generalized objection followed defense counsel's immediate objection to the
   introduction of Exhibit 35, which they subsequently clawed back.  Docket No. 391-2 at 4; *see also*
27  Docket No. 370-2 at 51.  Plaintiffs have not moved to compel reproduction of Exhibit 35.

28                                              - 4 -

1   specific objection to particular questions calling for privileged information." *United States v.*
2   *Quincy*, 852 F.2d 1290 (9th Cir. 1988). Defendants' generalized objection does not meet this
3   standard.

4          Further, Defendants' counsel did not object to the introduction of Exhibits 22 or 34. Instead,
5   he objected when Plaintiffs' counsel used the documents as a bridge to undercover other allegedly
6   privileged information. For instance, as to Exhibit 22, Defendants' counsel permitted questions
7   regarding Mr. Caddick's opinion, but objected when Plaintiffs inquired into whether Defendants
8   asked Mr. Caddick to revise his opinion. Docket No. 370-2 at 31. The only objection regarding the
9   privileged nature of the document itself was the deponent's belated remark, over fifty pages later,
10  after these documents were introduced and used during his deposition. Docket No. 370-2 at 26
11  (Exhibit 22 introduced at page 373); Docket No. 391-2 at 4 (Defendant O'Connell, not his counsel,
12  claiming Mr. Caddick's legal opinion – Exhibit 22 – is privileged at page 433). This objection was
13  untimely. *Cargill Inc. v. Budine*, 2008 WL 2856642, *2 (E.D. Cal. July 21, 2008) (finding objection
14  20 pages later to be untimely). Similarly, Defendants' counsel never objected to the introduction
15  of Exhibit 34 and instead only objected to questions surrounding the purpose and identity of an
16  individual referenced in Exhibit 34. *See* Docket No. 391-2 at 3. Otherwise, defense counsel
17  permitted questioning regarding Exhibit 34 to proceed, and interposed no further privilege or work
18  product objections. *See id.* By failing to raise timely objections to the introduction of these
19  documents and by permitting their use during the deposition, Defendants irrevocably and
20  permanently waived their present privilege claims.

21         Waiver of privilege does not necessarily result in waiver of work product protection. *Datel*
22  *Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, *7 (N.D. Cal. Mar. 11, 2011). However,
23  voluntarily testifying regarding protected information waives any claim to work product protection.
24  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (*United States v. Nobles*, 422 U.S. 225,
25  239-40 (1975)). Accordingly, the voluntary testimony regarding Exhibit 22 extinguished
26  Defendants' sole work product claim. *Nobles*, 422 U.S. 225, 239-40 ("Respondent can no more
27  advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials

28                                                    - 5 -

1    than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege

2    to resist cross-examination on matters reasonably related to those brought out in direct

3    examination").

4    **III.    CONCLUSION**

5             Accordingly, for the reasons discussed, Plaintiffs' motion to compel, Docket No. 370, is

6    **GRANTED**.  Plaintiffs' request for sanctions, however, is **DENIED**, as reasonable minds could

7    differ regarding the interaction between claw-back provisions and waiver by failure to object.

8    Defendants shall re-produce the disputed exhibits to Plaintiffs no later than July 19, 2016.

9             IT IS SO ORDERED.

10            DATED: July 5, 2016

11            _____

12            NANCY J. KOPPE
              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    - 6 -