**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLOGRAM USA INC., et al., ) | |
| ) | Case No. 2:14-cv-00772-GMN-NJK |
| Plaintiff(s), ) | |
| ) | ORDER ON MOTION TO |
| vs. ) | COMPEL |
| ) | |
| PULSE EVOLUTION CORPORATION, et al., ) | (Docket No. 384) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Defendants' motion to compel. Docket No. 384. The Court has considered Defendants' motion, Plaintiffs' response, and Defendants' reply. Docket Nos. 384, 396, 400. The Court finds this matter properly resolved without oral argument. *See* LR 78-1. For the reasons discussed below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.    Background**

On May 2, 2016, Plaintiffs responded to Defendants' second set of requests for production. Docket No. 384 at 3. After reviewing Plaintiffs' responses, Defendants' counsel conferred with Plaintiffs' counsel. *Id*. Plaintiffs stated that they would "consider" supplementing their responses. Docket No. 384-1 at 2-3. Plaintiffs did not provide supplemental responses. *Id*. On May 31, 2016, Defendants filed the present motion to compel. Docket No. 384. On the same day, Plaintiffs served supplemental responses "to avoid any unnecessary headaches[.]" Docket No. 396 at 2.

//

//

## II. Request for Production 85

Request for Production 85 calls for: "All documents evidencing [Plaintiffs'] marking of [their] products or services with the patent number of each Patent-in-Suit in compliance with 35 USC § 287." Docket No. 384-2 at 9.[1] Plaintiffs asserted a list of objections upon which they do not rely here and refused to produce responsive documents. *Id.*

Defendants contend that Plaintiffs should be compelled to provide documents responsive to this request. Docket No. 384 at 5-6. In response, Plaintiffs submit that they served a supplemental responses promising to "conduct a diligent search and produce any documents responsive to this request." *See, e.g.*, Docket No. 396-2 at 4. Plaintiffs, therefore, submit that Defendants' motion as it relates to this request is moot. Docket No. 396 at 3. Defendants reply that Plaintiffs' supplemental responses are insufficient to moot their motion because a "belated promise to search is not the same as actually producing all responsive documents." Docket No. 400 at 2.

The Court agrees with Defendants. Plaintiffs failed to provide Defendants with the discovery sought. Plaintiffs now offer, after discovery has concluded and a motion to compel has been filed, a promise to search for and produce responsive documents. An undertaking to produce documents is not equivalent to producing them and, thus, cannot defeat a motion to compel. *See, e.g.*, *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 655-56 (N.D. Cal. 2004). Additionally, Plaintiffs do not rely on their objections. Docket No. 396 at 3. Thus, they are overruled. *Garcia v. Clark*, 2012 WL 1232315, *2 (E.D. Cal. Apr. 12, 2012). Accordingly, as it relates to Request for Production 85, Defendants' motion to compel is **GRANTED**. Plaintiffs shall produce any and all documents responsive to Request for Production 85, or certify that none exist, no later than July 18, 2016.

## III. Request for Production No. 86

This request calls for: "All Documents evidencing [Plaintiffs'] contention that the fireproof mylar foil sold or offered for sale by [Defendants] has no substantial, non-infringing use." Docket No.

---

[1] Defendants have attached to their motion the requests for production and responses from only Plaintiff. Docket No. 384-2. They submit, however, that all Plaintiffs responded identically. Docket No. 384 at 3, n.1.

384-2 at 9. After asserting a list of objections upon which Plaintiffs do not rely here, Plaintiffs responded by referring Defendants "to the expert report of Dr. Paul Prucnal produced in this action on or about March 21, 2016 and any materials referenced therein." *Id.* at 10.

Defendants submit that Plaintiffs must be compelled to identify the responsive documents by Bates number. Docket No. 384 at 4. In their response, Plaintiffs submit that they served supplemental responses identifying responsive documents by Bates number. *See, e.g.*, Docket No. 396-2 at 5. Plaintiffs, therefore, contend that Defendants' motion as it relates to this request is moot. Docket No. 396 at 3-4. In reply, Defendants abandon their argument that Plaintiffs should be ordered to identify documents responsive to their request and, instead, argue that Plaintiffs' supplemental responses are defective. Docket No. 400 at 3.

"Where a party voluntarily provides the discovery that a motion to compel seeks, it moots the motion." *Santos v. Baca*, 2015 WL 6956643, *2 (D. Nev. Nov. 10, 2015) (citing *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012)). Defendants do not dispute that "Plaintiffs identify certain documents" responsive to their request. Docket No. 400 at 3. The motion to compel, as it pertains to this request, is therefore **DENIED** as moot. Defendants' attempt to attack the adequacy of Plaintiffs' responses for the first time reply is procedurally improper and constitutes a separate motion to compel filed without conferring with Plaintiffs. *Santos*, 2015 WL 6956643 at *3. The parties must engage in a proper meet and confer on this new issue prior to requesting Court involvement.

**IV.    Request for Production 87**

This request for production seeks: "All documents identifying each alleged customer to whom [Plaintiffs'] contend the UK Defendants falsely advertised." Docket No. 384-2 at 10. After asserting a list of objections upon which Plaintiffs do not rely here, Plaintiffs responded by referring Defendants "to the prior document productions made by the various parties in this case." *Id.* at 11.

Defendants submit that Plaintiffs should be compelled to identify these documents by Bates number. Docket No. 384 at 5. In response, Plaintiffs submit that they served supplemental responses identifying responsive documents by Bates number. *See, e.g.*, Docket No. 396-2 at 6. Therefore, Plaintiffs contend that Defendants' motion should be denied as moot. Docket No. 396 at 4. As with Request for Production 86, Defendants reply that the supplemental responses are inadequate, and ask

1 the Court to order Plaintiffs to produce all responsive documents. Docket No. 400 at 3. Accordingly, the motion to compel, as it pertains to this request, is **DENIED** as moot. *Santos*, 2015 WL 6956643 at *2. Defendants must engage in a proper meet and confer over this new issue prior to requesting Court involvement.

## V.     Sanctions

Generally, the Court must award sanctions against a party failing to comply with its discovery obligations if the requested discovery is provided after a motion to compel is filed. Fed.R.Civ.P. 37(a)(5)(A); *Morrison v. Quest Diagnostics Inc.*, 2016 WL 355120, *4 (D. Nev. Jan. 27, 2016). Defendants, however, only requested sanctions in reply, depriving Plaintiffs of an opportunity to respond to their request, including the opportunity to establish the applicability of the exceptions in Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii). Accordingly, Defendants' request for sanctions is **DENIED** without prejudice.

## VI.    Conclusion

Accordingly, Defendants' motion to compel, Docket No. 384, is **GRANTED** in part and **DENIED** in part. Defendants' motion to compel is **GRANTED** as to Request for Production 85. Plaintiffs shall produce any responsive documents to this request, or certify that none exist, no later than July 18, 2016. Defendants' motion to compel is **DENIED** as moot as to Requests for Production 86 and 87. Defendants' request for sanctions is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: July 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge