**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLOGRAM USA, INC., et al., ) | Case No. 2:14-cv-00772-GMN-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket No. 383) |
| PULSE EVOLUTION CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court is a motion to strike Plaintiffs' supplemental expert report filed by Defendants Ian Christopher O'Connell, Musion Events Ltd., and Musion 3D Ltd. Docket No. 383. Plaintiffs filed a response, and Defendants filed a reply. Docket Nos. 397, 401. The Court finds the motion properly resolved without oral argument. *See* LR 78-1. For the reasons discussed more fully below, the Court hereby **GRANTS** Defendants' motion to strike.

**I.   Background**

This dispute arises from a patent case involving an apparatus used to create hologram-like performances. Docket No. 397 at 3. Both Plaintiffs and Defendants make devices that project an image onto a transparent surface to create what appears to be a three-dimensional person. *Id.*

On March 18, 2014, an apparatus was allegedly used to create Michael Jackson's hologram-like performance at the Billboard Music Awards in Las Vegas ("BMA Device"). *See, e.g.*, Docket No. 188 at 8. Plaintiffs' Second Amended Complaint alleges that the performance infringed their patents. *See*

*id.* Plaintiffs further allege that Defendants offer to sell – and have sold – other infringing devices, the Musion Eyeliner System ("Eyeliner System"), in the United States. *See id.* at 17-18.

On March 18, 2016, Plaintiffs served the Initial Expert Report of Paul Prucnal, Ph.D. Docket No. 383 at 2. Plaintiffs concede that: "Dr. Prucnal did not include an analysis of the BMA Device in the Initial Expert Report." Docket No. 397 at 5. On April 11, 2016, Defendants filed a motion for partial summary judgment, contending that Plaintiffs failed to identify an allegedly infringing device within the United States. *See* Docket No. 362 at 6-9. On April 19, 2016, the parties served their rebuttal expert reports. Docket No. 383 at 2. On May 10 or 18, 2016,[1] Plaintiff served a supplemental report by Dr. Prucnal that, for the first time, addressed the alleged infringement of the BMA Device. Docket No. 383 at 2; Docket No. 397 at 5. Plaintiffs submit that "the sole purpose" of Dr. Prucnal's supplemental report is to rebut Defendants' claim that Plaintiffs have failed to identify "any specific embodiments of the accused Eyeliner System in the United States." Docket No. 397 at 8.

**II.     Standards**

A party must disclose the identity of any expert witness it intends to use at trial. Fed.R.Civ.P. 26(a)(2)(A). For experts specially employed to give expert testimony, a party must provide a detailed written report. Fed.R.Civ.P. 26(a)(2)(B); *see also Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998). Rule 26(e) governs the supplementation of those reports. *See Burger v. Excel Contractors*, 2013 WL 5781724, *2 (D. Nev. Oct. 25, 2013). Rule 26(e) requires supplementation of an initial expert report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed.Civ.P. 26(e)(1)(A).

Rule 26(e) "creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 496, 500 (9th Cir. 2009). Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)). It is

---

[1] The parties cite different dates as to when the supplemental report was served. *See* Docket No. 383 at 2 (May 18, 2016); Docket No. 397 at 5 (May 10, 2016). For the purposes of resolving this motion, however, it does not matter which of the two cited dates is the correct date.

not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.* In sum, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report[.]" *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (citation omitted). To allow these types of supplemental reports:

> would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

*Id. See also Keener*, 181 F.R.D. at 641 ("To countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse. The experienced expert could simply 'lie in wait' so as to express his genuine opinions only after [the opposing party] discloses hers").

Where a supplemental expert report does not comply with Rule 26(e), courts turn to Rule 37(c) to determine whether sanctions are appropriate for the party's non-compliance. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 640-41 (D. Haw. 2008). "Rule 37(c) 'gives teeth' to the requirements of Rule 26(e)[.]" *Burger*, 2013 WL 5781724 at *4 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "Generally, the exclusion penalty is 'self-executing' and 'automatic.'" *Id.* (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008)).

A party may avoid sanctions only by showing its failure to disclose was substantially justified or harmless. *See Yeti*, 259 F.3d at 1107 (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). The factors that guide the determination of whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) ability of that party to cure the prejudice; (3) likelihood of disruption of the trial; and (4) bad faith or wilfulness involved in not timely disclosing the evidence.

*Burger*, 2013 WL 5781724 at *4 (citation omitted). However, exclusion of expert testimony does not require a finding of willfulness or bad faith. *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (requirement does not apply because such sanctions, although onerous, are less than a dismissal).[2]

### III. Analysis

Plaintiffs' supplemental expert report fails to meet the requirements of Rule 26(e). Plaintiffs were clearly aware of the BMA device at the time Dr. Prucnal's initial expert report was served. On May 14, 2014, the Court granted an emergency site inspection of the BMA device. Docket No. 24. The device is discussed at length in the operative complaint, filed on January 30, 2015. *See, e.g.*, Docket No. 188 at 8-11. Further, it is meticulously diagrammed in Plaintiffs' preliminary infringement contentions. *See, e.g.*, Docket No. 306-5, 306-6, 306-7, 306-8. In short, the BMA Device has played a central role in this case. Information regarding the BMA Device was therefore clearly available to Plaintiffs at the time of their initial disclosure of Dr. Prucnal's report. Yet, Plaintiffs admit that: "Dr. Prucnal did not include an analysis of the BMA Device in the Initial Expert Report." Docket No. 397 at 5. Accordingly, because the supplemental information was available well before the disclosure deadline, the supplemental report was improper under Rule 26(e). *Burger*, 2013 WL 5781724 at *3.

