UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLGRAM, USA, INC., | Case No. 2:14-cv-00772-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 431) |
| GLOBAL CASH ACCESS, INC., | |
| Defendant(s). | |

Pending before the Court is the UK Defendants' Response to the Court's September 26, 2016 Order to Show Cause. Docket No. 431. In compliance with the Court's order, Docket No. 430, Defendants filed a declaration supporting Plaintiffs' motion to seal. Docket No. 431. The motion discusses Exhibits 1-10 to the Supplemental Declaration of May Chan ("Chan Declaration"). *See, e.g.*, Docket No. 423 at 4.[1] Defendants indicate that Exhibits 1, 4, and 6-10 to the Chan Declaration can be filed unsealed, but maintain that Exhibits 2, 3, and 5 should remain under seal. Docket No. 431 at 3.

---

[1] The parties' page numbering is inconsistent with CM/ECF's page numbering. This order refers to page numbers as designated by CM/ECF.

## I. STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013

U.S. Dist Lexis 68298, at *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II.  ANALYSIS

The pending motion, Docket No. 423, seeks to seal three exhibits attached to summary judgment briefing, which triggers the "compelling reasons" standard. Defendants' declaration in support of the motion, Docket No. 431, identifies the type of information at issue in each document, including confidential customer information, sales and payment terms, and licensing fees and terms. *See, e.g.*, *id.* at 2. Defendants also provide declaratory evidence indicating that public release of the information would be harmful and specifying the type of harm that would arise, including harm to Defendants' competitive standing in the marketplace. *See id.* at 3; *id.*, Exhibit A. In addition, Defendant submits that Exhibits 2, 3, and 5 to the Chan Declaration cannot be easily redacted while leaving meaningful information available to the public. *See id.* at 2. Based on the specifically articulated showings made in Defendants' response and declaration, the Court **GRANTS** the motion to seal, Docket No. 423, as it relates to the following documents:

- **Exhibit 2** to the Chan Declaration (Docket No. 425-1)
- **Exhibit 3** to the Chan Declaration (Docket No. 425-2)
- **Exhibit 5** to the Chan Declaration (Docket No. 425-4)

**III.    CONCLUSION**

For the reasons outlined above, the motion to seal, Docket No. 423, is hereby **GRANTED** in part and **DENIED** in part.  Exhibits 2, 3, and 5 to the Chan Declaration shall remain under seal. Exhibits 1, 4, and 6-10 to the Chan Declaration shall not be filed under seal.  No later than October 12, 2016, Plaintiffs shall file Exhibits 1, 4, and 6-10 on the public docket.  The Court's Order to Show Cause, Docket No. 430, is hereby **DISCHARGED**.

IT IS SO ORDERED.

DATED: October 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge