UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOLOGRAM USA, INC., *et al.*,   )
                                )
                    Plaintiffs, )   Case No.: 2:14-cv-0772-GMN-NJK
        vs.                     )
                                )   **ORDER**
PULSE EVOLUTION CORPORATION, *et al.*, )
                                )
                    Defendants. )
_____)

Pending before the Court is the Motion to Strike, (ECF No. 360), filed by Plaintiffs Hologram USA, Inc., Uwe Maass, and MDH Hologram Limited ("Plaintiffs"). Defendants/Counterclaimants Ian Christopher O'Connell, Musion 3D Ltd., and Musion Events Ltd. ("UK Defendants") filed a Response, (ECF No. 369), and Plaintiffs filed a Reply, (ECF No. 377). For the reasons discussed below, the Court GRANTS in part and DENIES in part Plaintiffs' Motion.

## I.     BACKGROUND

This case centers upon allegations that UK Defendants have infringed several of Plaintiffs' patents. In their Second Amended Complaint ("SAC"), Plaintiffs claim that they obtained the exclusive rights to patented technology that creates three-dimensional images which are virtually indistinguishable from real performers ("hologram technology") in February 2014. (SAC ¶¶ 2, 10, ECF No. 188).

Plaintiffs allege that UK Defendants offer to sell and have sold an infringing device, the Musion Eyeliner holographic projection systems ("Eyeliner Systems"), into the United States. (*See e.g.*, *id.* ¶ 2); (Ex. O to Pls.' Mot. Compel at 3, ECF No. 306-5). Based on these

allegations, the SAC states that UK Defendants directly and indirectly infringed three separate patents belonging to Plaintiffs: U.S. Patent Nos. 5,865,519 ("the '519 patent"); 7,883,212 ("the '212 patent"); and 8,328,361 ("the '361 patent) (collectively "the Asserted Patents"). (*Id.* ¶¶ 59-80). The SAC also sets forth claims for willful infringement, active inducement, contributory infringement, injunctive relief, intentional interference with prospective economic advantage, breach of fiduciary duty, false advertising, and unfair competition. (*Id.* ¶¶ 81-136).

On June 22, 2015, UK Defendants filed an Answer to the SAC, setting forth fifteen counterclaims against Plaintiffs and purporting to add two new parties as counterclaimants. (*See* Ans., ECF No. 245). UK Defendants' Answer alleged, *inter alia*, that Plaintiffs lack standing to assert infringement of the Asserted Patents. (*Id.* 19:13). Specifically, UK Defendants allege that Musion IP Limited ("MIP"), an entity partially owned by Defendant O'Connell, received all right, title, benefit, and interest to the Asserted Patents by assignment on May 29, 2013 ("MIP Assignment"). (*Id.* 12:12–23, 13:20–14:3, 28:2–19).

On July 30, 2015, UK Defendants filed a Motion to Sever, (ECF No. 258), asking the Court to sever their counterclaims as well as Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 21. Before the Court rendered a decision on the Motion, UK Defendants filed a First Amended Answer and Counterclaims ("FAAC") pursuant to Rule 15(a)(1)(B). (FAAC 2:1–3, ECF No. 101). The FAAC asserted two new counterclaims including a declaratory judgment

> regarding the true ownership of the patents in suit and the nature and scope of rights related thereto, and a declaration of rights . . . to establish (among other things) that Plaintiffs do not own exclusive rights to the patents in suit, that instead the UK Defendants own and/or hold perpetual, irrevocable licenses to the patents in suit, that Plaintiffs lack standing to bring this lawsuit and that the UK Defendants are not liable for infringement of the patents in suit or any of Plaintiffs' claims.

(FAAC 98:18–25).

1   The Court granted in part and denied in part UK Defendants' Motion to Sever. (Order 4:14–15). In particular, the Court denied UK Defendants' request to sever Plaintiffs' claims against them but granted the request to sever the counterclaims set forth in UK Defendants' Answer and FAAC. (*Id.* 4:11–20). The Court ordered UK Defendants to file a second amended answer in this case and to file a separate case to assert their counterclaims. (*Id.*). Pursuant to the Court's Order, UK Defendants filed a Second Amended Answer and Counterclaims ("SAAC"), which asserts two counterclaims: (1) declaratory judgment of non-infringement of the Asserted Patents; and (2) declaratory judgment for validity of the MIP Assignment. (SAAC 27:16–28:16, ECF No. 249). In the instant Motion, Plaintiffs ask the Court to strike these counterclaims. (*See* Mot. to Strike, ECF No. 360).

## II.  LEGAL STANDARD

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy. *See, e.g.*, *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); *Sorenson v. Countrywide Home Loans, Inc.*, 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010). "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

### III. DISCUSSION

UK Defendants' first counterclaim of noninfringement is inextricably intertwined with the present suit and thus survives. Aside from conclusory allegations, Plaintiffs cite no prejudice from inclusion of this counterclaim. Further, district courts routinely hold that a declaratory judgment claim for noninfringement is a compulsory counterclaim to claims of infringement of the same patent. *See, e.g.*, *Oplink Commc'ns, Inc. v. Finisar Corp.*, No. 11-cv-2361-EMC, 2011 WL 3607121, at *2 (N.D. Cal. 2011); *cf. Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999). UK Defendants' first counterclaim is therefore not duplicative of Plaintiffs' claims. *See Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016) ("Absent defendant's [noninfringmeent] counterclaim, if events reveal that this case is meritless, [plaintiff] could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, he will be able to press his counterclaim."). Accordingly, the Court denies Plaintiffs' Motion to Strike with respect to UK Defendants' first counterclaim.

Regarding the second counterclaim, UK Defendants appear to have understood that the Severance Order severed the MIP counterclaim. Indeed, the Complaint filed by UK Defendants and MIP pursuant to the Severance Order requests that the Court enter judgment that "assignments . . . of the '212 patent, the '361 patent and certain other intellectual property rights to MIP be declared valid." Compl., *O'Connell v. Hologram USA, Inc.*, No. 2:16-cv-00557-GMN-NJK (D. Nev. Mar. 13, 2016). Further, the MIP counterclaim is redundant of UK Defendants' Third Affirmative Defense that "Plaintiffs lack standing to bring this lawsuit for patent infringement." (SAAC 24:14–15, ECF No. 349); *see also Houston Cas. Co. v. Crum & Forster Ins. Co.*, No. 1:16-cv-535-LJO-EPG, 2016 WL 4494444, at *5 (E.D. Cal. Aug. 25, 2016) (striking counterclaim as redundant of affirmative defense). Moreover, the Court agrees

that UK Defendants lack standing to assert claims on behalf of non-party MIP. *See EMI Ltd. v. Bennett*, 738 F.2d 994, 997 (9th Cir. 1984) (holding "a shareholder does not have standing to redress an injury to the corporation in which it holds stock" unless the shareholder can "assert more than personal economic injury resulting from a wrong to the corporation"). The Court therefore strikes UK Defendants' second counterclaim. In light of the late stage of this case and UK Defendants' opportunity to assert this claim in Case No. 2:16-cv-00557-GMN-NJK, the Court will not allow leave to amend.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike, (ECF No. 360), is **GRANTED in part** and **DENIED in part**. UK Defendants' second counterclaim is hereby **STRICKEN** without leave to amend.

**DATED** this __31__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court