Contrary to contending that new information or incorrectness required supplementation, Plaintiffs argue that "the sole purpose of Dr. Pruncal's Supplemental Report is to *rebut* the facetious claim that Plaintiffs have not identified any specific embodiments of the accused Eyeliner System in the United States." Docket No. 397 at 8 (emphasis in original). The Ninth Circuit has directly held, however, that supplementation is not a loophole through which parties may revise their disclosures in light of their opponents' challenges. *Luke*, 323 Fed.Appx. at 500. Accordingly, Plaintiffs' own statement is, in effect, an admission that sole purpose of the supplemental report was improper. *Id*.

The Court next turns to the question of sanctions under Rule 37(c). Dr. Prucnal's initial report completely omits discussion of the central device in this case. His subsequent "supplement" of that

---

[2] Although the parties fail to address choice of law, the Ninth Circuit's law controls. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1368 (Fed. Cir. 2006) (applying Ninth Circuit standard to exclusion of supplemental expert report).

4

report attempts to correct that omission after the rebuttal expert disclosure deadline and on the twilight of the discovery period. This behavior demonstrates a disregard for the Rules, the Court, and the opposing parties. *Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 420401, *5 (D. Nev. Jan. 31, 2013) (finding improper supplementation to be the same); *Shakespear v. Wal-Mart Stores, Inc.*, 2013 WL 3491172, *8 (D. Nev. July 10, 2013) (finding improper 'supplement' ran contrary to the purpose of federal rules' goal to "eliminate trial by ambush, and allow the parties to evaluate the merits of their respective claims and defenses"). Accordingly, the Court finds that Plaintiffs have failed to establish that their initial non-disclosure and subsequent attempt to correct that non-disclosure were harmless or substantially justified.

Plaintiffs argue that the supplemental report was substantially justified because they wanted to rebut what Defendants contend are deficiencies in Dr. Pruncal's initial report. Docket No. 397 at 8. As discussed above, the "sole purpose" of the supplemental report was one which has been directly disapproved by the Ninth Circuit. Docket No. 387 at 8; *Luke*, 323 Fed.Appx. at 500. Accordingly, the Court finds that the supplemental report was not substantially justified.

Next, Plaintiffs submit that Defendants "could not have been surprised or prejudiced" by the supplemental report because Defendants' expert specifically discusses the BMA Device and, thus, "it should hardly come as a surprise that Plaintiffs supplemented their expert opinions to include a discussion of this device as well[.]" Docket No. 397 at 8. The Court is not persuaded. The difference between the two disclosures is dramatic, as the former omits entirely any reference to BMA Device while the latter's conclusions regarding domestically infringing apparatuses is based solely on the BMA Device. Docket No. 397 at 8 (conceding supplement was necessitated by lack of example of accused instrumentality in United States). To allow such a variation in response to Defendants' motion for partial summary judgment would be granting Plaintiffs' expert an unfair opportunity to fix his failure to disclose an entire device after the expiration of both expert disclosure deadlines. The prejudice that would result is clear.

The Court rejects Plaintiffs' argument that granting Defendants leave to respond to Plaintiffs' supplement would cure any prejudice. Docket No. 397 at 9 n.7. Plaintiffs' proposed solution makes

clear the problems caused by its supplemental report. As in *Beller*, allowing untimely initial expert reports undermines the finality of expert reports, as each new 'supplement' would require consultation with one's own expert and the issuance of a competing 'supplemental' report, hindering disposition of this case. *Beller*, 221 F.R.D. at 695. In any event, further supplementation would still prejudice Defendants by allowing Plaintiffs to supplement intentionally omitted, previously available information in order to defeat Defendants' summary judgment arguments.

Also, Plaintiffs contend that their late disclosure was harmless because the probability is low that their late disclosure will disrupt trial. Docket No. 397 at 9. The Ninth Circuit, however, has held that, "even though the ultimate trial date was still some months away[,]" late supplemental disclosures are not harmless where parties disregard the Court's clear scheduling orders. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) (rejecting that untimely disclosure of expert witness was harmless). *See also Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) ("When the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, we have held that '[d]isruption to the schedule of the court and other parties is not harmless,' even if, as here, 'the ultimate trial date was still some months away'") (internal citation omitted). Plaintiffs thwarted both the initial disclosure deadline and the rebuttal expert deadline, despite having received numerous extensions. "Disruption to the schedule of the court and other parties in that manner is not harmless." *Wong*, 410 F.3d at 1062.

Finally, Plaintiffs contend the supplemental report was not submitted in bad faith. The Court, however, need not reach the issue. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106 (bad faith requirement not applicable to exclusion of expert report). As Defendants' motion concerns only Dr. Pruncal's supplemental report, it is far removed from a dismissal sanction and less severe than the exclusion of an entire expert report, as in *Yeti*.

Accordingly, Defendants' request to strike Plaintiffs' supplemental report is **GRANTED**.[3]

---

[3] Defendants also attack the substance of the supplemental report and contend that the supplemental report should be stricken on that additional basis. Docket No. 383 at 7-12. The Court has already ruled that such arguments are premature and, therefore, the Court finds these arguments unpersuasive. *See* Docket No. 404.

## IV. Conclusion

For the reasons discussed more fully above, Defendants' motion to strike Plaintiffs' supplemental expert report, Docket No. 383, is **GRANTED**. Dr. Pruncal's supplemental report is **STRICKEN** and Dr. Pruncal shall be prohibited from testifying regarding the BMA Device. Defendants' request for additional monetary sanctions was undeveloped and therefore is **DENIED**.

IT IS SO ORDERED.

DATED: July 21, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge